UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**PATRICK DONOHUE,** as Parent and Natural
Guardian of **S.J.D.,** and **PATRICK DONOHUE**,
**Individually**;

**TANISHA ALLEN,** as Parent and Natural Guardian of
**T.A.,** and **TANISHA ALLEN, Individually**;

**KEISHA ARCHIBALD,** as Parent and Natural Guardian
of **N.A.,** and **KEISHA ARCHIBALD, Individually**;

**MARILYN BECKFORD,** as Parent and Natural Guardian
of **M.B**., and **MARILYN BECKFORD, Individually**;

**DONNA CORNETT**, as Parent and Natural Guardian of
**J.B.,** and **DONNA CORNETT, Individually;**

**MAYTINEE BIRD**, as Parent and Natural Guardian of
**H.C**., and **MAYTINEE BIRD, Individually**;

**LYNN CHAPERON**, as Parent and Natural Guardian
of **A.C**., and **LYNN CHAPERON, Individually**;

**LINDA LARACH-COHEN**, as Parent and Natural
Guardian of **M.C.,** and **LINDA LARACH-COHEN**,
**Individually**;

**CRYSAL CROSLEY**, as Parent and Natural Guardian
of **Z.C.,** and **CRYSAL CROSLEY, Individually**;

**CAROLYN MASON**, as Parent and Natural Guardian of
**A.D.,** and **CAROLYN MASON, Individually;**

**NEYSHA CRUZ**, as Parent and Natural Guardian of
**O.F.,** and **NEYSHA CRUZ, Individually**;

**NAHOKO MIZUTA**, as Parent and Natural Guardian
of **Y.M.,** and **NAHOKO MIZUTA, Individually**;

**DOROTHY NESKE**, as Parent and Natural Guardian
of **A.N.,** and **DOROTHY NESKE, Individually**;

**SVETLANA KHANIMOVA**, as Parent and Natural
Guardian of **Y.N.,** and **SVETLANA KHANIMOVA**,
**Individually**;

**JUMOKE OGUNLEYE**, as Parent and Natural
Guardian of **D.O**., and **JUMOKE OGUNLEYE**,
**Individually**;

**IRIS RUCKER-TORIBIO**, as Parent and Natural
Guardian of **A.R**., and **IRIS RUCKER-TORIBIO**,

**PROPOSED CLASS
ACTION COMPLAINT &**

**REQUEST FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

**22-cv-08998**

**Individually**;

**ALEXANDRA FIALLOS**, as Parent and Natural Guardian of **L.V.,** and **ALEXANDRA FIALLOS**, **Individually**;

**SVETLANA KHANIMOVA**, as Parent and Natural Guardian of **R.N.,** and **SVETLANA KHANIMOVA**, **Individually**;

Plaintiffs,

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education; **NEW YORK CITY DEPARTMENT OF EDUCATION;** and **BRAD LANDER,** in his official capacity as Comptroller of the City of New York,

Defendants.

-------------------------------------------------------------**X**

  **PLAINTIFFS**, as Parents and Natural Guardians of their respective minor children, and Individually, as and for their Proposed Class Action Complaint, allege as follows:

**PRELIMINARY STATEMENT**

1. Under the Individuals with Disabilities Education Act ("IDEA"), each State and its public agencies must ensure that a free appropriate public education ("FAPE") is made available to eligible children with disabilities and that the rights and protections in IDEA are extended to those children and their parents. 34 C.F.R. § 300.101(a), 300.100 and 300.201.

2. The procedural rights and protections under the IDEA include dispute resolution mechanisms such as the filing of a State complaint, mediation, and the filing of a Due Process Complaint ("DPC") to request a hearing, and to appeal a final hearing decision to the State educational Agency (SEA), if applicable, or to an appropriate State or Federal Court. 34 C.F.R. § 300.151-300.153, 300.506, and 300.507-300.516.

3.   The maintenance of a student's current educational placement provision ("stay-put") prohibits unilateral changes to a student's placement during the Pendency of certain proceedings. 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518. *See also* N.Y. Educ. Law § 4404 (McKinney).

4.   20 U.S.C. § 1415(j) is also known as the IDEA's Pendency provision.

5.   § 1415 (j), titled **Maintenance of current educational placement**, provides "Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed."

6.   When a parent files a DPC, or a request for a Due Process Hearing in which a student's current educational placement is one of the issues, or the sole issue in dispute, and the parent invokes the stay-put or pendency provision, the Student's then-current educational placement must be determined.

7.   When the Student's then-current educational placement is not disputed, a school district should implement the stay-put provision automatically.

8.   Pendency should, in all cases in which there is no dispute of law or fact between the parties, be self-enforcing.

9.   Pendency is an obligation on the part of the school district to not change the Student's existing program and, under the New York State Constitution and the Compulsory Education Law, constitutes an ongoing entitlement of the Student and family.

10. A parent need not do anything whatsoever—no claim made, no petition entered, no Order issued, no agreement entered—unless there is a dispute about what constitutes Pendency in a particular case.

11. Where no dispute exists as to what constitutes a Student's Pendency, the Student has a seamless entitlement to continue in their existing placement. N.Y. Educ. Law § 3202 (McKinney); 34 C.F.R. § 300.518(a).

12. In this sense, Pendency provision is even more automatic than an 'automatic stay-put injunction and is even more immediate—than immediate.

13. Pendency represents a school district's continuing obligation to maintain a Student's then-current educational placement from one school year into the next.

14. When a Student's Pendency is at a private school, the school district must pay for that placement—financing goes hand-in-hand with pendent private-school placement.

15. When the current educational placement is not in dispute and parents believe that the school district's delay or failure to maintain the current educational placement amounts to a denial of FAPE, parents may use appropriate dispute resolution mechanisms or judicial enforcement to maintain their child's current educational placement.

16. Judicial enforcement of the current placement is an appropriate remedy because the IDEA's pendency or stay-put provision functions as "an automatic preliminary injunction," creating "an absolute rule in favor of the status quo." *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

17. Plaintiffs PATRICK DONOHUE, TANISHA ALLEN, KEISHA ARCHIBALD, MARILYN BECKFORD, DONNA CORNETT, MAYTINEE BIRD, LYNN CHAPERON, LINDA LARACH-COHEN, CRYSAL CROSLEY, CAROLYN MASON, NEYSHA

CRUZ, NAHOKO MIZUTA, DOROTHY NESKE, SVETLANA KHANIMOV, on behalf of their disabled children, and Individually, and all others similarly situated ("Class Representatives"), bring this class action for Declaratory and Injunctive relief, to enforce the Plaintiffs' Pendency rights and the Pendency rights of the putative class, under, *inter alia*, the IDEA, 20 U.S.C. § 1415, *et seq*., § 1415(j).

18.   Under the IDEA, a claim for tuition funding under the stay-put provision is evaluated independently of the claim for tuition reimbursement because of the inadequacy of an Individualized Education Program ("IEP").

19.   The stay-put provision represents Congress' policy choice that all disabled children, whether or not their case is meritorious, are to remain in their current educational placement until the dispute is resolved.

20.   If a placement is challenged and the state administrative bodies fail to render expeditious decisions about a child's educational placement, § 1415(e)(2) empowers the district court to assume jurisdiction over the review process and render a final determination. *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 73–74 (2d Cir. 1991).

21.   Once the Pendency placement is established, a school district is legally obligated to continue making payments to preserve the Student's status-quo educational placement.

22.   The Pendency, or stay-put provision of the IDEA, aims to provide a disabled Student with stability and consistency in their education while the proceedings occur.

23.   Defendants, **DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education, and **NEW YORK CITY DEPARTMENT OF EDUCATION**, collectively "NYCDOE", maintain a policy and practice of not complying

with the IDEA's Pendency provision, particularly the automatic nature of the Pendency provision.

24. Rather than automatically implement a Student's Pendency, where such Pendency is uncontested, NYCDOE withholds placement, payment, and other implementation until made to comply with the Pendency provision.

25. The NYCDOE has, for many years, shirked its initial pendency obligation and refused to identify what it considers a Student's Pendency to be unless and until an IHO or Court intervenes.

26. Even where the NYCDOE signs an agreement or Pendency Implementation Form identifying a Student's Pendency, NYCDOE fails to implement and fund such Pendency in a timely manner.

27. The NYCDOE maintains a policy and practice in contravention of the IDEA of requiring parents, or a Student's private school and related services providers, to "invoice" the NYCDOE or follow instructions on the NYCDOE's website for "vendors" for obtaining payment, before implementing Pendency—NYCDOE takes no affirmative action to fulfill its obligations under the IDEA.

28. The NYCDOE, with the acquiescence of the New York State Department of Education, has engaged in a process and maintains a policy and practice in contravention of the law and the IDEA in that it has adopted as a stop-gap measure to address its systemic refusal to comply with the Pendency laws and rules in general.

29. The NYCDOE's unlawful, illegal process, adopted in contravention of the IDEA, as it should not be necessary, requires a Complainant to file a proposed pendency agreement.

30. Once the Parent or Complainant files a proposed Pendency agreement, the NYCDOE's policy and practice require the school district to review that agreement and, if the school district consents, to sign off on the agreement.

31. Once the agreement is signed, the NYCDOE has the District process the agreement in place of a Pendency order, as an agreement that NYCDOE claims should be enforceable in the same manner as an order in State or Federal court.

32. If the NYCDOE District fails to enter into such an agreement proposed by the Parent or Complainant, then the New York State Department of Education has directed IHOs in New York City to initiate a Pendency hearing and issue a Pendency Order, even though no order should be necessary under the IDEA's Pendency/stay-put provision.

33. Defendants' failure to provide Pendency to Student-Plaintiffs at educational placements when the Pendency placement has been found to be appropriate violates Plaintiffs' rights as set forth below.

34. Defendants' failure to provide Pendency to Student-Plaintiffs at the educational placement when Defendants *agree* to the pendency placement violates Plaintiffs' rights and the law.

35. Defendants' failure to comply with IDEA's Pendency or stay-put provision violates the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401 (McKinney), *et seq.*, and the regulations promulgated thereunder.

36. Defendants' failure to maintain each Student-Plaintiff in their then-current educational placement, or their Pendency placement/program, and their failure to fund such Pendency placement timely, consistent with the IDEA, violates the Plaintiffs' rights under the Due

Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401, *et seq.*, and the regulations promulgated thereunder.

37. The acts and omissions complained of below point to the system-wide failure of Defendants to establish a policy and procedure for the timely and effective implementation of a Student's Pendency placement/program, including funding the same.

38. Plaintiffs and putative class members seek, *inter alia*, the enforcement of their Pendency rights, placements, and funding; a Preliminary Injunction or, in the alternative, an Order under the IDEA requiring the Defendants to fully implement and fund each Student's and each class member's Pendency placement, and make all outstanding payments without delay; and an Order directing the Defendants to develop an impartial due process compliance system to ensure that disabled children and their parents are not denied their right to automatic Pendency where a Student's Pendency placement is uncontroverted, as contemplated by § 1415(j) of the IDEA.

39. Plaintiffs also seek the appointment of a Special Master or other individual to oversee and implement the Student-Plaintiff's Pendency and the Pendency of those other disabled Students similarly situated, during the course of this proceeding and otherwise, as directed by the Court.

40. The IDEA grants the Court equitable powers and allows this Court to grant such relief as the Court determines appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii).

41. In actions brought under Section 1415 of the IDEA, a court has the discretion to grant such relief as the Court determines appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii). *Soria v. New York*

*City Dep't of Educ.*, 397 F. Supp. 3d 397, 406 (S.D.N.Y. 2019), *vacated and remanded,* 831 F. App'x 16 (2d Cir. 2020).

42.   The Court may also issue such an order under § 1415(j) of the IDEA.

43.   Plaintiffs have exhausted all administrative remedies.

44.   Plaintiffs need not exhaust administrative remedies, as in Pendency-related matters.

## JURISDICTION AND VENUE

45.   Under the IDEA, federal funds are offered to States in exchange for a commitment to provide a FAPE to all children with physical and intellectual disabilities. See 20 U.S.C. § 1400(3)(A)(i) (listing covered disabilities).

46.   This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq*.), and the United States Department of Education regulations promulgated under authority granted by statute. (34 C.F.R. Part 300).

47.   This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, in that these claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims arise under laws protecting civil rights, and under 42 U.S.C. § 1983.

48.   Even if this case involves questions of special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

49.   Plaintiffs also seek declaratory relief under 28 U.S.C. § 2201 and § 2202.

50.   Under 28 U.S.C. § 1391(b), venue is properly placed within the Southern District of New York, in that Defendants maintain a business office in New York County.

51.   Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i) if found to be prevailing parties.

## LEGAL FRAMEWORK

52. The IDEA, 20 U.S.C. § 1401, *et seq.*, is a comprehensive scheme passed by Congress to rectify grave deficiencies in the educational opportunities afforded students with disabilities and to "assure that all children with disabilities have available to them a free appropriate public education which emphasized special education and related services designed to meet their unique needs, [and] to assure that the rights of children with disabilities and their parents or guardians are protected." 20 U.S.C. § 1400(d)(1)(A) and (B).

53. Upon information and belief, Defendants receive federal funds under the IDEA. 20 U.S.C. § 1400-1487.

54. Federal funds are offered to States in exchange for a commitment to provide a FAPE to all children with physical and intellectual disabilities.

55. As recipients of federal funds, Defendants have the responsibility to "establish and maintain procedures. .. to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate education." 20 U.S.C. § 1415(a).

56. The IDEA's procedural rights and protections include dispute resolution mechanisms such as the filing of a State complaint, mediation, and the filing of a Due Process Complaint ("DPC") to request a hearing and to appeal a final hearing decision to the SEA, if applicable, or to an appropriate State or Federal Court.. 34 C.F.R. § 300.151-300.153, 300.506, and 300.507-300.516.

57. One of the procedural safeguards provided to parents under the IDEA is the opportunity for an impartial due process hearing to present complaints concerning any matter relating to the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(6), 1415(f).

58.  The hearing must be conducted by the SEA or the Local Educational Agency ("LEA"), as determined by State law or the State educational agency. 20 U.S.C. § 1415(f).

59.  New York State law authorizes an aggrieved parent to file for a hearing with the LEA, or the local school district, which is then responsible for assigning a hearing officer, scheduling a hearing, and providing a location for the hearing. See N.Y. Educ. Law § 4404(1); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5.

60.  Fundamental to the IDEA's due process structure are strict timelines for holding impartial hearings and issuing decisions.

61.  Filing a DPC triggers a 30-day "resolution period," during which the LEA must have a settlement meeting with the parent within 15 days of receiving a complaint. 34 C.F.R. § 300.510(a); see also 20 U.S.C. § 1415(f)(1)(B).

62.  If the LEA does not resolve the DPC to the parent's satisfaction by the close of the 30-day resolution period, the matter goes to an impartial hearing. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(b)(1). "[A]ll applicable timelines" for such a hearing commence at the end of the resolution period. 20 U.S.C. § 1415(f)(1)(B)(ii).

63.  Federal regulation requires that "[a] final decision is reached in the hearing" and the decision is provided to the parties "not later than 45 days after the expiration of the" resolution period. 34 C.F.R. § 300.515(a).

64.  In other words, in the ordinary course, the DPC must be fully heard and resolved at the hearing officer level within 75 days.

65.  New York State law also imposes time constraints on holding hearings for and deciding due process complaints and prohibits the appointment of impartial hearing officers unable to meet the statutory deadlines. 8 NYCRR § 200.5(j)(3)(i)(b).

66. Under State regulations, absent exceptional circumstances, the hearing decision "is due not later than 45 days" after the resolution period. *Id.* § 200.5(j)(5); *see also* §§ 200.5(j)(2)(v)(b), 200.5(j)(3)(iii)(b).

67. State law further protects parents' right to timely due process determinations by, for example, requiring that a hearing or pre-hearing conference be scheduled within the first fourteen days after the federally-mandated resolution period ends. *Id.* § 200.5(j)(3)(iii)(b).

68. A parent must wait up to 45 days to receive a decision. N.Y. Educ. Law § 4404(2); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j).

69. Either party may appeal an IHO's decision to a state review officer. All briefs or memoranda supporting and opposing the appeal must be submitted within 40 days. After that, a state review officer must issue a final decision within 30 days. N.Y. Educ. Law § 4404(1)-(3).

70. A state review officer's decision may be appealed in State or Federal court. *Id.* § 4404(3); 20 U.S.C. § 1415(i)(2)(A).

71. The IDEA requires the administrative process—from filing a DPC through the issuance of an SRO's decision—to be completed within 145 days.

72. The NYCDOE's policy and practice do not ensure that the administrative process is completed timely.

73. The NYCDOE's policy and practice do not ensure that IHOs issue their final decisions within 45 days.

74. The NYCDOE's policy and practice do not ensure that state review officers issue their final decisions within 70 days of the IHO's final decision.

75. Under the NYCDOE's policy and practice, administrative proceedings in IDEA matters can take up to three years or more to resolve through the state administrative level.

76. During these protracted, long-drawn-out proceedings, a Student has the right to remain, or stay-put, in his or her then-current educational setting at NYCDOE's expense.

77. NYCDOE must maintain a Student's then-current educational setting during the Pendency of the administrative and judicial proceedings relative to the Student's DPC.

78. The NYCDOE must prospectively fund the Student's then-current educational placement/program, whether or not the Student's claim has merit.

79. The NYCDOE is not entitled to recoup any monies paid to fund a Student's then-current educational placement/program if the Parent/Student's claim is ultimately unsuccessful.

80. The IDEA's stay-put provision prohibits unilateral changes to a student's educational placement during the Pendency of certain actions and proceedings. 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518. *See also* N.Y. Educ. Law § 4404.

81. The stay-put provision represents Congress' policy choice that all disabled children, regardless of whether or not their case is meritorious, are to remain in their current educational placement until the dispute is resolved.

82. § 1415(j) is also known as the IDEA's Pendency provision.

83. 20 U.S.C. § 1415 (j) provides, "Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or LEA and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed."

84. When a parent files a DPC, or a request for a Due Process Hearing, in which a student's current educational placement is one of the issues, or the sole issue in dispute, and the parent

invokes the stay-put or Pendency provision—the Student's then-current educational placement must be determined.

85. If a placement is challenged and the state administrative bodies fail to render expeditious decisions about a child's educational placement, § 1415(e)(2) empowers the district court to assume jurisdiction over the review process and render a final determination. *Frutiger*, 928 F.2d at 73–74.

86. When the Student's then-current educational placement is not disputed, the IDEA requires a school district to implement the stay-put provision automatically.

87. Pendency should, in all cases in which there is no dispute of law or fact between the parties, be self-enforcing.

88. Pendency is an obligation on the part of the school district to not change the Student's existing program and, under the New York State Constitution and the Compulsory Education Law, constitutes an ongoing entitlement of the Student and the Student's family.

89. A parent need not do anything whatsoever—no claim made, no petition entered, no Order issued, no agreement entered—unless there is a dispute about what constitutes Pendency in a particular case.

90. Where no dispute exists as to what constitutes a Student's Pendency, as is the case here, the Student has a seamless entitlement to continue in their existing placement. 34 C.F.R. § 300.518(a); N.Y. Educ. Law § 3202.

91. In this sense, the Pendency provision is even more automatic than an automatic stay-put injunction and is even more immediate—than immediate.

92. Pendency represents a school district's continuing obligation to maintain a Student's then-current educational placement from one school year into the next.

93. When a Student's Pendency is at a private school, the school district must pay for that placement.

94. Because a school district must pay for a Student's Pendency placement/program at a private school, when that placement is the Student's then-current educational placement, financing goes hand-in-hand with such pendent private-school placement.

95. When a Student's then-current educational placement is not in dispute and parents believe that the school district's delay or failure to maintain the then-current educational placement amounts to a denial of FAPE, parents may use appropriate dispute resolution mechanisms or judicial enforcement to maintain their child's current educational placement.

96. Judicial enforcement of the current placement is an appropriate remedy because the IDEA's pendency or stay-put provision functions as "an automatic preliminary injunction," creating "an absolute rule in favor of the status quo." *Zvi D. by Shirley D.*, 694 F.2d at 906.

97. Under the IDEA, a claim for tuition funding under the stay-put provision is evaluated independently of the claim for tuition reimbursement because of the inadequacy of an IEP.

98. If a placement is challenged and the state administrative bodies fail to render expeditious decisions about a child's educational placement, § 1415(e)(2) empowers the district court to assume jurisdiction over the review process and render a final determination. *Frutiger*, 928 F.2d at 73–74.

99. The IDEA permits disabled children to vindicate their educational rights through other statutes, including 42 U.S.C. § 1983. *See*, 20 U.S.C. § 1415(1).

## **PARTIES**

100. The Student-Plaintiffs are not expressly named within this Complaint because of privacy provisions in the IDEA and the Family Education Rights Privacy Act ("FERPA"). 20 U.S.C. § 1232.

101. All Plaintiffs named herein were, at all material times, residents of New York City.

102. Plaintiff PATRICK DONOHUE is the Parent and Natural Guardian of S.J.D., a minor identified with a disability in New York City.

103. S.J.D. was seventeen years old at the start of the 2022-2023 extended school year ("ESY") in July 2022.

104. S.J.D. is a minor.

105. S.J.D. is a child with a disability defined by 20 U.S.C. § 1401(3).

106. S.J.D. is entitled to receive a FAPE and related services from NYCDOE.

107. At all relevant times here, Plaintiff PATRICK DONOHUE and S.J.D. have lived in the City of New York.

108. Plaintiff TANISHA ALLEN is the Parent and Natural Guardian of T.A., a minor identified with a disability in New York City.

109. T.A. was five years old at the start of the 2022-2023 ESY.

110. T.A.is a minor.

111. T.A. is a child with a disability defined by 20 U.S.C. § 1401(3).

112. T.A. is entitled to receive a FAPE and related services from NYCDOE.

113. At all relevant times here, Plaintiff TANISHA ALLEN and T.A. have lived in the City of New York.

114. Plaintiff KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A., a minor identified with a disability in New York City.

115. N.A. was seven years old at the start of the 2022-2023 ESY.

116. N.A. is a minor.

117. N.A. is a child with a disability defined by 20 U.S.C. § 1401(3).

118. N.A. is entitled to receive a FAPE and related services from DOE.

119. At all relevant times here, Plaintiff KEISHA ARCHIBALD and N.A. have lived in the City of New York.

120. Plaintiff MARILYN BECKFORD is the Parent and Natural Guardian of M.B., a minor identified with a disability in New York City.

121. M.B. was twelve years old at the start of the 2022-2023 ESY.

122. M.B. is a minor.

123. M.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

124. M.B. is entitled to receive a FAPE and related services from DOE.

125. At all relevant times here, Plaintiff MARILYN BECKFORD and M.B. have lived in the City of New York.

126. Plaintiff DONNA CORNETT is the Parent and Natural Guardian of J.B., a minor identified with a disability in New York City.

127. J.B. turned ten years old at the beginning of the 2022-2023 ESY.

128. J.B. is a minor.

129. J.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

130. J.B. is entitled to receive a FAPE and related services from DOE.

131. At all relevant times here, Plaintiff DONNA CORNETT and J.B. have lived in the City of New York.

132.   Plaintiff MAYTINEE BIRD is the Parent and Natural Guardian of H.C., a minor identified with a disability in New York City.

133.   H.C. was six years old at the start of the 2022-2023 ESY.

134.   H.C. is a minor.

135.   H.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

136.   H.C. is entitled to receive a FAPE and related services from DOE.

137.   At all relevant times here, Plaintiff MAYTINEE BIRD and H.C. have lived in the City of New York.

138.   Plaintiff LYNN CHAPERON is the Parent and Natural Guardian of A.C., a minor identified with a disability in New York City.

139.   A.C. was eleven years old at the start of the 2022-2023 ESY.

140.   A.C. is a minor.

141.   A.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

142.   A.C. is entitled to receive a FAPE and related services from DOE.

143.   At all relevant times here, Plaintiff LYNN CHAPERON and A.C. have lived in the City of New York.

144.   Plaintiff LINDA LARACH-COHEN is the Parent and Natural Guardian of M.C., a minor identified with a disability in New York City.

145.   M.C. was seventeen years old at the start of the 2022-2023 ESY.

146.   M.C. is a minor.

147.   M.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

148.   M.C. is entitled to receive a FAPE and related services from DOE.

149. At all relevant times here, Plaintiff LINDA LARACH-COHEN and M.C. have lived in the City of New York.

150. Plaintiff CRYSAL CROSLEY is the Parent and Natural Guardian of Z.C., a minor identified with a disability in New York City.

151. Z.C. was ten years old at the start of the 2022-2023 ESY.

152. Z.C. is a minor.

153. Z.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

154. Z.C. is entitled to receive a FAPE and related services from DOE.

155. At all relevant times here, Plaintiff CRYSAL CROSLEY and Z.C. have lived in the City of New York.

156. Plaintiff CAROLYN MASON is the Parent and Natural Guardian of A.D., a minor identified with a disability in New York City.

157. A.D. was thirteen years old at the start of the 2022-2023 ESY.

158. A.D. is a minor.

159. A.D. is a child with a disability defined by 20 U.S.C. § 1401(3).

160. A.D. is entitled to receive a FAPE and related services from DOE.

161. At all relevant times here, Plaintiff CAROLYN MASON and A.D. have lived in the City of New York.

162. Plaintiff NEYSHA CRUZ is the Parent and Natural Guardian of O.F., a minor identified with a disability in New York City.

163. O.F. was nineteen years old at the start of the 2022-2023 ESY.

164. O.F. is a child with a disability defined by 20 U.S.C. § 1401(3).

165. O.F. is entitled to receive a FAPE and related services from DOE.

166. At all relevant times here, Plaintiff NEYSHA CRUZ and O.F. have lived in the City of New York.

167. Plaintiff NAHOKO MIZUTA is the Parent and Natural Guardian of Y.M., a minor identified with a disability in New York City.

168. Y.M. was seventeen years old at the start of the 2022-2023 ESY.

169. Y.M. is a minor.

170. Y.M. is a child with a disability defined by 20 U.S.C. § 1401(3).

171. Y.M. is entitled to receive a FAPE and related services from DOE.

172. At all relevant times here, Plaintiff NAHOKO MIZUTA and Y.M. have lived in the City of New York.

173. Plaintiff DOROTHY NESKE is the Parent and Natural Guardian of A.N., a minor identified with a disability in New York City.

174. A.N. was twelve years old at the start of the 2022-2023 ESY.

175. A.N. is a minor.

176. A.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

177. A.N. is entitled to receive a FAPE and related services from DOE.

178. At all relevant times here, Plaintiff DOROTHY NESKE and A.N. have lived in the City of New York.

179. Plaintiff SVETLANA KHANIMOVA is the Parent and Natural Guardian of Y.N. and R.N., a minor identified with a disability in New York City.

180. Y.N. was sixteen years old at the start of the 2022-2023 ESY.

181. Y.N. is a minor.

182. Y.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

183. Y.N. is entitled to receive a FAPE and related services from DOE.

184. At all relevant times here, Plaintiff SVETLANA KHANIMOVA and Y.N. have lived in the City of New York.

185. R.N. was five years old at the start of the 2022-2023 ESY.

186. R.N. is a minor.

187. R.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

188. R.N. is entitled to receive a FAPE and related services from DOE.

189. At all relevant times here, Plaintiff SVETLANA KHANIMOVA and R.N. have lived

190. in the City of New York.

191. Plaintiff JUMOKE OGUNLEYE is the Parent and Natural Guardian of D.O., a minor identified with a disability in New York City.

192. D.O. was seventeen years old at the start of the 2022-2023 ESY.

193. D.O. is a minor.

194. D.O. is a child with a disability defined by 20 U.S.C. § 1401(3).

195. D.O. is entitled to receive a FAPE and related services from DOE.

196. At all relevant times here, Plaintiff JUMOKE OGUNLEYE and D.O. have lived in the City of New York.

197. Plaintiff IRIS RUCKER-TORIBIO is the Parent and Natural Guardian of A.R., a minor identified with a disability in New York City.

198. A.R. was six years old at the start of the 2022-2023 ESY.

199. A.R. is a minor.

200. A.R. is a child with a disability defined by 20 U.S.C. § 1401(3).

201. A.R. is entitled to receive a FAPE and related services from DOE.

202. At all relevant times here, Plaintiff IRIS RUCKER-TORIBIO and A.R. have lived in the City of New York.

203. Plaintiff ALEXANDRA FIALLOS is the Parent and Natural Guardian of L.V., a minor identified with a disability in New York City.

204. L.V. was sixteen years old at the start of the 2022-2023 ESY.

205. L.V. is a minor.

206. L.V. is a child with a disability defined by 20 U.S.C. § 1401(3).

207. L.V. is entitled to receive a FAPE and related services from DOE.

208. At all relevant times here, Plaintiff ALEXANDRA FIALLOS and L.V. have lived in the City of New York.

209. Defendant DAVID C. BANKS is serving officially as the current Chancellor of the New York City Department of Education, with offices at 65 Court Street, Brooklyn, New York.

210. The New York City Schools Chancellor, formally "Chancellor of the New York City Department of Education," is the head of the NYCDOE.

211. The Chancellor is appointed by the Mayor of the City of New York and serves at the Mayor's pleasure.

212. The Chancellor is responsible for the day-to-day operation of the NYCDOE and all New York City Public Schools. The Chancellor is also a member of the New York City Panel for Educational Policy (formerly the New York City Board of Education).

213. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is and was, at all material times, a corporate body created under Article 52 of the New York State Education Law, CLS Educ. Law § 2250, *et seq.* that manages and controls educational affairs of New

York City Public Schools.

214. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the LEA defined by 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing R.Z. with a FAPE.

215. Defendant BRAD LANDER is officially serving as the current Comptroller for New York City with offices at One Centre Street, New York, New York (hereinafter, "Comptroller").

216. The New York City Comptroller is the chief financial officer and chief auditor of the city agencies and their performance and spending.

217. The Comptroller reviews all city contracts, handles the settlement of litigation claims, issues municipal bonds, and manages the City's pension funds.

218. The Comptroller is responsible for auditing the performance and finances of city agencies, making recommendations regarding proposed contracts, issuing reports on the state of the city economy, marketing, and selling municipal bonds, and managing city debt.

219. Upon information and belief, the Comptroller is responsible for issuing payments on behalf of New York City.

220. Payments from City funds are made by checks signed by the treasurer or other custodian of such moneys and payable to the person or persons entitled thereto and countersigned by the Comptroller.

221. Upon information and belief, Defendant NYCDOE uses the Comptroller's services to implement a Student's Pendency, particularly when a Student's Pendency placement/program is at a private school and requires City funding.

222. Defendants NYCDOE and Comptroller work together to implement the Plaintiffs' pendency.

223. The New York State Department of Education ("NYSED") is the SEA responsible for the oversight of all LEAs in New York State.

224. NYSED is the New York State administrative department responsible for supervising all New York State Public Schools.

225. NYSED is the New York State administrative department responsible for ensuring all New York State Public Schools and local school districts comply with the requirements of the IDEA.

226. NYSED has an official place of business at 89 Washington Avenue, Albany, New York.

227. Betty A. Rosa is serving officially as the Commissioner of Education for the New York State Education Department.

228. Rosa oversees the functions of NYSED.

229. Under 34 C.F.R. § 300.200, *et seq.*, NYSED and Rosa are responsible for ensuring that all LEAs in New York State offer a FAPE to students with disabilities.

230. Under 34 C.F.R. § 300.200, *et seq.*, NYSED and Rosa are responsible for ensuring that all local school districts comply with the provisions of the IDEA.

## **FACTUAL ALLEGATIONS**

231. Each of the Plaintiffs brings this enforcement action individually and on behalf of their respective disabled child and those Parents and disabled children similarly situated.

232. The IDEA's "stay-put" provision (20 U.S.C. § 1415(j)) provides that during the Pendency of any administrative and judicial proceedings, unless the school district and the parents otherwise agree, the child shall remain in the then-current educational placement.

233. In determining the "then-current" educational placement, courts typically look to: (1) the placement described in the child's most recently implemented IEP; (2) the operative placement functioning when the stay-put provision of the IDEA was invoked; or (3) the placement at the time of the previously implemented IEP.

234. Once the Pendency placement is established, NYCDOE is legally obligated to continue making payments to preserve the Student's status-quo educational placement.

235. The Pendency, or stay-put provision of the IDEA, aims to provide a disabled Student with stability and consistency in their education while the proceedings occur.

236. Defendants maintain a policy and practice of not complying with the IDEA's Pendency provision.

237. Defendants maintain a policy and practice of not complying with the IDEA's Pendency provision, particularly the automatic nature of the Pendency provision.

238. Rather than automatically implement a Student's Pendency, where such Pendency is uncontested, NYCDOE withholds placement, payment, and other implementation until made to comply with the Pendency provision.

239. The NYCDOE has, for many years, shirked its initial Pendency obligation and refused to identify what it considers a Student's Pendency to be unless and until an IHO or Court intervenes.

240. Even where the NYCDOE signs an agreement or Pendency Implementation Form identifying a Student's Pendency, NYCDOE fails to implement and fund such Pendency in a timely manner—if at all.

241. The NYCDOE maintains a policy and practice in contravention of the IDEA of requiring parents, or a Student's private school and/or related services providers, to "invoice" the

NYCDOE or follow instructions on the NYCDOE's website for "vendors" seeking payment or reimbursement, before implementing Pendency—NYCDOE waits for parents or a Student's educational provider to act before implementing Pendency.

242. NYCDOE takes no affirmative action in the first instance to fulfill its Pendency obligations under the IDEA.

243. In the instant matter, despite having been provided with all necessary paperwork, the NYCDOE has failed to implement any of the Plaintiffs' Student's Pendency, though each Student's Pendency is uncontroverted.

244. Each Student's extended school year began at the beginning of July 2022.

245. Each Plaintiff filed a Ten-Day Notice in June 2022, before the beginning of the 2022-2023 ESY, providing the NYCDOE with notice of the Parent's intent to enroll their respective Student in a Private school, as well as the name, address, and location of the private school.

246. Each Plaintiff filed a DPC at the beginning of July 2022, triggering the Defendants' obligation to implement and fund each Plaintiff's Pendency placement.

247. The NYCDOE, with the acquiescence of the New York State Department of Education, has engaged in a process and maintains a policy and practice in contravention of the law and the IDEA in that it has adopted as a stop-gap measure to address its systemic refusal to comply with the Pendency laws and rules in general.

248. The IDEA requires each State to have a "state educational agency" that is "primarily responsible" for ensuring that IDEA requirements are met throughout the State, including that all local educational agencies in the State comply with the IDEA. 20 U.S.C. § 1401(32); see 20 U.S.C. § 1412(a)(11).

249. Under the IDEA, the New York State Department of Education is tasked with supervising the State's LEA's, and ensuring their compliance with the IDEA.

250. The New York State SEA has failed to ensure the NYCDOE complies with the IDEA, specifically the IDEA's Pendency provision.

251. The NYCDOE's unlawful, illegal process, adopted in contravention of the IDEA, as it should not be necessary, requires a Complainant to file a proposed pendency agreement.

252. Once the Parent or Complainant files a proposed Pendency agreement, the NYCDOE's policy and practice require the school district to review that agreement and, if the school district consents, to sign off on the agreement.

253. Once the agreement is signed, the NYCDOE has the District process the agreement in lieu of a Pendency order, as an agreement that NYCDOE claims should be enforceable in the same manner as an order in State or Federal court.

254. If the NYCDOE District fails to enter into such an agreement proposed by the Parent or Complainant, then the New York State Department of Education has directed IHOs in New York City to initiate a Pendency hearing and issue a Pendency Order, even though no order should be necessary under the IDEA's Pendency/stay-put provision.

255. Defendants' failure to provide Pendency to each Student-Plaintiff at their educational placements when each Pendency placement has been found to be appropriate violates each Plaintiffs' rights as set forth herein.

256. Defendants' failure to provide Pendency to each Student-Plaintiff at the educational placement when Defendants *agree* to the pendency placement violates Plaintiffs' rights and the law.

257. The acts and omissions complained of herein highlight the system-wide failure of the NYCDOE to establish a policy and procedure for the timely and effective enforcement of IHO Orders.

258. Each Student-Plaintiff herein has a sufficient basis of Pendency based on a final Order issued in favor of each respective Parent-Plaintiff.

259. The final Order issued in favor of each respective Parent-Plaintiff constitutes an agreement between the State and the parent for the purposes of 34 C.F.R. § 300.518(a).

260. Each final Order determined that the Student-Plaintiffs' placements were appropriate as a matter of law.

261. An unappealed Order in favor of the Parent that the unilateral placement is appropriate serves as a sufficient basis of Pendency.

262. Even though each Student here has an uncontested Pendency placement/program as a matter of law, the NYCDOE has failed to implement and fund each respective Student's Pendency.

263. Each of the named Plaintiffs here has an uncontested Pendency at a private school.

264. Each respective Student receives related services as defined by federal law and regulations, including special transportation.

265. Several Students, as identified below, receive necessary nursing services as part of their related services.

266. Even though each Student here has an uncontested Pendency placement/program, the Defendants have required them to submit a "Pendency Form" to the NYCDOE as a prerequisite to receiving Pendency.

267. The IDEA does not require parents to fill out a form or execute an agreement to receive Pendency.

268. In preceding years, the NYCDOE required parents of students with otherwise "uncontested" Pendency, to obtain a Pendency Order from an IHO to continue the students' then-current educational placement, previously found to be appropriate.

269. Each Plaintiff here has submitted an uncontested Pendency Form to the Defendants for each Plaintiff's respective Student.

270. The NYCDOE requires these Pendency Forms to process Pendency payments for each Student.

271. Until the NYCDOE executes the "Pendency Form," it will not begin to process payments to fund the Student's education at the pendency placement.

272. The NYCDOE will not issue payment for a student's pendency placement until it executes the "Pendency Form,"

273. The NYCDOE maintains a policy and practice of not agreeing to a Student-Plaintiff's Pendency placement/program until it executes the "Pendency Form."

274. The Plaintiffs must rely on the NYCDOE to process and implement Pendency for each Student-Plaintiff.

275. As of October 19, 2022, Defendants have implemented none of the named Plaintiffs' Pendency placements/programs.

276. The Defendants were obligated to implement each Plaintiff's Student's Pendency placement/program at the beginning of July 2022.

277. Each Plaintiff's Student's extended school year for 2022-2023 began at the beginning of July 2022.

278. Implementing Pendency requires NYCDOE to fund each Student-Plaintiff's educational placements and related services to maintain their educational *status-quo*.

279.  On each uncontested Pendency Form required by NYCDOE, the Plaintiffs provided the administrative case or docket number of a final Order in the Parents-Plaintiffs' favor, establishing Pendency.

280.  The Defendants have contested none of the Pendency Forms that the Plaintiffs seek to enforce.

281.  Defendants have yet to implement any Plaintiff's Pendency Form.

282.  By failing to "process" the Pendency Forms, the Plaintiffs allege NYCDOE has engaged in unlawful conduct under the IDEA, § 1983, and other federal regulations as set forth herein.

283.  Plaintiffs allege that failing to maintain the Student-Plaintiffs' current educational placements violates 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518.

284.  Each day Defendants fail to maintain the Student-Plaintiffs' pendency placements is another violation under the IDEA, § 1983, and federal law.

285.  Each day the Defendants fail to maintain the *status-quo* of the Student-Plaintiffs' placements is another violation of the Plaintiffs' rights.

286.  Upon information and belief, there are many other students for whom Defendants fail to maintain Pendency placements.

287.  Plaintiffs allege that Defendants' conduct rises to the level of a systematic violation of the IDEA.

288.  Plaintiffs contacted Defendants and/or Defendants' counsel before commencing this litigation to resolve this matter in good faith.

289.  Plaintiffs have provided Defendants with more than one week's notice that this action would be filed if Defendants continued to refuse to implement each Student-Plaintiff's Pendency.

290. Implementing Pendency would require the NYCDOE to remit payment for each Student's education and related services to maintain the Students' current placements.

291. Defendants' failure to comply with IDEA's Pendency or stay-put provision violates the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401, *et seq.*, and the regulations promulgated thereunder.

292. Defendants' failure to implement/fund each Student-Plaintiff's current educational placement, or their Pendency placement/program, and their failure to fund such Pendency placement timely, consistent with the IDEA, violates the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401, *et seq.*, and the regulations promulgated thereunder.

293. The issues presented here are capable of repetition as the Plaintiffs' Students continue to progress in their academic careers.

294. Under the IDEA, Plaintiffs' Students are entitled to a FAPE until they are twenty-one years old.

295. The Plaintiffs' Students here are as young as seven years old.

296. It is nearly impossible to challenge the Defendants' violations annually and resolve said violations within the particular school year that they are commenced.

297. The Defendants' systematic violations are capable of repetition while evading review.

298. The Defendants' systematic violations have occurred repeatedly with respect to each Plaintiffs' Students' Pendency rights—school year after school year.

299. The Defendants' systemic violations relative to special education Students' Pendency rights have seemingly evaded administrative and/or judicial review.

300. Each school year, Defendants must provide the Plaintiffs' Students with Pendency at their then-current, or last agreed upon, educational placement.

301. There is a reasonable expectation that Defendants' systemic violations will continue in the future, and continue to violate the rights of the Plaintiffs' Students as set forth herein.

302. Plaintiffs have been forced to litigate these issues yearly and will no doubt be forced to do so in the future—without Court intervention.

303. In actions brought under Section 1415 of the IDEA, this Court has the discretion to grant such relief as the Court determines appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii).

304. The Court may also issue such an order under § 1415(j) of the IDEA.

305. Plaintiffs have exhausted all administrative remedies.

306. Plaintiffs need not exhaust administrative remedies in Pendency and Pendency-related matters.

### PATRICK DONOHUE, as Parent and Natural Guardian of S.J.D.

307. Plaintiff PATRICK DONOHUE is the Parent and Natural Guardian of S.J.D.

308. S.J.D. was seventeen years old at the start of the 2022-2023 ESY in July 2022.

309. S.J.D. is a minor.

310. S.J.D. is a child with a disability defined by 20 U.S.C. § 1401(3).

311. S.J.D. is entitled to receive a FAPE and related services from NYCDOE.

312. At all relevant times here, Plaintiff Patrick Donohue and S.J.D. have lived in the City of New York.

313. Because S.J.D. is a student with a disability and a resident of New York City, NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

314. NYCDOE must provide S.J.D. with an IEP for every school year.

315. On June 17, 2022, Plaintiff Patrick Donohue sent a Ten-Day Notice to NYCDOE, notifying them of his intent to enroll S.J.D. at the International Academy for the Brain ("iBRAIN") for the 2022- 2023 ESY. A copy of S.J.D.'s Ten-Day Notice is attached hereto as **Exhibit** 1.

316. On July 6, 2022, Plaintiff Patrick Donohue filed a DPC and sought funding for S.J.D.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

317. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at S.J.D.'s then-current educational setting–iBRAIN.

318. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded S.J.D.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

319. The DPC was assigned IHO Case No. 210867.

320. Plaintiff, Patrick Donohue, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 210867, which details the basis and nature of S.J.D.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of S.J.D.'s Pendency Information Form is attached hereto as **Exhibit 2**.

321. The basis of S.J.D.'s Pendency placement/program for the 2022-2023 ESY is the April 1, 2021, Order issued by Judge Schofield in *Araujo et al. v. NYCDOE*, 20-cv-07032 (LGS) at

Dkt. No. 61 on the *Araujo* docket. *See also*, Judge Schofield's Order, issued on September 24, 2020, at Dkt. No. 23 on the *Araujo* docket.

322. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement S.J.D.'s Pendency placement.

323. NYCDOE has failed and refused to fund S.J.D.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

**TANISHA ALLEN, as Parent and Natural Guardian of T.A.**

324. Plaintiff TANISHA ALLEN is the Parent and Natural Guardian of T.A.

325. T.A. was five years old at the start of the 2022-2023 ESY.

326. T.A. is a minor.

327. T.A. is a child with a disability defined by 20 U.S.C. § 1401(3).

328. T.A. is entitled to receive a FAPE and related services from NYCDOE.

329. At all relevant times here, Plaintiff Tanisha Allen and T.A. have lived in the City of New York.

330. Because T.A. is a student with a disability and a resident of New York City, NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

331. NYCDOE must provide T.A. with an IEP for every school year.

332. On June 17, 2022, Plaintiff Tanisha Allen sent a Ten-Day Notice to NYCDOE, notifying them of her intent to enroll T.A. at iBRAIN for the 2022- 2023 ESY. A copy of T.A.'s Ten-Day Notice is attached hereto as **Exhibit 3**.

333. On July 6, 2022, Plaintiff Tanisha Allen filed a DPC and sought funding for T.A.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

334. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at T.A.'s then-current educational setting—iBRAIN.

335. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded T.A.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

336. The DPC was assigned IHO Case No. 228671.

337. Plaintiff, Tanisha Allen, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228671, which details the basis and nature of T.A.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of T.S.'s Pendency Information Form is attached hereto as **Exhibit 4**.

338. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement T.A.'s Pendency placement.

339. NYCDOE has failed and refused to fund T.A's Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

## KEISHA ARCHIBALD, as Parent and Natural Guardian of N.A.

340. Plaintiff KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A.

341. N.A. was seven years old at the start of the 2022-2023 ESY.

342. N.A. is a minor.

343. N.A. is a child with a disability defined by 20 U.S.C. § 1401(3).

344. N.A. is entitled to receive a FAPE and related services from DOE.

345. At all relevant times here, Plaintiff Keisha Archibald and N.A. have lived in the City of New York.

346. Because N.A. is a student with a disability and a resident of New York City, NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

347. NYCDOE must provide N.A. with an IEP for every school year.

348. On June 17, 2022, Plaintiff Keisha Archibald sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll N.A. at iBRAIN for the 2022- 2023 ESY. A copy of N.A.'s Ten-Day Notice is attached hereto as **Exhibit 5**.

349. On July 6, 2022, Plaintiff Keisha Archibald filed a DPC and sought funding for N.A.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

350. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at N.A.'s then-current educational setting–iBRAIN.

351. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded N.A.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

352. The DPC was assigned IHO Case No. 228692.

353. Plaintiff Keisha Archibald provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228692, which details the basis and nature of N.A.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of N.A.'s Pendency Information Form is attached hereto as **Exhibit 6**.

354. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement N.A.'s Pendency placement.

355. NYCDOE has failed and refused to fund N.A.'s Pendency placement /program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

**MARILYN BECKFORD, as Parent and Natural Guardian of M.B.**

356. Plaintiff MARILYN BECKFORD is the Parent and Natural Guardian of M.B.

357. M.B. was twelve years old at the start of the 2022-2023 ESY.

358. M.B. is a minor.

359. M.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

360. M.B. is entitled to receive a FAPE and related services from DOE.

361. At all relevant times here, Plaintiff MARILYN BECKFORD and M.B. have lived in the City of New York.

362. Since M.B. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

363. DOE must provide M.B. with an IEP for every school year.

364. On June 17, 2022, Plaintiff Marilyn Beckford sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll M.B. at iBRAIN for the 2022-2023 ESY. A copy of M.B.'s Ten-Day Notice is attached hereto as **Exhibit 7**.

365. On July 6, 2022, Plaintiff Marilyn Beckford filed a DPC and sought funding for M.B.'s placement at iBRAIN, and related services, including special transportation, for the 2022-2023 ESY.

366. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at M.B.'s then-current educational setting–iBRAIN.

367. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded M.B.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

368. The DPC was assigned IHO Case No. 228803.

369. Plaintiff Marilyn Beckford provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228803, which details the basis and nature of M.B.'s Pndency placement at iBRAIN for the 2022-2023 ESY. A copy of M.B.'s Pendency Information Form is attached hereto as **Exhibit 8**.

370. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement M.B.'s Pendency placement.

371. NYCDOE has failed and refused to fund M.B.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

### DONNA CORNETT, as Parent and Natural Guardian of J.B.

372. Plaintiff DONNA CORNETT is the Parent and Natural Guardian of J.B.

373. J.B. turned ten years old at the beginning of the 2022-2023 ESY.

374. J.B. is a minor.

375. J.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

376. J.B. is entitled to receive a FAPE and related services from DOE.

377. At all relevant times here, Plaintiff Donna Cornett and J.B. have lived in the City of New York.

378. Since J.B. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

379. DOE must provide J.B. with an IEP for every school year.

380. On June 17, 2022, Plaintiff Donna Cornett sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll J.B. at iBRAIN for the 2022- 2023 ESY. A copy of J.B.'s Ten-Day Notice is attached hereto as **Exhibit 9**.

381. On July 6, 2022, Plaintiff Donna Cornett filed a DPC and sought funding for J.B.'s placement at iBRAIN and related services, including special transportation for the 2022-2023 ESY.

382. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at J.B.'S then-current educational setting–iBRAIN.

383. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded J.B.'S Placement at iBRAIN as her Pendency placement/program as a matter of law.

384. The DPC was assigned IHO Case No. 228581.

385. Plaintiff, Donna Cornett, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228581, which details the basis and nature of J.B.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of J.B.'S Pendency Information Form is attached hereto as **Exhibit 10**.

386. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement J.B.'s Pendency placement.

387. NYCDOE has failed and refused to fund J.B.'S Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## **MAYTINEE BIRD, as Parent and Natural Guardian of H.C.**

388. Plaintiff MAYTINEE BIRD is the Parent and Natural Guardian of H.C.

389. H.C. was six years old at the start of the 2022-2023 ESY.

390. H.C. is a minor.

391. H.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

392. H.C. is entitled to receive a FAPE and related services from DOE.

393. At all relevant times here, Plaintiff Maytinee Bird and H.C. have lived in the City of New York.

394. Since H.C. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

395. DOE must provide H.C. with an IEP for every school year.

396. On June 17, 2022, Plaintiff Maytinee Bird sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll H.C. at iBRAIN for the 2022- 2023 ESY. A copy of H.C.'s Ten-Day Notice is attached hereto as **Exhibit 11**.

397. On July 6, 2022, Plaintiff Maytinee Bird filed a DPC and sought funding for H.C.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

398. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at H.C.'s then-current educational setting—iBRAIN.

399. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded H.C.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

400. The DPC was assigned IHO Case No. 228745.

401. Plaintiff Maytinee Bird provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228745, which details the basis and nature of H.C.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of H.C.'s Pendency Information Form is attached hereto as **Exhibit 12**.

402. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement H.C.'s Pendency placement.

403. NYCDOE has failed and refused to fund H.C.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

### LYNN CHAPERON, as Parent and Natural Guardian of A.C.

404. Plaintiff LYNN CHAPERON is the Parent and Natural Guardian of A.C.

405. A.C. was eleven years old at the start of the 2022-2023 ESY.

406. A.C. is a minor.

407. A.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

408. A.C. is entitled to receive a FAPE and related services from DOE.

409. At all relevant times here, Plaintiff Lynn Chaperon and A.C. have lived in the City of New York.

410. Since A.C. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

411. DOE must provide A.C. with an IEP for every school year.

412. On June 17, 2022, Plaintiff Lynn Chaperon sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll A.C. at iBRAIN for the 2022-2023 ESY. A copy of A.C.'s Ten-Day Notice is attached hereto as **Exhibit 13**.

413. On July 6, 2022, Plaintiff Lynn Chaperon filed a DPC and sought funding for A.C.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

414. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at A.C.'s then-current educational setting—iBRAIN.

415. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded A.C.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

416. The DPC was assigned Impartial Hearing Officer IHO Case No. 228674.

417. Plaintiff, Lynn Chaperon, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228674, which details the basis and nature of A.C.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of A.C.'s Pendency Information Form is attached hereto as **Exhibit 14**.

418. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement A.C.'s Pendency placement.

419. NYCDOE has failed and refused to fund A.C.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

## **LINDA LARACH-COHEN, as Parent and Natural Guardian of M.C.**

420. Plaintiff LINDA LARACH-COHEN is the Parent and Natural Guardian of M.C.

421. M.C. was seventeen years old at the start of the 2022-2023 ESY.

422. M.C. is a minor.

423. M.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

424. M.C. is entitled to receive a FAPE and related services from DOE.

425. At all relevant times here, Plaintiff Linda Larach-Cohen and M.C. have lived in the City of New York.

426. Since M.C. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

427. DOE must provide M.C. with an IEP for every school year.

428. On June 17, 2022, Plaintiff Linda Larach-Cohen sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll M.C. at iBRAIN for the 2022- 2023 ESY. A copy of M.C.'s Ten-Day Notice is attached hereto as **Exhibit 15.**

429. On July 6, 2022, Plaintiff Linda Larach-Cohen filed a DPC and sought funding for M.C.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

430. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at M.C.'s then-current educational setting—iBRAIN.

431. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded M.C.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

432. The DPC was assigned IHO Case No. 228618.

433. Plaintiff, Linda Larach-Cohen, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228618, which details the basis and nature of M.C.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of M.C.'s Pendency Information Form is attached hereto as **Exhibit 16**.

434. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement M.C.'s Pendency placement.

435. NYCDOE has failed and refused to fund M.C.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## <u>CRYSAL CROSLEY, as Parent and Natural Guardian of Z.C.</u>

436. Plaintiff CRYSAL CROSLEY is the Parent and Natural Guardian of Z.C.

437. Z.C. was ten years old at the start of the 2022-2023 ESY.

438. Z.C. is a minor.

439. Z.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

440. Z.C. is entitled to receive a FAPE and related services from DOE.

441. At all relevant times here, Plaintiff Crysal Crosley and Z.C. have lived in the City of New York.

442. Since Z.C. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

443. DOE must provide Z.C. with an IEP for every school year.

444. On June 17, 2022, Plaintiff Crysal Crosley sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll Z.C. at iBRAIN for the 2022- 2023 ESY. A copy of Z.C.'s Ten-Day Notice is attached hereto as **Exhibit 17.**

445. On July 6, 2022, Plaintiff Crysal Crosley filed a DPC and sought funding for Z.C.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

446. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at Z.C.'s then-current educational setting—iBRAIN.

447. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded Z.C.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

448. The DPC was assigned IHO Case No. 228720.

449.   Plaintiff, Crysal Crosley, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228720, which details the basis and nature of Z.C.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of Z.C.'s Pendency Information Form is attached hereto as **Exhibit 18**.

450.   To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement Z.C.'s Pendency placement.

451.   NYCDOE has failed and refused to fund Z.C.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

### CAROLYN MASON, as Parent and Natural Guardian of A.D.

452.   Plaintiff CAROLYN MASON is the Parent and Natural Guardian of A.D.

453.   A.D. was thirteen years old at the start of the 2022-2023 ESY.

454.   A.D. is a minor.

455.   A.D. is a child with a disability defined by 20 U.S.C. § 1401(3).

456.   A.D. is entitled to receive a FAPE and related services from DOE.

457.   At all relevant times here, Plaintiff Carolyn Mason and A.D. have lived in the City of New York.

458.   Since A.D. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

459.   DOE must provide A.D. with an IEP for every school year.

460.   On June 17, 2022, Plaintiff Carolyn Mason sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll A.D. at iBRAIN for the 2022- 2023 ESY. A copy of A.D.'s Ten-Day Notice is attached hereto as **Exhibit 19**.

461. On July 6, 2022, Plaintiff Carolyn Mason filed a DPC and sought funding for A.D.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

462. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at A.D.'s then-current educational setting—iBRAIN.

463. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded A.D.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

464. The DPC was assigned IHO Case No. 228632.

465. Plaintiff, Carolyn Mason, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228632, which details the basis and nature of A.D.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of A.D.'s Pendency Information Form is attached hereto as **Exhibit 20**.

466. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement A.D.'s Pendency placement.

467. NYCDOE has failed and refused to fund A.D.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## NEYSHA CRUZ, as Parent and Natural Guardian of O.F.

468. Plaintiff NEYSHA CRUZ is the Parent and Natural Guardian of O.F.

469. O.F. was nineteen years old at the start of the 2022-2023 ESY.

470. O.F. is a child with a disability defined by 20 U.S.C. § 1401(3).

471. O.F. is entitled to receive a FAPE and related services from DOE.

472. At all relevant times here, Plaintiff Neysha Cruz and O.F. have lived in the City of New York.

473. Since O.F. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

474. DOE must provide O.F. with an IEP for every school year.

475. On June 17, 2022, Plaintiff Neysha Cruz sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll O.F. at iBRAIN for the 2022- 2023 ESY. A copy of O.F.'s Ten-Day Notice is attached hereto as **Exhibit 21**.

476. On July 6, 2022, Plaintiff Neysha Cruz filed a DPC and sought funding for O.F.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

477. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at O.F.'s then-current educational setting—iBRAIN.

478. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded O.F.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

479. The DPC was assigned IHO Case No. 232559.

480. Plaintiff, Neysha Cruz, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 232559, which details the basis and nature of O.F.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of O.F.'s Pendency Information Form is attached hereto as **Exhibit 22**.

481. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement O.F.'s Pendency placement.

482. NYCDOE has failed and refused to fund O.F.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

## NAHOKO MIZUTA, as Parent and Natural Guardian of Y.M.

483. Plaintiff NAHOKO MIZUTA is the Parent and Natural Guardian of Y.M.

484. Y.M. was seventeen years old at the start of the 2022-2023 ESY.

485. Y.M. is a minor.

486. Y.M. is a child with a disability defined by 20 U.S.C. § 1401(3).

487. Y.M. is entitled to receive a FAPE and related services from DOE.

488. At all relevant times here, Plaintiff Nahoko Mizuta and Y.M. have lived in the City of New York.

489. Since Y.M. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

490. DOE must provide Y.M. with an IEP for every school year.

491. On June 17, 2022, Plaintiff Nahoko Mizuta sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll Y.M. at iBRAIN for the 2022-2023 ESY. A copy of Y.M.'s Ten-Day Notice is attached hereto as **Exhibit 23**.

492. On July 6, 2022, Plaintiff Nahoko Mizuta filed a DPC and sought funding for Y.M.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

493. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at Y.M.'s then-current educational setting—iBRAIN.

494.  When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded Y.M.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

495.  The DPC was assigned IHO Case No. 228539.

496.  Plaintiff, Nahoko Mizuta, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228539, which details the basis and nature of Y.M.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of Y.M.'s Pendency Information Form is attached hereto as **Exhibit 24**.

497.  To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement Y.M.'s Pendency placement.

498.  NYCDOE has failed and refused to fund Y.M.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## **DOROTHY NESKE, as Parent and Natural Guardian of A.N.**

499.  Plaintiff DOROTHY NESKE is the Parent and Natural Guardian of A.N.

500.  A.N. was twelve years old at the start of the 2022-2023 ESY.

501.  A.N. is a minor.

502.  A.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

503.  A.N. is entitled to receive a FAPE and related services from DOE.

504.  At all relevant times here, Plaintiff Dorothy Neske and A.N. have lived in the City of New York.

505.  Since A.N. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

506.  DOE must provide A.N. with an IEP for every school year.

507. On June 17, 2022, Plaintiff Dorothy Neske sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll A.N. at iBRAIN for the 2022- 2023 ESY. A copy of A.N.'s Ten-Day Notice is attached hereto as **Exhibit 25.**

508. On July 6, 2022, Plaintiff Dorothy Neske filed a DPC and sought funding for A.N.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

509. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at A.N.'s then-current educational setting—iBRAIN.

510. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded A.N.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

511. The DPC was assigned IHO Case No. 228567.

512. Plaintiff, Dorothy Neske, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228567, which details the basis and nature of A.N.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of A.N.'s Pendency Information Form is attached hereto as **Exhibit 26.**

513. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement A.N.'s Pendency placement.

514. NYCDOE has failed and refused to fund A.N.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

### **SVETLANA KHANIMOVA, as Parent and Natural Guardian of Y.N.**

515. Plaintiff SVETLANA KHANIMOVA is the Parent and Natural Guardian of Y.N.

516. Y.N. was sixteen years old at the start of the 2022-2023 ESY.

517. Y.N. is a minor.

518. Y.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

519. Y.N. is entitled to receive a FAPE and related services from DOE.

520. At all relevant times here, Plaintiff Svetlana Khanimova and Y.N. have lived in the City of New York.

521. Since Y.N. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

522. DOE must provide Y.N. with an IEP for every school year.

523. On June 17, 2022, Plaintiff Svetlana Khanimova sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll Y.N. at iBRAIN for the 2022- 2023 ESY. A copy of Y.N.'s Ten-Day Notice is attached hereto as **Exhibit 27**.

524. On July 6, 2022, Plaintiff Svetlana Khanimova filed a DPC and sought funding for Y.N.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

525. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at Y.N.'s then-current educational setting—iBRAIN.

526. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded Y.N.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

527. The DPC was assigned IHO Case No. 228880.

528. Plaintiff, Svetlana Khanimova, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228880, which details the basis and nature of Y.N.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of Y.N.'s Pendency Information Form is attached hereto as **Exhibit 28**.

529. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement Y.N.'s Pendency placement.

530. NYCDOE has failed and refused to fund Y.N.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

### JUMOKE OGUNLEYE, as Parent and Natural Guardian of D.O.

531. Plaintiff JUMOKE OGUNLEYE is the Parent and Natural Guardian of D.O.

532. D.O. was seventeen years old at the start of the 2022-2023 ESY.

533. D.O. is a minor.

534. D.O. is a child with a disability defined by 20 U.S.C. § 1401(3).

535. D.O. is entitled to receive a FAPE and related services from DOE.

536. At all relevant times here, Plaintiff Jumoke Ogunleye and D.O. have lived in the City of New York.

537. Since D.O. is a student with a disability, Defendant NYCDOE must provide him with a FAPE under the IDEA and the New York Education Law.

538. DOE must provide D.O. with an IEP for every school year.

539. On June 17, 2022, Plaintiff Jumoke Ogunleye sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll D.O. at iBRAIN for the 2022- 2023 ESY. A copy of D.O.'s Ten-Day Notice is attached hereto as **Exhibit 29**.

540. On July 6, 2022, Plaintiff Jumoke Ogunleye filed a DPC and sought funding for D.O.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

541. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at D.O.'s then-current educational setting—iBRAIN.

542. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded D.O.'s placement at iBRAIN as his Pendency placement/program as a matter of law.

543.  The DPC was assigned IHO Case No. 228527.

544. Plaintiff, Jumoke Ogunleye, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228527, which details the basis and nature of D.O.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of D.O.'s Pendency Information Form is attached hereto as **Exhibit 30**.

545. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement D.O.'s Pendency placement.

546. NYCDOE has failed and refused to fund D.O.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

### IRIS RUCKER-TORIBIO, as Parent and Natural Guardian of A.R.

547. Plaintiff IRIS RUCKER-TORIBIO is the Parent and Natural Guardian of A.R.

548. A.R. was six years old at the start of the 2022-2023 ESY.

549. A.R. is a minor.

550. A.R. is a child with a disability defined by 20 U.S.C. § 1401(3).

551. A.R. is entitled to receive a FAPE and related services from DOE.

552. At all relevant times here, Plaintiff Iris Rucker-Toribio and A.R. have lived in the City of New York.

553.   Since A.R. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

554.   DOE must provide A.R. with an IEP for every school year.

555.   On June 17, 2022, Plaintiff Iris Rucker-Toribio sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll A.R. at iBRAIN for the 2022- 2023 ESY. A copy of A.R.'s Ten-Day Notice is attached hereto as **Exhibit 31.**

556.   On July 6, 2022, Plaintiff Iris Rucker-Toribio filed a DPC and sought funding for A.R.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

557.   The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at A.R.'s then-current educational setting—iBRAIN.

558.   When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded A.R.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

559.   The DPC was assigned IHO Case No. 228809.

560.   Plaintiff, Iris Rucker-Toribio, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 2288029, which details the basis and nature of A.R.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of A.R.'s Pendency Information Form is attached hereto as **Exhibit 32**.

561.   To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement A.R.s Pendency placement.

562.   NYCDOE has failed and refused to fund A.R.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## ALEXANDRA FIALLOS, as Parent and Natural Guardian of L.V.

563. Plaintiff ALEXANDRA FIALLOS is the Parent and Natural Guardian of L.V.

564. L.V. was sixteen years old at the start of the 2022-2023 ESY.

565. L.V. is a minor.

566. L.V. is a child with a disability defined by 20 U.S.C. § 1401(3).

567. L.V. is entitled to receive a FAPE and related services from DOE.

568. At all relevant times here, Plaintiff Alexandra Fiallos and L.V. have lived in the City of New York.

569. Since L.V. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

570. DOE must provide L.V. with an IEP for every school year.

571. On June 17, 2022, Plaintiff Alexandra Fiallos sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll L.V. at iBRAIN for the 2022- 2023 ESY. A copy of L.V.'s Ten-Day Notice is attached hereto as **Exhibit 33**.

572. On July 6, 2022, Plaintiff Alexandra Fiallos filed a DPC and sought funding for L.V.'s placement at iBRAIN and related services, including special transportation and nursing, for the 2022-2023 ESY.

573. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at L.V.'s then-current educational setting—iBRAIN.

574. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded L.V.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

575. The DPC was assigned IHO Case No. 228484.

576. Plaintiff, Alexandra Fiallos, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228484, which details the basis and nature of L.V.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of L.V.'s Pendency Information Form is attached hereto as **Exhibit 34.**

577. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement L.V.'s Pendency placement.

578. NYCDOE has failed and refused to fund L.V.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation and nursing, for the 2022-2023 ESY.

### SVETLANA KHANIMOVA, as Parent and Natural Guardian of R.N.

579. Plaintiff SVETLANA KHANIMOVA is the Parent and Natural Guardian of R.N.

580. R.N. was five years old at the start of the 2022-2023 ESY.

581. R.N. is a minor.

582. R.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

583. R.N. is entitled to receive a FAPE and related services from DOE.

584. At all relevant times here, Plaintiff Svetlana Khanimova and R.N. have lived in the City of New York.

585. Since R.N. is a student with a disability, Defendant NYCDOE must provide her with a FAPE under the IDEA and the New York Education Law.

586. DOE must provide R.N. with an IEP for every school year.

587. On June 17, 2022, Plaintiff Svetlana Khanimova sent a Ten-Day Notice to NYCDOE notifying them of her intent to enroll R.N. at iBRAIN for the 2022- 2023 ESY. A copy of R.N.'s Ten-Day Notice is attached hereto as **Exhibit 35**.

588. On July 6, 2022, Plaintiff Svetlana Khanimova filed a DPC and sought funding for R.N.'s placement at iBRAIN and related services, including special transportation, for the 2022-2023 ESY.

589. The Plaintiff's DPC asserted, *inter alia*, Plaintiff's Pendency rights at R.N.'s then-current educational setting—iBRAIN.

590. When Plaintiff filed the DPC on July 6, 2022, NYCDOE should have funded R.N.'s placement at iBRAIN as her Pendency placement/program as a matter of law.

591. The DPC was assigned IHO Case No. 228885.

592. Plaintiff, Svetlana Khanimova, provided NYCDOE with a signed, uncontested Pendency Implementation Form under DPC No. 228885, which details the basis and nature of R.N.'s Pendency placement at iBRAIN for the 2022-2023 ESY. A copy of R.N.'s Pendency Information Form is attached hereto as **Exhibit 36**.

593. To date, despite several emails and reminders from Plaintiff's counsel, NYCDOE has failed and refused to implement R.N.'s Pendency placement.

594. NYCDOE has failed and refused to fund R.N.'s Pendency placement/program at iBRAIN, comprised of tuition and related services, including special transportation, for the 2022-2023 ESY.

## CLASS ACTION ALLEGATIONS

595. The named Plaintiffs bring this action under Fed. R. Civ. P. 23(a) and 23(b) on behalf of themselves and all others similarly situated.

596. Defendants have acted or refused to act on grounds generally applicable to the Class Representatives and class members, making appropriate relief as to the class as a whole.

597.  The class consists of all special education students in the State of New York and their parents or guardians who are or become entitled to pendency payments from the NYCDOE through the issuance of a favorable order, agreement, or stipulation relating to their disabled child's FAPE under the IDEA, for whom the NYCDOE does not oppose Pendency, and who fail to obtain full and timely implementation and/or compliance for their child's pendency placement.

598.  The class is so numerous that joinder of all class members here would be impracticable.

599.  Upon information and belief, there are more than one thousand class members, similarly situated to the Plaintiffs here.

600.  Due to the Defendants' failure to adopt a process or policy for effective and timely implementation of a Student's Pendency placement/program, there are significant delays or complete failure to implement almost every Student's rightful Pendency placement or program.

601.  Upon information and belief, in the 2021-2022 school year, there were about one thousand Students' whose Pendency placements or programs were not implemented timely or not implemented at all.

602.  Joinder of all class members further is impracticable because most of the class members lack the resources, financial or otherwise, to retain legal counsel to represent their interests here or to otherwise represent themselves.

603.  Without class certification, class members that are financially unable to retain counsel may lose their educational placement altogether because of the NYCDOE's protracted delay in making pendency payments to those entitled to them.

604. Further, joinder of hundreds, if not thousands, of class members here would unduly burden the judicial resources of this Court.

605. The NYCDOE's long and continuing history of failing to make timely Pendency payments, which it does not dispute, constitutes a general and systemic failure with wide-reaching effects on disabled students and their families.

606. These systemic failures cannot be resolved by the NYCDOE administrative hearing process.

607. Indeed, the NYCDOE has a long history of ignoring or outright defying rulings and/or agreements obtained by students and their parents or guardians through the administrative process, establishing a Student's Pendency placement as a matter of law, including rulings and/or agreements directing the NYCDOE to make pendency payments which it is legally obligated to make.

608. Administrative hearing officers can do no more than issue orders directing the NYCDOE to make pendency payments which it is legally obligated to make in the first instance, and which the IDEA mandate be made automatically, without administrative or judicial intervention.

609. Administrative hearing officers have no authority to sanction the NYCDOE for failure to timely make such payments, and have no authority to reform the NYCDOE's system for processing pendency payments, or to direct the NYCDOE to make such reforms.

610. NYCDOE Impartial Hearing Officers have openly lamented NYCDOE's failure to abide by the IDEA's Pendency provision, its rules, and regulations and have openly criticized the NYCDOE's long history of shirking its responsibility to seamlessly implement a Student's Pendency from school year to school year.

611.   Class members present common questions of law and fact, which predominate over any individual questions.

612.   Common questions of law and fact include, but are not limited to:

    a.   Whether the NYCDOE is systemically failing to implement special education students' Pendency, automatically as envisioned by Congress, and mandated by the Supreme Court, to ensure that said students remain in their then-current educational placements/programs during the pendency of their administrative and judicial hearings under the IDEA;

    b.   Whether the Defendants are systemically failing to timely make its legally obligated pendency payments to special education students and their parents or guardians, or their educational and/or related services providers, who are legally entitled to such timely payments;

    c.   Whether the Defendants' failure to timely make the pendency payments to special education students and their parents or guardians who are legally entitled to such timely payments violates the provisions of the IDEA, its implementing regulations, and/or other federal laws and statutes;

    d.   Whether the Defendants' failure to timely make pendency payments, which it is legally obligated to make, to special education students and their parents or guardians who are legally entitled to such timely payments, violates the provisions of the New York Education Law and its implementing regulations;

    e.   Whether the NYCDOE has demonstrated, over the last decade or more, that it cannot be trusted to reform or correct its failure to implement special education students' Pendency or timely make pendency payments going forward and that its failures in timely making pendency payments, which it is legally obligated to make, are likely to continue indefinitely absent the relief sought herein.

613.   The claims of the named Plaintiffs are typical of the claims of all class members because they are suffering, and continue to suffer, the same harm resulting from the NYCDOE's systemic failures, in the same manner, as all class members.

614.   Like all class members, the named Plaintiffs are entitled, pursuant to the IDEA and the New York Education Law, to receive timely pendency payments from the DOE and yet have not received such timely payments and continue to not receive such payments.

615.   The named Plaintiffs and all class members seek the same relief from such violations of their legal rights as set forth herein.

616. The named Plaintiffs will fairly and adequately represent and protect the interests of the class. They share the same interest as all class members in the outcome of this litigation, and none of them has any interest that conflicts with or is antagonistic to the interests of any class member.

617. Counsel for the named Plaintiffs are experienced in special education law and federal class action litigation and will vigorously prosecute this action on behalf of the class.

618. The NYCDOE's failures have harmed and continue to harm all class members and apply generally to the class.

619. Accordingly, declaratory, nominal, and injunctive relief is appropriate for the class as a whole.

### CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

(Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*,
and implementing regulations)

620. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 619 above.

621. As the LEA, NYCDOE is legally responsible for ensuring compliance with the IDEA within New York City.

622. The Defendants have denied, and are denying, the rights of the Plaintiffs and their disabled Students, and the putative class, by failing to implement Plaintiffs' uncontested Pendency, automatically and as required under the IDEA, timely or otherwise, and to properly fund the same for the 2022-2023 extended school year and will continue to do so in the future without Court intervention.

623. NYCDOE and the Comptroller fail to fund the uncontested Pendency placements/programs of the Plaintiffs, and their disabled Students, and the putative class members, fail to fund the Pendency placements/programs timely, fail to fund the uncontested Pendency

placements/programs prospectively, and fail to fund said uncontested Pendency placements wholly and completely.

624. Year after year, NYDOCE and/or the Comptroller establish ineffective policies and/or procedures for identifying, implementing, and funding special education students' uncontested Pendency placements/programs and then fail to abide by or follow their own policies and/or procedures.

625. Accordingly, the City Defendants have violated Plaintiffs' rights under 20 U.S.C. § 1415 and 34 C.F.R. § 300.515(a) and deprived Plaintiffs of a free appropriate public education under 20 U.S.C. § 1400 *et seq.* and New York State's Education Law.

626. In addition, the Plaintiffs' rights under the IDEA are enforceable under 42 U.S.C. § 1983, as the Defendants have acted under color of state law, as well as under 20 U.S.C. § 1415 and the Court's equitable powers.

627. The Defendants have acted with deliberate indifference in engaging in the policies, practices, and customs that have led to these violations, despite clear notice that their policies, practices, and customs have caused the violations, and without correcting the policies, practices, and customs. These policies, practices, and customs constitute the Defendants' de facto unlawful, illegal and improper policy.

628. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees.

### SECOND CAUSE OF ACTION
(N.Y. Educ. Law § 4401 *et seq.* and implementing regulations)

629. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 628 above.

630. The Defendants are legally responsible for ensuring compliance with the New York Education Law, as well as the IDEA, within New York City.

631. The Defendants have denied, and are denying, the rights of the Plaintiffs and their disabled Students, and the putative class, by failing to implement Plaintiffs' uncontested Pendency, automatically and as required under the IDEA, timely or otherwise, and to properly fund the same for the 2022-2023 extended school year and will continue to do so in the future without Court intervention.

632. NYCDOE and the Comptroller fail to fund the Pendency placements of the Plaintiffs, and their disabled Students, and the putative class members, fail to fund the Pendency placements/programs timely, fail to fund the Pendency placements prospectively, and fail to fund said Pendency placements/programs wholly and completely.

633. Year after year, NYDOCE and/or the Comptroller establish ineffective policies and/or procedures for identifying, implementing, and funding special education students' Pendency placements/programs and then fail to abide by or follow their own policies and/or procedures.

634. Defendants have thus violated Plaintiffs' rights under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5) and have caused them injury, including deprivation of a free appropriate public education under the New York Education Law, and the IDEA.

635. The Defendants have acted with deliberate indifference in engaging in the policies, practices, and customs that have led to these violations, despite clear notice that their policies, practices, and customs have caused the violations, and without correcting the policies, practices, and customs. These policies, practices, and customs constitute the Defendants' de facto unlawful, illegal and improper policy.

636.   Plaintiffs' rights under the New York Education Law are enforceable under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(3), and the IDEA, as well as under the Court's equitable powers.

637.   As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

(Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a))

638.   Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 637 above.

639.   The Minor Plaintiffs are individuals with disabilities under the Rehabilitation Act because each has a physical or mental impairment that substantially impedes a major life activity. 29 U.S.C. § 705(20)(B).

640.   The Minor Plaintiffs are all qualified for the program at issue because, under Section 504, schools are required to provide a free appropriate public education through special education and related services. *See, e.g.*, 34 C.F.R. § 104.33.

641.   Defendants are subject to Section 504 because they receive federal financial assistance.

642.   The Defendants have denied, and are denying, the rights of the Plaintiffs and their disabled Students, and the putative class, by failing to implement Plaintiffs' uncontested Pendency, automatically and as required under the IDEA, timely or otherwise, and to properly fund the same for the 2022-2023 extended school year and will continue to do so in the future without Court intervention. In so doing, Defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by discriminating against the Minor Plaintiffs and the putative class based on their disabilities.

643. NYCDOE and the Comptroller fail to fund the Pendency placements of the Plaintiffs, and their disabled Students, and the putative class members, fail to fund the Pendency placements/programs in a timely manner, fail to fund the Pendency placements/programs prospectively, and fail to fund said Pendency placements/programs wholly and completely. In so doing, Defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by discriminating against the Minor Plaintiffs and the putative class on the basis of their disabilities.

644. Year after year, NYDOCE and/or the Comptroller establish ineffective policies and/or procedures for identifying, implementing, and funding special education students' Pendency placements/programs and then fail to abide by or follow their own policies and/or procedures. In so doing, Defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by discriminating against the Minor Plaintiffs and the putative class on the basis of their disabilities.

645. Defendants have been on notice of the systemic unlawful delays and failures in implementing Plaintiffs' and disabled Students' Pendency and the many causes of those delays and failures for years but have done nothing to effectively remedy the delays and failures. These failures substantially delay or preclude the implementation of accommodations designed to meet the individual needs of students with disabilities and causes discrimination against the students because they are unable to receive the free appropriate public education that their classmates without disabilities receive.

646. In failing to effectively address the systemic unlawful delays and failures in implementing the Plaintiffs' and disabled Students' uncontested Pendency and the numerous causes of those

delays, Defendants have acted in bad faith and exercised gross misjudgment, and have acted with deliberate or reckless indifference to the Minor Plaintiffs' federally protected rights.

647. The Minor Plaintiffs' rights under Section 504 are enforceable under 29 U.S.C. § 794a and the Court's equitable powers.

648. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees. 29 U.S.C. § 794a.

## FOURTH CAUSE OF ACTION

(Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*.)

649. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 648 above.

650. The Minor Plaintiffs are qualified individuals with disabilities under the Americans with Disabilities Act because each has a physical or mental impairment that substantially impairs a major life activity. 42 U.S.C. § 12102(1). The Minor Plaintiffs and the putative class are entitled to a free appropriate public education.

651. By failing to implement the Plaintiffs' Students' uncontested Pendency placements and programs, for the 2022-2023 extended school year, Defendants have discriminated against the Minor Plaintiffs and the putative class in violation of the Americans with Disabilities Act based on their disabilities by denying them access to a free appropriate public education and accommodations designed to meet their individual needs as adequately as the needs of children without disabilities.

652. Defendants have been on notice of their systemic, unlawful practices in failing to identify, implement, and fund the Plaintiffs' Students' Pendency placements and programs but have done nothing to remedy the delays or failures.

653. In failing to effectively address the implementation and funding delays and failures relative to the Plaintiffs' Students' Pendency, Defendants have acted in bad faith, exercised gross misjudgment, and acted with deliberate or reckless indifference to the Minor Plaintiffs' federally protected rights.

654. Minor Plaintiffs' rights under the ADA are enforceable under 42 U.S.C. § 12133 and the Court's equitable powers.

655. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees. 42 U.S.C. § 12205.

**FIFTH CAUSE OF ACTION**

(Due Process Clause of the Fourteenth Amendment) (42 U.S.C. § 1983)

656. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 655 above.

657. The Fourteenth Amendment to the United States Constitution prohibits the deprivation of the Plaintiffs' Students' right to an education, which is implicit in the concept of ordered liberty, and mandated by the New York State Constitution.

658. Defendants are tasked by law with ensuring that all disabled students are provided with, *inter alia,* a free appropriate public education.

659. Defendants' failure to ensure the Plaintiffs' Students' uncontested Pendency placements and programs for the 2022-2023 extended school year have been implemented and funded has denied the Plaintiffs' Students' and the putative class their rights to a free appropriate public education. In so doing, Defendants have violated the Due Process Clause of the Fourteenth Amendment.

660. Defendants have been on notice of the systemic unlawful delays and failures in implementing and funding uncontested Pendency placements and programs and the numerous causes of said delays and failures for years, but have not remedied them.

661. These failures substantially delay or preclude the implementation of accommodations designed to meet the individual needs of students with disabilities and cause discrimination against the Plaintiffs' Students', and those students similarly situated, because they cannot receive a free appropriate public education and/or education that their classmates without disabilities receive.

662. In failing to address and/or effectively address the implementation and funding failures, relative to the Pendency placements and programs of Plaintiffs' Students', and those students similarly situated, Defendants have acted in bad faith and exercised gross misjudgment, and have acted with deliberate or reckless indifference to the Plaintiffs' Students' constitutionally protected rights.

663. Defendants, at all times referenced herein, have acted under color of law. 42 U.S.C. § 1983.

664. Defendants' actions, policies, practices, and procedures, and failure to adequately supervise and train their officials, agents, and employees, lack sufficient objective standards to curtail the discretion of Defendants' officials and remedy their systemic violations. As a result, the Defendants, their officials, agents, and employees implement and fund the Plaintiffs' Students' Pendency in an ad hoc, arbitrary, and discriminatory manner.

665. Defendants' actions, policies, procedures, and practices allow for unbridled discretion in implementing and funding Pendency placements and programs.

666. Defendants' actions, policies, procedures, and practices unconstitutionally restrict and prohibit the Plaintiffs and the class members' constitutional and statutory right to a free appropriate public education and education. 42 U.S.C. § 1983.

667. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief from the Court, and costs and attorneys' fees. 42 U.S.C. § 1983.

## **RELIEF**

668. **WHEREFORE**, the Plaintiffs respectfully request that this Court:

    a. Certify that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(2), with the Plaintiff class consisting of:

        all special education students in the City of New York and their Parents or Guardians who are or become entitled to uncontroverted and uncontested Pendency placements, programs, and funding from the Defendants through the issuance of a favorable order, agreement or stipulation relating to the provision of a FAPE under the IDEA, for whom the NYCDOE does not oppose Pendency, and who fail to obtain full and timely implementation and/or compliance for their child's pendency placement.

    b. Enter an injunctive order, or other order as appropriate under the equitable authority of the Court, requiring Defendants to immediately fund each Student's tuition and related services, including special transportation, and nursing services where applicable, as each Student is entitled to an automatic preliminary injunction or other order for Pendency as a matter of law;

    c. Issue an Order appointing a Special Master or monitor to: a) oversee the implementation and funding of Plaintiffs' and all class members' uncontested Pendency placements and programs; b) oversee the Defendants' creation of policies, procedures, and protocols, to timely implement and fund the uncontested Pendency placements and programs of the Plaintiffs and all class members; c) gather facts, issue reports and make recommendations to the Court regarding the Defendants' systemic, and unlawful violations in the implementation and funding of Plaintiffs' and all class members' uncontested Pendency placements and programs; and d) gather facts, issue reports and make recommendations to the Court regarding the creation of policies, procedures, and protocols to be developed by the Defendants to remedy their unlawful and systemic violation of the IDEA in the implementation and funding of Plaintiffs' and all class members' uncontested Pendency placements and programs.

d.  Enter a Judgment:

    i.  Declaring that NYCDOE violated (1) the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*., and its implementing regulations; (2) the N.Y. Educ. Law § 4401 *et seq*. and its implementing regulations; (3) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and (4) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*.;

    ii.  Awarding Plaintiffs' damages due to the NYCDOE's failure or delay in providing such funds;

    iii.  Awarding Plaintiffs nominal damages;

    iv.  Awarding Plaintiffs punitive damages;

    v.  Awarding Plaintiffs' reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I); 29 U.S.C. § 794a; 42 U.S.C. § 1988; and 42 U.S.C. § 12205; and,

    vi.  Granting any other relief that this Court deems just, proper, and/or equitable

Dated: October 21, 2022
      New York, N.Y.

        Respectfully submitted,

        /*S*/  Rory J. Bellantoni
        Rory J. Bellantoni (RB2901)
        Brain Injury Rights Group, Ltd.
        *Attorneys for Plaintiffs*
        300 E. 95th Street, Suite 130
        New York, N.Y. 10128
        (646) 850-5035
        rory@pabilaw.org