

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JACQUELYN DAINOW
Phone: (212) 356-0896
Fax: (212) 356-1148
Email: jadainow@law.nyc.gov

December 14, 2022

**VIA ECF**
Honorable John P. Cronan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Donohue, et al. v. Banks, et al.*, Docket No. 22-cv-8998 (JPC)

Dear Judge Cronan:

  I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the Defendants, New York City Department of Education (the "Department"), its Chancellor David C. Banks, and Brad Lander, the Comptroller of the City of New York (together, "Defendants") in the above-captioned action. As Your Honor may recall, this case involves the pendency placements of eighteen students at the International Institute for the Brain ("iBrain"), the private school the students attend, for the 2022-2023 school year. I write this letter jointly with Plaintiffs' counsel, pursuant to the Court's directives during the December 8, 2022 conference, to inform the Court as to what topics still need to be resolved, if any discovery is outstanding, and to outline proposed schedules for discovery and the briefing of summary judgment motions.

  The issues presently remaining, and which will be argued in the parties' respective briefings, are as follows:

1. The extent to which the Defendants are obligated to implement each student-Plaintiffs' pendency, including funding for same relative to tuition, transportation, and nursing.

2. The effect of an impartial hearing officer's issuance of a Findings of Fact and Decision ("FOFD") on pendency, including when the FOFD is appealed;

3. Transportation payments for the 14 students where in-person attendance records are at issue, including:

    a. whether iBrain is a school; and

      b. the applicability of the NYCRR and Education Law;

          i. whether Plaintiffs must provide in-person attendance records demonstrating the students' attendance at iBrain and what effect, if any, the answer to same has on Pendency Orders/Forms or FOFDs;

4. Whether nursing is applicable to student-Plaintiff Y.N.

After meeting and conferring with Plaintiffs' counsel, per Your Honor's directives, it became apparent that there is a possibility that there may not be a disagreement regarding nursing payments for student-Plaintiff L.V.F. after all. Plaintiffs' counsel is currently looking into this matter further and the parties will meet and confer again to try to resolve same. However, if an issue is determined to continue to exist, the parties will include this in their respective briefings.

Regarding discovery, Defendants contend that, upon information and belief, the following is outstanding: nursing invoices for students L.V.F., A.J.C.B., H.C., S.J.D., O.F., and T.A.N. for November 2022. While Defendants also contend that in-person attendance records are outstanding for 14 of the 18 student-Plaintiffs, given that Plaintiffs claim such records do not exist, only the nursing invoices will be included in the proposed discovery schedule below. Plaintiffs contend that for the 14 students where transportation is at issue, Defendants should furnish the exact documentation that specifies the "to/from" or "door to door" language that Defendants are relying on to support their position.

The parties disagree regarding the proposed discovery schedule. Defendants believe 2 weeks for the production of discovery is entirely reasonable as it will allow sufficient time for not only Plaintiffs to produce the above documentation, but also for the DOE to locate the requisite documents for all 18 student-Plaintiffs. Accordingly, Defendants' proposed discovery schedule is as follows:

1. Plaintiffs to furnish the above-described nursing invoices by <u>December 30, 2022</u>. However, nothing shall preclude Defendants from seeking relevant records, through subpoena, from iBrain.

2. Defendants to send Plaintiffs the above documentation by <u>December 30, 2022</u>.

With respect to Plaintiffs' discovery demand, (*see Plaintiff's Position below*), that Defendants be ordered to produce any and all policies, written or otherwise, maintained by the Defendants concerning Pendency and implementing Pendency in IDEA matters, Defendants object to same as such is irrelevant and essentially a fishing expedition.

Lastly, the parties disagree as to a briefing schedule and also to the nature of the briefing. Defendants contend that they are entitled to file a cross-motion for summary judgment because, as a matter of law, the DOE's obligation to pay the 14 student-Plaintiffs' transportation whose invoices are at issue is contingent upon proof of attendance. Here, the DOE has not been provided with proof of attendance for those 14 student-Plaintiffs. As to the remaining 4 student-Plaintiffs, transportation has been and will continue to be paid, upon receipt of monthly invoices, and pursuant to their respective pendency orders, forms, or FOFDs, as such do not link funding

for transportation to attendance. Thus, these claims are now moot. Accordingly, Defendants' proposed briefing schedule is as follows:

1. Plaintiffs' motion for summary judgment: <u>January 13, 2023</u>;

2. Defendants' cross-motion for summary judgment: <u>February 10, 2023</u>;

3. Plaintiff's reply and opposition to Defendants' cross-motion: <u>March 3, 2023</u>;

4. Defendants' reply: <u>March 24, 2023</u>.

**PLAINTIFF'S POSITION**:

The main issue to be addressed in the parties' briefings is the extent to which the Defendants must implement each Student's Pendency, including funding for the same relative to tuition, transportation, and nursing. While the parties agree on some matters, as stated above, there are fundamental disagreements on the matters stated below.

First, since there are no in-person attendance records kept by iBrain or the special transportation provider, they are not outstanding, as described above.

Second, the following are not outstanding, as they were sent to the DOE by the respective related services providers on December 1, 2022: 1) nursing invoices for students L.V.F., A.J.C.B., H.C., S.J.D., O.F., and T.A.N. for November 2022. In addition, transportation invoices for students Y.M., A.N., Y.N., and L.V.F. for November 2022, were sent to the DOE on December 1 as well. Although the preceding invoices have been sent to the DOE, funding has not been provided for the same. The undersigned takes no position on the Defendants serving a subpoena on iBrain as the undersigned does not represent them.

At the recent conference, the Court asked the Plaintiffs if any discovery was necessary relative to the Plaintiffs' motion. The Plaintiffs are requesting minimal discovery. More specifically, the Plaintiffs request that the Defendants be ordered to produce any and all policies, written or otherwise, maintained by the Defendants concerning Pendency and implementing Pendency in IDEA matters. Defendants' objection to the Plaintiffs' demand as a "fishing expedition" is frivolous. In an action about Pendency where the Plaintiffs allege that the DOE is wrongfully and unlawfully withholding Pendency payments, the DOE's policies and procedures with respect to implementing Pendency are far from a fishing expedition. **As such, the Plaintiffs request such discovery be produced by email or other electronic means, by December 23, 2022.**

**Plaintiffs also request the DOE identify students for whom it contends Pendency payments are not due and owing, and explain why.** For example, concerning those students for whom the DOE claims "in-person" attendance records are required, the DOE shall identify the specific Student and the basis for its position that "in-person" attendance records are required. **Defendants shall produce such information by email, or other electronic means, by December 23, 2022.**

There is no reason the items mentioned above cannot be produced **by December 23.** The Plaintiffs have produced the documentation requested above, and the Defendants can produce the requested documents **by December 23.**

Finally, concerning the briefing schedule, the Plaintiffs submit that the Defendants' proposed schedule is inappropriate and not in accordance with Your Honor's comments at the conference.

In a district court proceeding under the IDEA, the parties and Court typically style the decision as a ruling on a motion for summary judgment, but the procedure is, in substance, typically an appeal of an administrative determination, not a summary judgment motion. Therefore, the district court engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.

The motion usually serves as a pragmatic procedural mechanism for reviewing a State's compliance with the procedures outlined in the IDEA in developing an IEP and determining whether a challenged IEP is reasonably calculated to enable a child to receive educational benefits. Put another way, courts have noted that summary judgment appears to be the most pragmatic procedural mechanism in the Federal Rules for resolving IDEA actions appealing the Decision of a State Review Officer.

Typically, a Plaintiff moves for summary judgment to reverse an adverse finding or decision from a State Review Officer, and the Defendant cross-moves for summary judgment, asking the Court to sustain the State Review Officer's Decision and dismiss the Plaintiffs' Complaint. However, this case does not involve an appeal from the Decision of a State Review Officer. In such matters, both parties move for summary judgment.

The Defendants have no basis to cross-move for summary judgment here. Defendants have not answered, nor have they asserted an affirmative claim. They cannot, and will not, seek an Order dismissing the Plaintiffs' Complaint. Instead, they will simply oppose the Plaintiffs' motion for an order directing DOE to implement the Plaintiffs' various Pendency Orders because they claim additional documentation is needed to implement Pendency for some Students.

Plaintiffs' motion will address the implementation and funding of each Student's uncontested Pendency placement/program. The Plaintiffs' motion will ask the Court to order the Defendants to pay tuition, transportation, and nursing services where applicable based on Pendency. The Defendants are alleging, and will allege, that additional documentation is needed to pay transportation costs for various students.

The Defendants will not be entitled to summary judgment, and Cross-Motions only serve to delay this matter further. Cross-Motions create extra-briefing that is not required in this matter. In the context of this Pendency matter, the Defendants' proposed briefing schedule is simply unreasonable. As a result, the Plaintiffs propose the following schedule:

Defendants are to produce the items requested above:   **By December 23, 2022**

Plaintiffs' Motion for Partial summary judgment:   **By January 6, 2023**

| | |
|---|---|
| Defendants' Response/Opposition: | **By January 20, 2023** |
| Plaintiffs' Reply: | **By January 27, 2023** |

Any proposed schedule that pushes the briefing beyond January 2023 is merely a dilatory tactic. The New York City Law Department represents the Defendants, and there are hundreds of attorneys in the Department—more than a dozen work on IDEA-related matters. There is no reason the Defendants cannot brief this matter in the time frame set forth above. Plaintiffs will also object to any requests for extensions other than brief extensions based on unforeseen circumstances.

Finally, there are no moot issues in this matter, as the Defendants allege. Pendency for these eighteen students continues under §1415(j) throughout any proceedings conducted pursuant to the IDEA. More specifically, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement. 34 C.F.R. § 300.518.

The parties thank Your Honor for your consideration.

> **HON. SYLVIA O. HINDS-RADIX**
> Corporation Counsel of the City of New York
> *Attorney for Defendants*
> 100 Church Street, Rm 2-195
> New York, NY 10007
> t: (212) 356-0896
> e: jadainow@law.nyc.gov
>
> By:      /s/ Jacquelyn Dainow
>          Jacquelyn A. Dainow
>          Assistant Corporation Counsel

To:   All Counsel of Record via ECF

---

First, the Court will adopt Defendants' proposed briefing schedule. The parties shall exchange discovery by December 30, 2022; Plaintiffs shall move for summary judgment by January 13, 2023; Defendants shall oppose and cross-move for summary judgment by February 10, 2023; Plaintiffs shall reply and oppose Defendants' cross-motion by March 3, 2023; and Defendants shall reply by March 20, 2023.

Second, while the Court recognizes that the parties have many legal disagreements about the IDEA, the Court suspects that many of those disagreements need not be resolved in order to determine whether Plaintiffs are entitled to the relief sought in the Complaint. Setting aside questions of whether particular items of documentation have yet been provided, which do not appear to present any legal disagreement over a student's entitlement to relief, at the moment the only relief sought by Plaintiffs that Defendants dispute is (1) various student-Plaintiffs' entitlement to transportation payments and (2) Y.N.'s entitlement to nursing payments. Each of these disputes, furthermore, appear to turn on what obligations are actually imposed by the relevant Findings of Fact and Decision ("FOFD") or Pendency Order. Therefore, the parties' briefing should address broader legal questions under the IDEA--such as "[t]he effect of an impartial hearing officer's issuance of a [FOFD] on pendency, including when the FOFD is appealed"--only to the extent that resolving those questions is relevant to the particular forms of relief that Plaintiffs seek. Furthermore, Plaintiffs' request that Defendants produce all policies related to pendency goes well beyond what is relevant to this case, given that the relief Plaintiffs seek is not related to every aspect of pendency. Plaintiffs may seek discovery related to Defendants' policies by making a narrower request for policies limited to subjects Plaintiffs identify as relevant to the transportation payments sought by various student-Plaintiffs and the nursing payments sought by Y.N.

SO ORDERED
Date: December 19, 2022
New York, New York

JOHN P. CRONAN
United States District Judge