UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICK DONOHUE, as Parent and Natural
Guardian of S.J.D. and PATRICK DONOHUE,
Individually, *et al*,

                      Plaintiffs,

                                                          Docket No. 22-cv-08998

-against-

DAVID C. BANKS, in his official capacity as           **LOCAL RULE 56.1**
Chancellor of the New York City Department of       **STATEMENT**
Education; NEW YORK CITY DEPARTMENT
OF EDUCATION; and BRAD LANDER, in his
official capacity as Comptroller of the City of
New York,

                      Defendants.
-----------------------------------------------------------X

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, and in support of the Plaintiffs' motion for summary judgment, the Plaintiffs, the Parents and Guardians of their respective disabled children, and Individually, by and through counsel Ashleigh C. Rousseau, Esq., Brain Injury Rights Group, Ltd., submits the following statement of material facts as to which Plaintiffs contend that there exists no genuine issue of material facts to be tried herein:

1. Plaintiff PATRICK DONOHUE is the Parent and Natural Guardian of S.J.D.[1]

2. Plaintiff TANISHA ALLEN is the Parent and Natural Guardian of T.A.

3. Plaintiff KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A.

4. Plaintiff MARILYN BECKFORD is the Parent and Natural Guardian of M.B.

5. Plaintiff DONNA CORNETT is the Parent and Natural Guardian of J.B.

---

[1] Although the full name of the Parents/Plaintiffs are used herein, consistent with the Federal Family Educational Rights and Privacy Act, 20 U.S.C. §1232(g) (and 34 C.F.R., Part 99) ("FERPA"), Plaintiffs' counsel is using the initials of the Student to protect the Student's privacy.

6. Plaintiff MAYTINEE BIRD is the Parent and Natural Guardian of H.C.

7. Plaintiff LYNN CHAPERON is the Parent and Natural Guardian of A.C.

8. Plaintiff LINDA LARACH-COHEN is the Parent and Natural Guardian of M.C.

9. Plaintiff CRYSAL CROSLEY is the Parent and Natural Guardian of Z.C.

10. Plaintiff CAROLYN MASON is the Parent and Natural Guardian of A.D.

11. Plaintiff NEYSHA CRUZ is the Parent and Natural Guardian of O.F.

12. Plaintiff NAHOKO MIZUTA is the Parent and Natural Guardian of Y.M.

13. Plaintiff DOROTHY NESKE is the Parent and Natural Guardian of A.N.

14. Plaintiff SVETLANA KHANIMOVA is the Parent and Natural Guardian of Y.N. and R.N.

15. Plaintiff JUMOKE OGUNLEYE is the Parent and Natural Guardian of D.O.

16. Plaintiff IRIS RUCKER-TORIBIO is the Parent and Natural Guardian of A.R.

17. Plaintiff ALEXANDRA FIALLOS is the Parent and Natural Guardian of L.V.

18. Each Student-Plaintiff has a pendency placement at iBRAIN as a matter of law for the 2022-2023 SY. *See,* Declaration of Ashleigh C. Rousseau (hereinafter, "Rousseau Dec"), **Exhibits 4-19**.

19. Each Plaintiff filed a Ten-Day Notice in June 2022 for the 2022-2023 SY, notifying Defendants that Plaintiffs intended to re-enroll their respective students at iBRAIN for the 2022-2023 SY and would be seeking funding for same. [ECF No. 6-1].

20. Upon the filing of each Plaintiff's Due Process Complaint, each Student-Plaintiff was entitled to placement at iBRAIN for the 2022-2023 SY on the basis of pendency. [Id.]; *see also*, (Rousseau Dec, **Exs. 4-19**).

21. To date, Defendants refuse to fund special transportation for the Student-Plaintiffs in accordance with their transportation contracts, asserting that attendance records are necessary in order to initiate payment. [ECF No. 28, p. 5].

22. In the Declaration of Sapna Kapoor, filed in the *LV v. New York City Dep't of Educ.* action and provided by Defendants through the course of discovery, Ms. Kapoor unequivocally states that:

> "For prospective payment cases, the DOE must have the name of the vendor or school to be paid, together with a Social Security number or taxpayer identification number, which must be verified by the Comptroller if the vendor is new to the City's payment system, and the rate for the service. To pay a school, a contract or affidavit stating the amount of tuition owed is also required. Once that information is in place, the Implementation Unit can authorize payment."

(Rousseau Dec, **Ex. 24**, ¶12).

23. The Declaration of Sapna Kapoor does not state that attendance records are needed to initiate prospective pendency payments. (**Id.**).

24. In this case, the Student-Plaintiffs' transportation provider **is not new**, as Defendants themselves have conceded to this Court that:

> "Of note, unlike the cases described above, the transportation payments that the DOE has been able to make thus far were not linked to the student's actual attendance per the wording of the respective student's pendency order/form. For the remainder of the students, the DOE maintains that such records are necessary in order to pay transportation costs for the student Plaintiffs' whose pendency order/forms explicitly tie transportation payment to attendance."

Defendants' Correspondence to the Court (dated Nov. 30, 2022) [ECF No. 28, p. 5].

25. By Defendants' own concession, DOE has issued pendency payments for special transportation on behalf of the Student-Plaintiffs *without* the attendance records they currently seek. [Id.]

26. Defendants' contentions about the necessity of attendance records to issue pendency payments on a prospective basis are contrary to the statements in the Declaration of Sapna

3

Kapoor filed in *LV v. New York City Dep't of Educ.*, which Defendants provided during discovery in support of their position. *Cf.* (Rousseau Dec, **Ex. 24**, ¶12) with ECF No. 28, p. 5.

27. Defendants have previously issued transportation payments on behalf of Student-Plaintiffs without attendance records. [ECF No. 28, p. 5].

28. Each Student-Plaintiff's placement includes special transportation. (Rousseau Dec, **Exs. 4-19**).

29. Of all the discovery provided by Defendants, ***there is only ONE*** Order that does not explicitly order DOE to fund the Student-Plaintiffs' transportation costs in accordance with their respective transportation contracts. *See*, Rousseau Dec, **Ex. 15**; *cf* **Exs. 4-14, 16-19**).

30. The **ONE** Order that makes an alteration to the transportation costs for the 2022-2023 SY was issued for Student-Plaintiff S.J.D., where the IHO held:

    > "I will not grant the family's request as claimed, but will Order the district to directly fund the costs of the student's transportation services during the 2021-2022 and 2022-2023 school years at a fair market rate based on comparable transportation utilizing a comparable vehicle with comparable accommodations for transportation services to and from the private program….
    >
    > (3) order that the district directly fund the costs of transportation of the student during the 2021-2022 and 2022-2023 school years at a fair market rate based on comparable transportation, from a comparable vehicle with comparable accommodations for transportation services to and from the private program that were actually provided (if the district has funded the cost of transportation provided by the provider utilized here for any student during the preceding twelve months, utilizing substantially similar equipment and supports, the rate actually paid would constitute one possible basis for defining the fair market rate); and…"

    (Rousseau Dec, **Ex. 15**, p. 9-10).

31. All other Orders issued in favor of Student-Plaintiffs unequivocally order DOE to fund the Student-Plaintiffs' transportation for the 2022-2023 SY. (Rousseau Dec, **Exs. 4-14, 16-19**).

32. During the course of discovery, Defendants provided the New York City Department of Education ("NYC DOE") Standard Operating Procedures Manual ("SOPM"). (Rousseau Dec, **Ex. 25**).

33. On page 87 of the SOPM, it states:

    A student with a disability who is placed by his/her parent in a private or religious school up to 50 miles from the student's residence, and who will receive a special education program and/or related services similar to those recommended by the DOE, must be provided suitable transportation to and from school. If the student's IEP or IESP recommends specialized transportation, that recommendation will typically be the "suitable" transportation to which the student is entitled.

    (Rousseau Dec, **Ex. 25**, p. 87)

34. With regard to Pendency, the SOPM states that:

    "After a due process complaint has been filed, a student is generally entitled to remain in the last agreed upon program during the pendency of the impartial hearing and any appeals. This is commonly referred to as the "pendency placement." Pendency is also referred to as "stay-put" or "status quo."

    ***Pendency is in effect from the day that a request is filed until the day that the hearing process has been exhausted, including the appeals process (if applicable).*** During any hearing or appeal — except an expedited impartial hearing or appeal relating to disciplinary procedures — a school-age student should stay in the last agreed-upon placement and may not be moved unless the parent and the DOE have otherwise agreed. The last-agreed-upon placement is generally determined by the last agreed-upon IEP or the last unappealed hearing decision. **To the extent possible, field staff should consult with the impartial hearing representative or OLS attorney in order to identify and provide students with the last agreed-upon placement and services *as soon as the request is filed*.**"

    (Rousseau Dec, **Ex. 25**, p. 118) (emphasis added).

35. Defendants ignore their own SOPM by failing to offer pendency services "as soon as the request [wa]s filed," prompting the commencement of this action. [ECF No. 1, 6].

36. Per Defendants' own policies, it must continue to fund the Student-Plaintiffs' pendency placements "until the day that the hearing process has been exhausted, including the appeals process (if applicable)." (Rousseau Dec, **Ex. 25**, p. 118).

5

37. Noticeably absent from the SOPM is the requirement for the attendance records Defendants contend are required. (Rousseau Dec, **Ex. 25**).

38. Also in Defendants' discovery responses, Defendants produced documents that reflect:

    "Curb-to-school or specialized bus service is provided to students whose medical, health, or disability-related conditions or special circumstances prevent them from being able to walk or utilize other forms of transportation to get to and from school." (Rousseau Dec, **Ex. 27**).

39. Defendants recognize "curb-to-school" and "door-to-door" as a *type* of special transportation—but fail to provide documents or legal authority to substantiate that attendance records are needed to receive that type of special transportation. *Cf.* Dec. of Sapna Kapoor, (Rousseau Dec, **Ex. 24**, ¶12).

40. In Defendants' discovery responses, Defendants also produced a document titled: "IHO Implementation – Payment Instruction." (Rousseau Dec, **Ex. 23**).

41. In the "IHO Implementation – Payment Instruction" document, under the header "Reimbursement to a Parent or an Attorney on a Parent's Behalf" it states:

    "Transportation: Regardless of method of travel, you must submit proof of your child's attendance at school/service location. In unique and/or complicated circumstances, or if you do not have a receipt for transportation purchased in cash, an affidavit may be required." (Rousseau Dec, **Ex. 23**).

42. All Plaintiffs in this case **are not** seeking reimbursement for payments they have made to the transportation company. [*See*, ECF No. 6].

43. All Plaintiffs in this case seek direct payments to their child's pendency placement to maintain the Student-Plaintiffs' placements. [*Id.*].

44. To date, Defendants have still not funded Student-Plaintiffs' pendency placements at iBRAIN in accordance with the unappealed Orders issued in the Parent-Plaintiffs' favor.

45. By Defendants' own admission, DOE can remit payments for special transportation **without** the "required" attendance records. *See,* ECF No. 28, p. 5 (¶23, *supra*); *see also,* Dec. of Sapna Kapoor, **Ex. 24**.

Dated:    February 1, 2023
         New York, New York

                                            Respectfully Submitted,

                                            /s/ _____
                                            Ashleigh C. Rousseau, Esq. [5801923]
                                            *Attorneys for the Plaintiff(s)*
                                            Brain Injury Rights Group, Ltd.
                                            300 East 95th Street, Suite 130
                                            New York, New York 10128
                                            ashleigh@pabilaw.org


cc:    Jacquelyn Dainow, Esq.
       *NYC Law Department*
       100 Church Street
       New York, New York 10007
       *Via email: jadainow@law.nyc.gov*