UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONOHUE, ET AL.,<br><br>       *Plaintiffs*,<br><br>-v-<br><br>NYC DEPARTMENT OF EDUCATION, et al.,<br><br>       *Defendants*, | Civil Action No.1:22-cv-08998 (JPC)<br><br>**ECF CASE**<br><br>**NON-PARTY INTERNATIONAL INSTITUTE FOR THE BRAIN LTD.'S OBJECTIONS AND RESPONSES TO SUBPOENA BY DEFENDANTS** |

   Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party International Institute for the Brain Ltd., ("iBrain"), through its attorneys, Pryor Cashman LLP, submits the following objections and responses to the subpoena served upon it by Defendants David C. Banks, the New York City Department of Education, and Brad Lander (collectively "Defendants"), dated January 11, 2023 (the "Subpoena").

## GENERAL OBJECTIONS

   iBrain makes its objections to specific requests set forth in the Subpoena by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate:

   1. iBrain objects to the Subpoena to the extent it calls for the production of information under the possession, custody, and control of an entity other than iBrain, rather than iBrain.

   2. iBrain objects to the Subpoena to the extent it purports to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court, or other applicable statute, regulation, rule, or court order.

   3. iBrain objects to the Subpoena to the extent it calls for the disclosure of information or the production of documents protected by the attorney-client privilege, the work product

doctrine, the joint-defense privilege, the common interest privilege or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any privileged information or production of any documents that are privileged or otherwise protected and inadmissible shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

4. iBrain objects to the Subpoena to the extent it calls for the disclosure of information that is highly sensitive, confidential, a trade secret or information that is otherwise proprietary in nature, information that is protected from disclosure pursuant to confidentiality provisions, or under any confidentiality agreements.

5. iBrain objects to the Subpoena to the extent it seeks protected Education Records as that term is defined under 34 C.F.R. §99.3 and as disclosure of such records is limited under the federal Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g and its regulations (34 C.F.R. Part 99) ("FERPA").

6. iBrain objects to the Subpoena to the extent it seeks to impose an undue burden on iBrain, which is not a party to the underlying action.

7. iBrain further objects to the Subpoena to the extent it seeks documents or information that are in the possession, custody, or control of a party to the underlying action or equally available from another source (including public sources) that is more convenient, less burdensome, or less expensive than requiring iBrain to produce such documents or information.

8. iBrain objects to the Subpoena to the extent it calls for the production of documents that are not relevant to the issues of law and fact in this action or not reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter involved in this action.

9. iBrain objects to the Subpoena to the extent it seeks the disclosure of information or the production of documents not within iBrain's knowledge, possession, custody or control. iBrain will make a reasonably diligent inquiry concerning the subject matter of the Subpoena.

10. iBrain objects to the Subpoena to the extent it is unduly burdensome because the requests are not reasonably tailored in scope.

11. Neither an indication that documents will be produced nor an objection to a particular request in the Subpoena indicates the existence of responsive documents or are within iBrain's possession, custody or control. By agreeing to comply with a particular Request, iBrain represents only that it will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce any non-objectionable, non-privileged documents responsive thereto within its possession, custody or control, to the extent they exist.

12. In responding to the Subpoena, iBrain neither waives, nor intends to waive, but expressly reserves: i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; ii) all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or iii) all rights to object on any ground to any Subpoena or other, further demand for documents or other responses involving or related to the subject matter of the Subpoena.

13. iBrain reserves the right to amend, modify, and supplement these responses as appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

**Document Request No. 1:**
All documents evidencing the dates during the 2022-23 school year on which (1) [T.A.], (2) [M.B.], (3) [J.B.], (4) [M.C.], (5) [Z.C.], (6) [A.D.], (7) [O.F.], (8) [D.O.], (9) [R.N.], (10) [S.J.D.], (11) [N.A.], (12) [H.C.], (13) [A.C.], and (14) [A.R.] attended the International Institute for the Brain (iBrain) in person (that is, by physically appearing at iBrain, and not by phone, computer, or other electronic or remote means) including, but not limited to, attendance records, contracts, invoices,

bills, memoranda, letters, emails, text messages, voicemails, voice notes, notes, calendars, progress reports, report cards, communications, learning agreements, learning plans.[1]

**Response To Request No. 1:**

In addition to the General Objections described above, which are incorporated by reference in this Specific Response, iBrain objects to this Request to the extent that it seeks information already in the possession of Defendants and to needlessly impose a burden upon iBrain, a non-party.  iBrain further objects to this Request to the extent it seeks "*All documents* evidencing the dates during the 2022-23 school year on which" the individuals listed in the request attended iBrain in person.  iBrain objects to this Request as overly broad, unduly burdensome, seeking documents outside iBrain's possession, custody or control, seeking documents within the possession, custody or control of parties other than iBrain, including the parties to the action, and seeking documents protected under 34 C.F.R. §99.1 *et seq*. and the FERPA.  iBrain further objects to this Request on the grounds that it seeks documents that are not "relevant to any party's claim or defense" as required by Fed. R. Civ. P. 26(b)(1) and is, therefore, by definition disproportional to the needs of the case.

In light of the foregoing general and specific objections, no response is required.

Dated: New York, New York
January 22, 2023

PRYOR CASHMAN LLP

By:   *s/ Sidhardha Kamaraju*
Sidhardha Kamaraju
7 Times Square
New York, New York 10036-6569
 (212) 421-4100
*Attorneys for Non-Party International Institute for the Brain*

---

[1] Although the full names of the Parents are used herein, consistent with the FERPA, Counsel is using the initials of the Student to protect that Student's privacy.