**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

Sidhardha Kamaraju
skamaraju@pryorcashman.com

February 17, 2023

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:      **Donohue, et al. v. Banks, et al.; 1:22-cv-08998-JPC**

Dear Judge Cronan:

We represent non-party International Institute for the Brain ("iBrain"). We write in response to defendants' February 14, 2023 motion letter (the "Letter") seeking an order directing iBrain to comply with defendants' subpoena "or else be held in contempt of court." For the reasons stated below, it is respectfully submitted that defendants' request should be denied in its entirety and the Court should grant iBrain its costs incurred in having to oppose defendants' motion.

**Background**

On January 11, 2023, defendants subpoenaed iBrain, requesting "All documents evidencing the dates during the 2022-23 school year on which [14 students] attended [iBrain] in person." The subpoena sought 17 categories of documents, "including, but not limited to, attendance records, contracts, invoices, bills, memoranda, letters, emails, text messages, voicemails, voice notes, notes, calendars, progress reports, report cards, communications, learning agreements, learning plans." Before the deadline for compliance, iBrain served written objections to the subpoena, including, among other things, that the subpoena was overly broad, unduly burdensome, and sought irrelevant information and documents protected under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g and its regulations.

The parties met and conferred by telephone on January 26, 2023, during which iBrain's counsel explained that to run a search of the broad categories of documents listed in the subpoena would be unduly burdensome as it would require, for example, a search of all of the school staff's emails for mention of a particular student's attendance in person on any given day. Defendant's Counsel clarified that the documents sought were attendance records reflecting when the 14 students subject of the subpoena attended iBrain in person. iBrain's counsel indicated that defendants already possessed attendance records for these students from iBrain, but defendants' Counsel complained that those records did not break out whether the student was physically in attendance at the school or attended remotely. Defendants' Counsel also refused to narrow the request, stating that she was not authorized to do so, but that she would confer with her colleagues. iBrain's counsel agreed to ask if more particularized attendance records defendants sought existed.



Honorable John P. Cronan
Page 2

Following this call, iBrain confirmed its' attendance records did not reflect in person, as opposed to remote, attendance for its students. After communicating the same to defendants' Counsel, she insisted that iBrain confirm whether "any documents" in iBrain's possession reflected in person versus remote attendance for its students. iBrain's Counsel reiterated that to respond to defendants' Counsel's query, iBrain would have to conduct the same searches that it would do to respond to the overbroad subpoena. Defendants never narrowed the subpoena and refused to do so despite iBrain's Counsel's invitation to do so. Defendants then filed the instant motion arguing that "iBrain has refused to provide an adequate excuse for not obeying defendants' subpoena," and demanding that the Court order iBrain to comply with the subpoena in less than a week.

### Argument

In determining whether to require a non-party to produce documents, courts are to consider whether the information sought is relevant, and whether compliance would impose an "undue burden" on the non-party. *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). In assessing "undue burden" on a non-party, the court looks to "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (internal citations and quotation marks omitted). Defendants' subpoena fails on all accounts.

*First*, defendants' motion focuses exclusively on the purported relevance of the records sought to the defendants' defense in this action. While defendants summarily claim that the records are relevant to their defense and to a motion for summary judgment they intend to file, [Dkt. # 52 at pp. 2-3], that is untenable foundation upon which to stake their claim. As the Court is well aware, the import of the students' in-person attendance is the subject of a pending summary judgment motion. [Dkt. # 50]. Thus, the Court will determine whether, in fact, that is a viable defense. If the Court decides not, which is a significant possibility given the weight of authority against defendants' position, *see, e.g.*, *Abrams v. New York City Dep't. of Educ.*, No. 20 Civ. 5085 (JPO), 2022 WL 523455 at p. *5 (S.D.N.Y. February 22, 2022), then none of the records sought could even arguably be relevant, and there would be no basis to substantially burden iBrain.

Moreover, while defendants place great weight on their need for these records to support their anticipated motion, both logic and the record demonstrate that this is false. The issue before the Court in the summary judgment briefings is a legal one—whether the pendency orders in place permit defendants' to withhold transportation payments for days that the students did not use the transportation. The specific days on which a student did not visit the school does not impact the question, because the answer is based on the interpretation of the orders. Indeed, even if there was some value to defendants in establishing that, in fact, these students did not physically attend iBrain every day of the school year, the attendance records defendants have show when the student was absent. Defendants implicitly acknowledged this when they stated to the Court on December 14, 2022, nearly a month before they sought these records from iBrain, that they were entitled to summary judgment "as a matter of law" based on the discovery they had already. [Dkt. #32 at 2].

*Second*, although defendants' motion is silent on the issue, the limited relevance of these records underscores the improper burden compliance would place on iBrain. *See, e.g.*, *Jam Indus.*



Honorable John P. Cronan
Page 3

*USA, LLC v. Gibson Brands, Inc.*, No. 19 MC 508-LTS, 2020 WL 4003280, at *4–5 (S.D.N.Y. July 15, 2020).  The subpoena requires iBrain to produce 17 categories of documents, including emails, text messages, voicemails, and progress reports, for 14 students for an entire school year.  Thus, to comply with the subpoena, iBrain would need to search, for example, the email and voicemail accounts of its nearly 200 employees for any reference to whether an employee observed or interacted with a particular student that was on iBrain's campus on a particular day.   For simply the last two days, that would entail approximately 10,000 emails.  Similarly, the subpoena would require iBrain to comb through the progress reports for each day to determine whether they indicate whether a child was physically present that day.  That burden is heightened because the subpoena calls for documents that may be protected from disclosure by FERPA (which precludes production of certain records absent parental consent), *see* 34 C.F.R. §99.30 *et seq.*, or other privileges, including the attorney-client or doctor-patient privileges.  Given the overbreadth of the subpoena, the Court should reject defendants' attempt to enforce it.  *See*, *e.g.*, *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19 MISC. 384 (AT), 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019).

*Third*, while defendants claim that iBrain should be held in contempt for "disobeying" the subpoena, it is defendants, in fact, who should be ordered to pay iBrain's costs for having to respond to this meritless motion.  While defendants complain, in essence, that iBrain did not consent to searching *all* of its files for records that go to an issue that is currently under consideration by the Court, iBrain simply availed itself of the protections for non-parties under Federal Rule of Civil Procedure 45—it filed written objections before the time of compliance, Fed. R. Civ. P. 45(d)(2)(B), conferred with defendants' counsel, offered to produce attendance records if they showed the information that defendants sought, and invited defendants to narrow their requests so that iBrain could respond.  Defendants claim that iBrain improperly refused to divulge whether it had any documents that were "sufficient to show" the students' in-person attendance.  iBrain, however, does not track in-person versus remote attendance, and thus, to determine whether there was any such documents necessarily would require iBrain to conduct the same burdensome search that simply responding to the subpoena would.  iBrain's response was entirely proper.  Defendants' actions, on the other hand, warrant awarding iBrain its costs.  Defendants waited until January 11, 2023, two days before the expiration of the discovery period, to serve an incredibly broad subpoena on a non-party, refused to narrow it in any way, and then filed a motion to compel to enforce the overbroad subpoena in which defendants, based on their own manufactured urgency, demanded that iBrain produce these records within two days after iBrain's response to the motion was to be filed.  An "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45 (d)(1), and defendants have failed to do so.  Accordingly, iBrain respectfully requests its costs in responding to the motion pursuant to Fed. R. Civ. P. 37 (a) (5) (B).

Respectfully submitted,

*s/ Sidhardha Kamaraju*

Sidhardha Kamaraju
Stephanie Chery

7247898 v5