UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

PATRICK DONOHUE, as Parent and Natural Guardian of
S.J.D., and PATRICK DONOHUE, Individually, et al.,

**ANSWER**

*Plaintiffs*,

22-CV-8998 (JPC)

-against-

DAVID C. BANKS, in his official capacity as Chancellor
of the New York City Department of Education; NEW
YORK CITY DEPARTMENT OF EDUCATION; and
BRAD LANDER, in his official capacity as Comptroller
of the City of New York,

*Defendants*.

-------------------------------------------------------------------- X

Defendants, David C. Banks, in his official capacity as Chancellor of the New York

City Department of Education, New York City Department of Education; and Brad Lander, in his

official capacity as Comptroller of the City of New York, by their attorney, Hon. Sylvia O. Hinds-

Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated

October 21, 2022 ("Complaint"), respectfully state and allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, and

respectfully refer the Court to the statutes cited therein for a complete and accurate statement of

its provisions.

2.      Deny the allegations set forth in paragraph "2" of the Complaint, and

respectfully refer the Court to the statutes cited therein for a complete and accurate statement of

their provisions.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

4.      Deny the allegations set forth in paragraph "4" of the Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

6.      Deny the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

15. Deny the allegations set forth in paragraph "15" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

16. Deny the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to the case referenced therein for a complete and accurate statement of its holding.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to the statutes and cases referenced therein for a complete and accurate statement of their provisions and holdings.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the statute and case law cited therein for a complete and accurate statement of their provisions.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

48.     Deny the allegations set forth in paragraph "48" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as set forth therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, except admit that DOE maintains offices in New York County and that Plaintiffs seek to lay venue as set forth therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

53.     Deny the allegations set forth in paragraph "53" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

56.     Deny the allegations set forth in paragraph "56" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

57.     Deny the allegations set forth in paragraph "57" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

58.     Deny the allegations set forth in paragraph "58" of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

59.     Deny the allegations set forth in paragraph "59" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

60.     Deny the allegations set forth in paragraph "60" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

61.     Deny the allegations set forth in paragraph "61" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

62.     Deny the allegations set forth in paragraph "62" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

63.     Deny the allegations set forth in paragraph "63" of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

64.     Deny the allegations set forth in paragraph "64" of the Complaint and refer the Court to the statute referenced therein for a complete and accurate statement of its provisions.

65.     Deny the allegations set forth in paragraph "65" of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

66.     Deny the allegations set forth in paragraph "66" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

67.     Deny the allegations set forth in paragraph "67" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

68.     Deny the allegations set forth in paragraph "68" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

69.     Deny the allegations set forth in paragraph "69" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

70.     Deny the allegations set forth in paragraph "70" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

71.     Deny the allegations set forth in paragraph "71" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

77.     Deny the allegations set forth in paragraph "77" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

78.     Deny the allegations set forth in paragraph "78" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

79.     Deny the allegations set forth in paragraph "79" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

80.     Deny the allegations set forth in paragraph "80" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

81.     Deny the allegations set forth in paragraph "81" of the Complaint, and respectfully refer the Court to the policy referenced therein for a complete and accurate statement of its contents.

82.     Deny the allegations set forth in paragraph "82" of the Complaint and refer the Court to the statute referenced therein for a complete and accurate statement of its provisions.

83.     Deny the allegations set forth in paragraph "83" of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

84.     Deny the allegations set forth in paragraph "84" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

85.     Deny the allegations set forth in paragraph "85" of the Complaint and refer the Court to the statute and case law referenced therein for a complete and accurate statement of their provisions.

86.     Deny the allegations set forth in paragraph "86" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

87.     Deny the allegations set forth in paragraph "87" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

88.     Deny the allegations set forth in paragraph "88" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

89.     Deny the allegations set forth in paragraph "89" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

90.     Deny the allegations set forth in paragraph "90" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

91.     Deny the allegations set forth in paragraph "91" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

92.     Deny the allegations set forth in paragraph "92" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

93.     Deny the allegations set forth in paragraph "93" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

94.     Deny the allegations set forth in paragraph "94" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

95.     Deny the allegations set forth in paragraph "95" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

96.     Deny the allegations set forth in paragraph "96" of the Complaint and refer the Court to the case law cited therein for a complete and accurate statement of its provisions.

97.     Deny the allegations set forth in paragraph "97" of the Complaint and refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

98.     Deny the allegations set forth in paragraph "98" of the Complaint and refer the Court to the statute and case law cited therein for a complete and accurate statement of their provisions.

99.     Deny the allegations set forth in paragraph "99" of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein, and also refer the Court to the statue cited therein for a complete and accurate statement of its provisions.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102.   Admit, upon information and belief, the allegations set forth in paragraph "102" of the Complaint.

103.   Admit, upon information and belief, the allegations set forth in paragraph "103" of the Complaint.

104.   Admit the allegations set forth in paragraph "104" of the Complaint.

105.   Deny the allegations set forth in paragraph "105" of the Complaint, except admit that S.J.D. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

106.   Deny the allegations set forth in paragraph "106" of the Complaint, except admit that special education and related services have been recommended for S.J.D., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

107.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.   Admit, upon information and belief, the allegations set forth in paragraph "108" of the Complaint.

109.   Admit, upon information and belief, the allegations set forth in paragraph "109" of the Complaint.

110.   Admit the allegations set forth in paragraph "110" of the Complaint.

111.   Deny the allegations set forth in paragraph "111" of the Complaint, except admit that T.A. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

112.    Deny the allegations set forth in paragraph "112" of the Complaint, except admit that special education and related services have been recommended for T.A., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114.    Admit, upon information and belief, the allegations set forth in paragraph "114" of the Complaint.

115.    Admit, upon information and belief, the allegations set forth in paragraph "115" of the Complaint.

116.    Admit the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that N.A. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

118.    Deny the allegations set forth in paragraph "118" of the Complaint, except admit that special education and related services have been recommended for N.A., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120.    Admit, upon information and belief, the allegations set forth in paragraph "120" of the Complaint.

121.    Admit, upon information and belief, the allegations set forth in paragraph "121" of the Complaint.

122.    Admit the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that M.B. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, except admit that special education and related services have been recommended for M.B., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.    Admit, upon information and belief, the allegations set forth in paragraph "126" of the Complaint.

127.    Admit, upon information and belief, the allegations set forth in paragraph "127" of the Complaint.

128.    Admit the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint, except admit that J.B. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

130.    Deny the allegations set forth in paragraph "130" of the Complaint, except admit that special education and related services have been recommended for J.B., and respectfully

refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132.    Admit, upon information and belief, the allegations set forth in paragraph "132" of the Complaint.

133.    Admit, upon information and belief, the allegations set forth in paragraph "133" of the Complaint.

134.    Admit the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint, except admit that H.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

136.    Deny the allegations set forth in paragraph "136" of the Complaint, except admit that special education and related services have been recommended for H.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.    Admit, upon information and belief, the allegations set forth in paragraph "138" of the Complaint.

139.    Admit, upon information and belief, the allegations set forth in paragraph "139" of the Complaint.

140.    Admit the allegations set forth in paragraph "140" of the Complaint

141.    Deny the allegations set forth in paragraph "141" of the Complaint, except admit that A.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

142.    Deny the allegations set forth in paragraph "142" of the Complaint, except admit that special education and related services have been recommended for A.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint, except admit, upon information and belief, that Linda Larach-Cohen is the parent and natural guardian of M.C., who is classified with a disability.

145.    Admit, upon information and belief, the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint, but admit, upon information and belief, that M.C. was 17 years old at the start of the 2022-2023 school year.

147.    Deny the allegations set forth in paragraph "147" of the Complaint, except admit that M.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

148.     Deny the allegations set forth in paragraph "148" of the Complaint, except admit that special education and related services have been recommended for M.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150.     Admit, upon information and belief, the allegations set forth in paragraph "150" of the Complaint.

151.     Admit, upon information and belief, the allegations set forth in paragraph "151" of the Complaint.

152.     Admit the allegations set forth in paragraph "152" of the Complaint.

153.     Deny the allegations set forth in paragraph "153" of the Complaint, except admit that Z.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

154.     Deny the allegations set forth in paragraph "154" of the Complaint, except admit that special education and related services have been recommended for Z.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156.     Admit, upon information and belief, the allegations set forth in paragraph "156" of the Complaint.

157.    Admit, upon information and belief, the allegations set forth in paragraph "157" of the Complaint.

158.    Admit the allegations set forth in paragraph "158" of the Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Complaint, except admit that A.D. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

160.    Deny the allegations set forth in paragraph "160" of the Complaint, except admit that special education and related services have been recommended for A.D., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint, except admit, upon information and belief, that Neysha Cruz is the parent and natural guardian of O.F., who is classified with a disability.

163.    Admit, upon information and belief, the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint, except admit that O.F. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

165.     Deny the allegations set forth in paragraph "165" of the Complaint, except admit that special education and related services have been recommended for O.F., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167.     Deny the allegations set forth in paragraph "167" of the Complaint, except admit, upon information and belief, that Nahoko Mizuta is the parent and natural guardian of Y.M., who is classified with a disability.

168.     Admit, upon information and belief, the allegations set forth in paragraph "168" of the Complaint.

169.     Deny the allegations set forth in paragraph "169" of the Complaint, but admit, upon information and belief, that Y.M. was 17 years old at the start of the 2022-2023 school year.

170.     Deny the allegations set forth in paragraph "170" of the Complaint, except admit that Y.M. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

171.     Deny the allegations set forth in paragraph "171" of the Complaint, except admit that special education and related services have been recommended for Y.M. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173.    Admit, upon information and belief, the allegations set forth in paragraph "173" of the Complaint.

174.    Admit, upon information and belief, the allegations set forth in paragraph "174" of the Complaint.

175.    Admit the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint, except admit that A.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

177.    Deny the allegations set forth in paragraph "177" of the Complaint, except admit that special education and related services have been recommended for A.N. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.    Admit, upon information and belief, the allegations set forth in paragraph "179" of the Complaint.

180.    Admit, upon information and belief, the allegations set forth in paragraph "180" of the Complaint.

181.    Admit the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint, except admit that Y.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

183.    Deny the allegations set forth in paragraph "183" of the Complaint, except admit that special education and related services have been recommended for Y.N. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

185.    Admit, upon information and belief, the allegations set forth in paragraph "185" of the Complaint.

186.    Admit the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint, except admit that R.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

188.    Deny the allegations set forth in paragraph "188" of the Complaint, except admit that special education and related services have been recommended for R.N. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

191.    Admit, upon information and belief, the allegations set forth in paragraph "191" of the Complaint.

192.    Deny the allegations set forth in paragraph "192" of the Complaint.

193.    Admit the allegations set forth in paragraph "193" of the Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Complaint, except admit that D.O. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

195.    Deny the allegations set forth in paragraph "195" of the Complaint, except admit that special education and related services have been recommended for D.O. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197.    Admit, upon information and belief, the allegations set forth in paragraph "197" of the Complaint.

198.    Admit, upon information and belief, the allegations set forth in paragraph "198" of the Complaint.

199.    Admit the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint, except admit that A.R. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3),

and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

201.    Deny the allegations set forth in paragraph "201" of the Complaint, except admit that special education and related services have been recommended for A.R. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint.

203.    Admit, upon information and belief, the allegations set forth in paragraph "203" of the Complaint.

204.    Admit, upon information and belief, the allegations set forth in paragraph "204" of the Complaint.

205.    Admit the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint, except admit that L.V. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

207.    Deny the allegations set forth in paragraph "207" of the Complaint, except admit that special education and related services have been recommended for L.V. and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint, except admit that Defendant David C. Banks is the current Chancellor of the New York City Department of Education.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the Complaint, but admit that David Banks is the Chancellor of the New York City Department of Education.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint, but admit that the Chancellor is appointed by the Mayor of the City of New York.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the Chancellor's duties and affiliations.

213.    Deny the allegations set forth in paragraph "213" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

214.    Deny the allegations set forth in paragraph "214" of the Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their provisions.

215.    Deny the allegations set forth in paragraph "215" of the Complaint, except admit that Defendant Brad Lander is the current Comptroller for New York City.

216.    Deny the allegations set forth in paragraph "216" of the Complaint, but admit that the Comptroller is the chief financial officer of the City of New York, and respectfully

refer this Court to the relevant authorities for a complete and accurate statement of the New York City Comptroller's responsibilities.

217.    Deny the allegations set forth in paragraph "217" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Comptroller's duties.

218.    Deny the allegations set forth in paragraph "218" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Comptroller's duties.

219.    Deny the allegations set forth in paragraph "219" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Comptroller's duties.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint and respectfully refer this Court to the relevant authorities regarding pendency for a complete and accurate statement of their provisions.

222.    Deny the allegations set forth in paragraph "222" of the Complaint and respectfully refer this Court to the relevant authorities regarding pendency for a complete and accurate statement of their provisions.

223.    Deny the allegations set forth in paragraph "223" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Department of Education's duties.

224.    Deny the allegations set forth in paragraph "224" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Department of Education's duties.

225.    Deny the allegations set forth in paragraph "225" of the Complaint and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the New York City Department of Education's duties.

226.    Admit the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227", except admit that Betty A. Rosa is serving as the Commissioner of Education for the New York State Education Department.

228.    Deny the allegations set forth in paragraph "228" of the Complaint, but admit that Betty Rosa is the Commissioner of Education for the New York State Education Department, and respectfully refer this Court to the relevant authorities for a complete and accurate statement of the Commissioner's responsibilities.

229.    Deny the allegations set forth in paragraph "229" of the Complaint and respectfully refer this Court to the statute cited therein for a complete and accurate statement of its provisions.

230.    Deny the allegations set forth in paragraph "230" of the Complaint and respectfully refer this Court to the statute cited therein for a complete and accurate statement of its provisions.

231.    Deny the allegations set forth in paragraph "231" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

232.     Deny the allegations set forth in paragraph "232" of the Complaint and respectfully refer this Court to the statute cited therein for a complete and accurate statement of its provisions.

233.     Deny the allegations set forth in paragraph "233" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

234.     Deny the allegations set forth in paragraph "234" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

235.     Deny the allegations set forth in paragraph "235" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

236.     Deny the allegations set forth in paragraph "236" of the Complaint.

237.     Deny the allegations set forth in paragraph "237" of the Complaint.

238.     Deny the allegations set forth in paragraph "238" of the Complaint.

239.     Deny the allegations set forth in paragraph "239" of the Complaint.

240.     Deny the allegations set forth in paragraph "240" of the Complaint.

241.     Deny the allegations set forth in paragraph "241" of the Complaint.

242.     Deny the allegations set forth in paragraph "242" of the Complaint.

243.     Deny the allegations set forth in paragraph "243" of the Complaint.

244.     Deny the allegations set forth in paragraph "244" of the Complaint, except admit that the extended school year began in July 2022.

245. Deny the allegations set forth in paragraph "245" of the Complaint and respectfully refer this Court to the Ten-Day Notices cited therein for a complete and accurate statement of their content.

246. Deny the allegations set forth in paragraph "246" of the Complaint except admit that each Plaintiff filed a DPC at the beginning of July 2022.

247. Deny the allegations set forth in paragraph "247" of the Complaint.

248. Deny the allegations set forth in paragraph "248" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

249. Deny the allegations set forth in paragraph "249" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

250. Deny the allegations set forth in paragraph "250" of the Complaint.

251. Deny the allegations set forth in paragraph "251" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

252. Deny the allegations set forth in paragraph "252" of the Complaint.

253. Deny the allegations set forth in paragraph "253" of the Complaint.

254. Deny the allegations set forth in paragraph "254" of the Complaint and respectfully refer this Court to the pendency statute referenced therein for a complete and accurate statement of its provisions.

255. Deny the allegations set forth in paragraph "255" of the Complaint.

256. Deny the allegations set forth in paragraph "256" of the Complaint.

257.    Deny the allegations set forth in paragraph "257" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

258.    Deny the allegations set forth in paragraph "258" of the Complaint and respectfully refer this Court to each student's pendency order, form, or FOFD, for a complete and accurate statement of their provisions.

259.    Deny the allegations set forth in paragraph "259" of the Complaint and respectfully refer this Court to the statute cited therein for a complete and accurate statement of its provisions.

260.    Deny the allegations set forth in paragraph "260" of the Complaint and respectfully refer this Court to each student's pendency order, form, or FOFD, for a complete and accurate statement of their provisions.

261.    Deny the allegations set forth in paragraph "261" of the Complaint and respectfully refer this Court to the pendency statutes referenced therein for a complete and accurate statement of their provisions.

262.    Deny the allegations set forth in paragraph "262" of the Complaint.

263.    Deny the allegations set forth in paragraph "263" of the Complaint and respectfully refer this Court to each student's pendency order, form, or FOFD, for a complete and accurate statement of their provisions.

264.    Deny the allegations set forth in paragraph "264" of the Complaint and respectfully refer this Court to each student's pendency order, form, or FOFD, for a complete and accurate statement of their provisions.

265.     Deny the allegations set forth in paragraph "265" of the Complaint and respectfully refer this Court to each student's pendency order, form, or FOFD, for a complete and accurate statement of their provisions.

266.     Deny the allegations set forth in paragraph "266" of the Complaint.

267.     Deny the allegations set forth in paragraph "267" of the Complaint and respectfully refer this Court to the IDEA for a complete and accurate statement of its provisions.

268.     Deny the allegations set forth in paragraph "268" of the Complaint.

269.     Deny the allegations set forth in paragraph "269" of the Complaint, except admit that each plaintiff submitted a pendency form to the Defendants for each plaintiff's respective student.

270.     Deny the allegations set forth in paragraph "270" of the Complaint.

271.     Deny the allegations set forth in paragraph "271" of the Complaint.

272.     Deny the allegations set forth in paragraph "272" of the Complaint.

273.     Deny the allegations set forth in paragraph "273" of the Complaint.

274.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "274" of the Complaint.

275.     Deny the allegations set forth in paragraph "275" of the Complaint.

276.     Deny the allegations set forth in paragraph "276" of the Complaint.

277.     Deny the allegations set forth in paragraph "277" of the Complaint, except admit that the extended school year began in July 2022.

278.     Deny the allegations set forth in paragraph "278" of the Complaint and respectfully refer this Court to the pendency statutes referenced therein for a complete and accurate statement of their provisions.

279.     Deny the allegations set forth in paragraph "279" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

280.     Deny the allegations set forth in paragraph "280" of the Complaint.

281.     Deny the allegations set forth in paragraph "281" of the Complaint.

282.     Deny the allegations set forth in paragraph "282" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

283.     Deny the allegations set forth in paragraph "283" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

284.     Deny the allegations set forth in paragraph "284" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

285.     Deny the allegations set forth in paragraph "285" of the Complaint.

286.     Deny the allegations set forth in paragraph "286" of the Complaint.

287.     Deny the allegations set forth in paragraph "287" of the Complaint.

288.     Deny the allegations set forth in paragraph "288" of the Complaint.

289.     Deny the allegations set forth in paragraph "289" of the Complaint.

290.     Deny the allegations set forth in paragraph "290" of the Complaint and respectfully refer this Court to the statutes referenced therein for a complete and accurate statement of their provisions.

291.    Deny the allegations set forth in paragraph "291" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

292.    Deny the allegations set forth in paragraph "292" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "293" of the Complaint.

294.    Deny the allegations set forth in paragraph "294" of the Complaint and respectfully refer this Court to the IDEA for a complete and accurate statement of its provisions.

295.    Admit, upon information and belief, the allegations set forth in paragraph "295" of the Complaint.

296.    Deny the allegations set forth in paragraph "296" of the Complaint.

297.    Deny the allegations set forth in paragraph "297" of the Complaint.

298.    Deny the allegations set forth in paragraph "298" of the Complaint.

299.    Deny the allegations set forth in paragraph "299" of the Complaint.

300.    Deny the allegations set forth in paragraph "300" of the Complaint and respectfully refer this Court to the pendency statutes referenced therein for a complete and accurate statement of their provisions.

301.    Deny the allegations set forth in paragraph "301" of the Complaint.

302.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the Complaint.

303.     Deny the allegations set forth in paragraph "303" of the Complaint and respectfully refer this Court to the statutes cited therein for a complete and accurate statement of their provisions.

304.     Deny the allegations set forth in paragraph "304" of the Complaint and respectfully refer this Court to the statute cited therein for a complete and accurate statement of its provisions.

305.     Deny the allegations set forth in paragraph "305" of the Complaint.

306.     Deny the allegations set forth in paragraph "306" of the Complaint and respectfully refer this Court to the pendency statutes referenced therein for a complete and accurate statement of their provisions.

307.     Admit, upon information and belief, the allegations set forth in paragraph "307" of the Complaint.

308.     Admit, upon information and belief, the allegations set forth in paragraph "308" of the Complaint.

309.     Admit the allegations set forth in paragraph "309" of the Complaint.

310.     Deny the allegations set forth in paragraph "310" of the Complaint, except admit that S.J.D. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

311.     Deny the allegations set forth in paragraph "311" of the Complaint, except admit that special education and related services have been recommended for S.J.D., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

312.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the Complaint.

313.   Deny the allegations set forth in paragraph "313" of the Complaint, except admit that S.J.D. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

314.   Deny the allegations set forth in paragraph "314" of the Complaint, except admit that S.J.D. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

315.   Deny the allegations set forth in paragraph "315" of the Complaint, except admit that Plaintiff Patrick Donohue sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

316.   Deny the allegations set forth in paragraph "316" of the Complaint, except admit that Plaintiff Patrick Donohue filed a Due Process Complaint concerning S.J.D. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

317.   Deny the allegations set forth in paragraph "317" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

318.   Deny the allegations set forth in paragraph "318" of the Complaint.

319.    Deny the allegations set forth in paragraph "319" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 210867.

320.    Deny the allegations set forth in paragraph "320" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

321.    Deny the allegations set forth in paragraph "321" of the Complaint, and respectfully refer the Court to the Orders issued by Judge Schofield cited therein for a complete and accurate statement of its contents.

322.    Deny the allegations set forth in paragraph "322" of the Complaint.

323.    Deny the allegations set forth in paragraph "323" of the Complaint.

324.    Admit, upon information and belief, the allegations set forth in paragraph "324" of the Complaint.

325.    Admit, upon information and belief, the allegations set forth in paragraph "325" of the Complaint.

326.    Admit the allegations set forth in paragraph "326" of the Complaint.

327.    Deny the allegations set forth in paragraph "327" of the Complaint, except admit that T.A. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

328.    Deny the allegations set forth in paragraph "328" of the Complaint, except admit that special education and related services have been recommended for T.A., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

329.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "329" of the Complaint.

330.     Deny the allegations set forth in paragraph "330" of the Complaint, except admit that T.A. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

331.     Deny the allegations set forth in paragraph "331" of the Complaint, except admit that T.A. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

332.     Deny the allegations set forth in paragraph "332" of the Complaint, except admit that Plaintiff Tanisha Allen sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

333.     Deny the allegations set forth in paragraph "333" of the Complaint, except admit that Plaintiff Tanisha Allen filed a Due Process Complaint concerning T.A. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

334.     Deny the allegations set forth in paragraph "334" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

335.     Deny the allegations set forth in paragraph "335" of the Complaint.

336.    Deny the allegations set forth in paragraph "336" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228671.

337.    Deny the allegations set forth in paragraph "337" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

338.    Deny the allegations set forth in paragraph "338" of the Complaint.

339.    Deny the allegations set forth in paragraph "339" of the Complaint.

340.    Admit, upon information and belief, the allegations set forth in paragraph "340" of the Complaint.

341.    Admit, upon information and belief, the allegations set forth in paragraph "341" of the Complaint.

342.    Admit the allegations set forth in paragraph "342" of the Complaint.

343.    Deny the allegations set forth in paragraph "343" of the Complaint, except admit that N.A. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

344.    Deny the allegations set forth in paragraph "344" of the Complaint, except admit that special education and related services have been recommended for N.A., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding a Free Appropriate Public Education ("FAPE") and the term "related services."

345.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "345" of the Complaint.

346.     Deny the allegations set forth in paragraph "346" of the Complaint, except admit that N.A. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

347.     Deny the allegations set forth in paragraph "347" of the Complaint, except admit that N.A. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

348.     Deny the allegations set forth in paragraph "348" of the Complaint, except admit that Plaintiff Keisha Archibald sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

349.     Deny the allegations set forth in paragraph "349" of the Complaint, except admit that Plaintiff Keisha Archibald filed a Due Process Complaint concerning N.A. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

350.     Deny the allegations set forth in paragraph "350" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

351.     Deny the allegations set forth in paragraph "351" of the Complaint.

352.     Deny the allegations set forth in paragraph "352" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228692.

353.    Deny the allegations set forth in paragraph "353" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

354.    Deny the allegations set forth in paragraph "354" of the Complaint.

355.    Deny the allegations set forth in paragraph "355" of the Complaint.

356.    Admit, upon information and belief, the allegations set forth in paragraph "356" of the Complaint.

357.    Admit, upon information and belief, the allegations set forth in paragraph "357" of the Complaint.

358.    Admit the allegations set forth in paragraph "358" of the Complaint.

359.    Deny the allegations set forth in paragraph "359" of the Complaint, except admit that M.B. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

360.    Deny the allegations set forth in paragraph "360" of the Complaint, except admit that special education and related services have been recommended for M.B., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

361.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "361" of the Complaint.

362.    Deny the allegations set forth in paragraph "362" of the Complaint, except admit that when M.B. is classified as a student with a disability and respectfully refer the Court to

the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

363.    Deny the allegations set forth in paragraph "363" of the Complaint, except admit that when M.B. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

364.    Deny the allegations set forth in paragraph "364" of the Complaint, except admit that Plaintiff Marilyn Beckford sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

365.    Deny the allegations set forth in paragraph "365" of the Complaint, except admit that Plaintiff Marilyn Beckford filed a Due Process Complaint concerning M.B. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

366.    Deny the allegations set forth in paragraph "366" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

367.    Deny the allegations set forth in paragraph "367" of the Complaint.

368.    Deny the allegations set forth in paragraph "368" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228803.

369.    Deny the allegations set forth in paragraph "369" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

370.    Deny the allegations set forth in paragraph "370" of the Complaint.

371.    Deny the allegations set forth in paragraph "371" of the Complaint.

372.    Admit, upon information and belief, the allegations set forth in paragraph "372" of the Complaint.

373.    Admit, upon information and belief, the allegations set forth in paragraph "373" of the Complaint.

374.    Admit the allegations set forth in paragraph "374" of the Complaint.

375.    Deny the allegations set forth in paragraph "375" of the Complaint, except admit that J.B. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

376.    Deny the allegations set forth in paragraph "376" of the Complaint, except admit that special education and related services have been recommended for J.B., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

377.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "377" of the Complaint.

378.    Deny the allegations set forth in paragraph "378" of the Complaint, except admit that J.B. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

379.    Deny the allegations set forth in paragraph "379" of the Complaint, except admit that J.B. is classified as a student with a disability and respectfully refer the Court to the

statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

380.    Deny the allegations set forth in paragraph "380" of the Complaint, except admit that Plaintiff Donna Cornett sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

381.    Deny the allegations set forth in paragraph "381" of the Complaint, except admit that Plaintiffs Donna Cornett filed a Due Process Complaint concerning J.B. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

382.    Deny the allegations set forth in paragraph "382" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

383.    Deny the allegations set forth in paragraph "383" of the Complaint.

384.    Deny the allegations set forth in paragraph "384" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228581.

385.    Deny the allegations set forth in paragraph "385" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

386.    Deny the allegations set forth in paragraph "386" of the Complaint.

387.    Deny the allegations set forth in paragraph "387" of the Complaint.

388.    Admit, upon information and belief, the allegations set forth in paragraph "388" of the Complaint.

389.     Admit, upon information and belief, the allegations set forth in paragraph "389" of the Complaint.

390.     Admit the allegations set forth in paragraph "390" of the Complaint.

391.     Deny the allegations set forth in paragraph "391" of the Complaint, except admit that H.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

392.     Deny the allegations set forth in paragraph "392" of the Complaint, except admit that special education and related services have been recommended for H.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

393.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "393" of the Complaint.

394.     Deny the allegations set forth in paragraph "394" of the Complaint, except admit that when H.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

395.     Deny the allegations set forth in paragraph "395" of the Complaint, except admit that when H.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

396.     Deny the allegations set forth in paragraph "396" of the Complaint, except admit that Plaintiff Maytinee Bird sent DOE a ten-day notice dated June 17, 2022, and respectfully

refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

397.    Deny the allegations set forth in paragraph "397" of the Complaint, except admit that Plaintiff Maytinee Bird filed a Due Process Complaint concerning H.C. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

398.    Deny the allegations set forth in paragraph "398" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

399.    Deny the allegations set forth in paragraph "399" of the Complaint.

400.    Deny the allegations set forth in paragraph "400" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228745.

401.    Deny the allegations set forth in paragraph "401" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

402.    Deny the allegations set forth in paragraph "402" of the Complaint.

403.    Deny the allegations set forth in paragraph "403" of the Complaint.

404.    Admit, upon information and belief, the allegations set forth in paragraph "404" of the Complaint.

405.    Admit, upon information and belief, the allegations set forth in paragraph "405" of the Complaint.

406.    Admit the allegations set forth in paragraph "406" of the Complaint.

407.    Deny the allegations set forth in paragraph "407" of the Complaint, except admit that A.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

408.    Deny the allegations set forth in paragraph "408" of the Complaint, except admit that special education and related services have been recommended for A.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

409.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "409" of the Complaint.

410.    Deny the allegations set forth in paragraph "410" of the Complaint, except admit that A.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

411.    Deny the allegations set forth in paragraph "411" of the Complaint, except admit that A.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

412.    Deny the allegations set forth in paragraph "412" of the Complaint, except admit that Plaintiff Lynn Chaperon sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

413.     Deny the allegations set forth in paragraph "413" of the Complaint, except admit that Plaintiff Lynn Chaperon filed a Due Process Complaint concerning A.C. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

414.     Deny the allegations set forth in paragraph "414" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

415.     Deny the allegations set forth in paragraph "415" of the Complaint.

416.     Deny the allegations set forth in paragraph "416" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228674.

417.     Deny the allegations set forth in paragraph "417" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

418.     Deny the allegations set forth in paragraph "418" of the Complaint.

419.     Deny the allegations set forth in paragraph "419" of the Complaint.

420.     Admit, upon information and belief, the allegations set forth in paragraph "420" of the Complaint.

421.     Admit, upon information and belief, the allegations set forth in paragraph "421" of the Complaint.

422.     Deny the allegations set forth in paragraph "422" of the Complaint, but admit, upon information and belief, that M.C. was 17 years old at the start of the 2022-2023 school year.

423.     Deny the allegations set forth in paragraph "423" of the Complaint, except admit that M.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

424.     Deny the allegations set forth in paragraph "424" of the Complaint, except admit that special education and related services have been recommended for M.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

425.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "425" of the Complaint.

426.     Deny the allegations set forth in paragraph "426" of the Complaint, except admit that when M.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

427.     Deny the allegations set forth in paragraph "427" of the Complaint, except admit that when M.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

428.     Deny the allegations set forth in paragraph "428" of the Complaint, except admit that Plaintiff Linda Larach-Cohen sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

429.    Deny the allegations set forth in paragraph "429" of the Complaint, except admit that Plaintiff Linda Larach-Cohen filed a Due Process Complaint concerning M.C. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

430.    Deny the allegations set forth in paragraph "430" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

431.    Deny the allegations set forth in paragraph "431" of the Complaint.

432.    Deny the allegations set forth in paragraph "432" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228618.

433.    Deny the allegations set forth in paragraph "433" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

434.    Deny the allegations set forth in paragraph "434" of the Complaint.

435.    Deny the allegations set forth in paragraph "435" of the Complaint.

436.    Admit, upon information and belief, the allegations set forth in paragraph "436" of the Complaint.

437.    Admit, upon information and belief, the allegations set forth in paragraph "437" of the Complaint.

438.    Admit the allegations set forth in paragraph "438" of the Complaint.

439.    Deny the allegations set forth in paragraph "439" of the Complaint, except admit that Z.C. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3),

and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

440.    Deny the allegations set forth in paragraph "440" of the Complaint, except admit that special education and related services have been recommended for Z.C., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

441.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "441" of the Complaint.

442.    Deny the allegations set forth in paragraph "442" of the Complaint, except admit that Z.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

443.    Deny the allegations set forth in paragraph "443" of the Complaint, except admit that Z.C. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

444.    Deny the allegations set forth in paragraph "444" of the Complaint, except admit that Plaintiff Crysal Crosley sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

445.    Deny the allegations set forth in paragraph "445" of the Complaint, except admit that Plaintiff Crysal Crosley filed a Due Process Complaint concerning Z.C. and the 2022-

2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

446.     Deny the allegations set forth in paragraph "446" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

447.     Deny the allegations set forth in paragraph "447" of the Complaint.

448.     Deny the allegations set forth in paragraph "448" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228720.

449.     Deny the allegations set forth in paragraph "449" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

450.     Deny the allegations set forth in paragraph "450" of the Complaint.

451.     Deny the allegations set forth in paragraph "451" of the Complaint.

452.     Admit, upon information and belief, the allegations set forth in paragraph "452" of the Complaint.

453.     Admit, upon information and belief, the allegations set forth in paragraph "453" of the Complaint.

454.     Admit the allegations set forth in paragraph "454" of the Complaint.

455.     Deny the allegations set forth in paragraph "455" of the Complaint, except admit that A.D. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

456.    Deny the allegations set forth in paragraph "456" of the Complaint, except admit that special education and related services have been recommended for A.D., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

457.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "457" of the Complaint.

458.    Deny the allegations set forth in paragraph "458" of the Complaint, except admit that when A.D. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

459.    Deny the allegations set forth in paragraph "459" of the Complaint, except admit that when A.D. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

460.    Deny the allegations set forth in paragraph "460" of the Complaint, except admit that Plaintiff Carolyn Mason sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

461.    Deny the allegations set forth in paragraph "461" of the Complaint, except admit that Plaintiff Carolyn Mason filed a Due Process Complaint concerning A.D. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

462.     Deny the allegations set forth in paragraph "462" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

463.     Deny the allegations set forth in paragraph "463" of the Complaint.

464.     Deny the allegations set forth in paragraph "464" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228632.

465.     Deny the allegations set forth in paragraph "465" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

466.     Deny the allegations set forth in paragraph "466" of the Complaint.

467.     Deny the allegations set forth in paragraph "467" of the Complaint.

468.     Admit, upon information and belief, the allegations set forth in paragraph "468" of the Complaint.

469.     Admit, upon information and belief, the allegations set forth in paragraph "469" of the Complaint.

470.     Deny the allegations set forth in paragraph "470" of the Complaint, except admit that O.F. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

471.     Deny the allegations set forth in paragraph "471" of the Complaint, except admit that special education and related services have been recommended for O.F., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

472.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "472" of the Complaint.

473.     Deny the allegations set forth in paragraph "473" of the Complaint, except admit that when O.F. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

474.     Deny the allegations set forth in paragraph "474" of the Complaint, except admit that when O.F. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

475.     Deny the allegations set forth in paragraph "475" of the Complaint, except admit that Plaintiff Neysha Cruz sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

476.     Deny the allegations set forth in paragraph "476" of the Complaint, except admit that Plaintiff Neysha Cruz filed a Due Process Complaint concerning O.F. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

477.     Deny the allegations set forth in paragraph "477" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

478.     Deny the allegations set forth in paragraph "478" of the Complaint.

479.    Deny the allegations set forth in paragraph "479" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 232559.

480.    Deny the allegations set forth in paragraph "480" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

481.    Deny the allegations set forth in paragraph "481" of the Complaint.

482.    Deny the allegations set forth in paragraph "482" of the Complaint.

483.    Admit, upon information and belief, the allegations set forth in paragraph "483" of the Complaint.

484.    Admit, upon information and belief, the allegations set forth in paragraph "484" of the Complaint.

485.    Deny the allegations set forth in paragraph "485" of the Complaint, but admit, upon information and belief, that Y.M. was 17 years old at the start of the 2022-2023 school year.

486.    Deny the allegations set forth in paragraph "486" of the Complaint, except admit that Y.M. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

487.    Deny the allegations set forth in paragraph "487" of the Complaint, except admit that special education and related services have been recommended for Y.M., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

488.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "488" of the Complaint.

489.     Deny the allegations set forth in paragraph "489" of the Complaint, except admit that Y.M. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

490.     Deny the allegations set forth in paragraph "490" of the Complaint, except admit that Y.M. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

491.     Deny the allegations set forth in paragraph "491" of the Complaint, except admit that Plaintiff Nahoko Mizuta sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

492.     Deny the allegations set forth in paragraph "492" of the Complaint, except admit that Plaintiff Nahoko Mizuta filed a Due Process Complaint concerning Y.M. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

493.     Deny the allegations set forth in paragraph "493" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

494.     Deny the allegations set forth in paragraph "494" of the Complaint.

495.     Deny the allegations set forth in paragraph "495" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228539.

496.     Deny the allegations set forth in paragraph "496" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

497.     Deny the allegations set forth in paragraph "497" of the Complaint.

498.     Deny the allegations set forth in paragraph "498" of the Complaint.

499.     Admit, upon information and belief, the allegations set forth in paragraph "499" of the Complaint.

500.     Admit, upon information and belief, the allegations set forth in paragraph "500" of the Complaint.

501.     Admit the allegations set forth in paragraph "501" of the Complaint.

502.     Deny the allegations set forth in paragraph "502" of the Complaint, except admit that A.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

503.     Deny the allegations set forth in paragraph "503" of the Complaint, except admit that special education and related services have been recommended for A.N., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

504.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "504" of the Complaint.

505.    Deny the allegations set forth in paragraph "505" of the Complaint, except admit that A.N. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

506.    Deny the allegations set forth in paragraph "506" of the Complaint, except admit that A.N. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

507.    Deny the allegations set forth in paragraph "507" of the Complaint, except admit that Plaintiff Dorothy Neske sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

508.    Deny the allegations set forth in paragraph "508" of the Complaint, except admit that Plaintiff Dorothy Neske filed a Due Process Complaint concerning A.N. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

509.    Deny the allegations set forth in paragraph "509" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

510.    Deny the allegations set forth in paragraph "510" of the Complaint.

511.    Deny the allegations set forth in paragraph "511" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228567.

512.     Deny the allegations set forth in paragraph "512" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

513.     Deny the allegations set forth in paragraph "513" of the Complaint.

514.     Deny the allegations set forth in paragraph "514" of the Complaint.

515.     Admit, upon information and belief, the allegations set forth in paragraph "515" of the Complaint.

516.     Admit, upon information and belief, the allegations set forth in paragraph "516" of the Complaint.

517.     Admit the allegations set forth in paragraph "517" of the Complaint.

518.     Deny the allegations set forth in paragraph "518" of the Complaint, except admit that Y.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

519.     Deny the allegations set forth in paragraph "519" of the Complaint, except admit that special education and related services have been recommended for Y.N., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

520.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "520" of the Complaint.

521.     Deny the allegations set forth in paragraph "521" of the Complaint, except admit that Y.N. is classified as a student with a disability and respectfully refer the Court to the

statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

522.     Deny the allegations set forth in paragraph "522" of the Complaint, except admit that Y.N. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

523.     Deny the allegations set forth in paragraph "523" of the Complaint, except admit that Plaintiff Svetlana Khanimova sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

524.     Deny the allegations set forth in paragraph "524" of the Complaint, except admit that Plaintiff Svetlana Khanimova filed a Due Process Complaint concerning Y.N. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

525.     Deny the allegations set forth in paragraph "525" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

526.     Deny the allegations set forth in paragraph "526" of the Complaint.

527.     Deny the allegations set forth in paragraph "527" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228880.

528.     Deny the allegations set forth in paragraph "528" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

529.    Deny the allegations set forth in paragraph "529" of the Complaint.

530.    Deny the allegations set forth in paragraph "530" of the Complaint.

531.    Admit, upon information and belief, the allegations set forth in paragraph "531" of the Complaint.

532.    Deny the allegations set forth in paragraph "532" of the Complaint.

533.    Admit the allegations set forth in paragraph "533" of the Complaint.

534.    Deny the allegations set forth in paragraph "534" of the Complaint, except admit that D.O. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

535.    Deny the allegations set forth in paragraph "535" of the Complaint, except admit that special education and related services have been recommended for D.O., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

536.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "536" of the Complaint.

537.    Deny the allegations set forth in paragraph "537" of the Complaint, except admit that D.O. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

538.    Deny the allegations set forth in paragraph "538" of the Complaint, except admit that D.O. is classified as a student with a disability and respectfully refer the Court to the

statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

539.    Deny the allegations set forth in paragraph "539" of the Complaint, except admit that Plaintiff Jumoke Ogunleye sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

540.    Deny the allegations set forth in paragraph "540" of the Complaint, except admit that Plaintiff Jumoke Ogunleye filed a Due Process Complaint concerning D.O. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

541.    Deny the allegations set forth in paragraph "541" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

542.    Deny the allegations set forth in paragraph "542" of the Complaint.

543.    Deny the allegations set forth in paragraph "543" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228527.

544.    Deny the allegations set forth in paragraph "544" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

545.    Deny the allegations set forth in paragraph "545" of the Complaint.

546.    Deny the allegations set forth in paragraph "546" of the Complaint.

547.    Admit, upon information and belief, the allegations set forth in paragraph "547" of the Complaint.

548.    Admit, upon information and belief, the allegations set forth in paragraph "548" of the Complaint.

549.    Admit the allegations set forth in paragraph "549" of the Complaint.

550.    Deny the allegations set forth in paragraph "550" of the Complaint, except admit that A.R. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

551.    Deny the allegations set forth in paragraph "551" of the Complaint, except admit that special education and related services have been recommended for A.R., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

552.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "552" of the Complaint.

553.    Deny the allegations set forth in paragraph "553" of the Complaint, except admit that A.R. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

554.    Deny the allegations set forth in paragraph "554" of the Complaint, except admit that A.R. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

555.    Deny the allegations set forth in paragraph "555" of the Complaint, except admit that Plaintiff Iris Rucker-Toribio sent DOE a ten-day notice dated June 17, 2022, and

respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

556.    Deny the allegations set forth in paragraph "556" of the Complaint, except admit that Plaintiff Iris Rucker-Toribio filed a Due Process Complaint concerning A.R. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

557.    Deny the allegations set forth in paragraph "557" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

558.    Deny the allegations set forth in paragraph "558" of the Complaint.

559.    Deny the allegations set forth in paragraph "559" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228809.

560.    Deny the allegations set forth in paragraph "560" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

561.    Deny the allegations set forth in paragraph "561" of the Complaint.

562.    Deny the allegations set forth in paragraph "562" of the Complaint.

563.    Admit, upon information and belief, the allegations set forth in paragraph "563" of the Complaint.

564.    Admit, upon information and belief, the allegations set forth in paragraph "564" of the Complaint.

565.    Admit the allegations set forth in paragraph "565" of the Complaint.

566.     Deny the allegations set forth in paragraph "566" of the Complaint, except admit that L.V. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3), and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

567.     Deny the allegations set forth in paragraph "567" of the Complaint, except admit that special education and related services have been recommended for L.V., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

568.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "568" of the Complaint.

569.     Deny the allegations set forth in paragraph "569" of the Complaint, except admit that L.V. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

570.     Deny the allegations set forth in paragraph "570" of the Complaint, except admit that L.V. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

571.     Deny the allegations set forth in paragraph "571" of the Complaint, except admit that Plaintiff Alexandra Fiallos sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

572.     Deny the allegations set forth in paragraph "572" of the Complaint, except admit that Plaintiff Alexandra Fiallos filed a Due Process Complaint concerning L.V. and the 2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

573.     Deny the allegations set forth in paragraph "573" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

574.     Deny the allegations set forth in paragraph "574" of the Complaint.

575.     Deny the allegations set forth in paragraph "575" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228484.

576.     Deny the allegations set forth in paragraph "576" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

577.     Deny the allegations set forth in paragraph "577" of the Complaint.

578.     Deny the allegations set forth in paragraph "578" of the Complaint.

579.     Admit, upon information and belief, the allegations set forth in paragraph "579" of the Complaint.

580.     Admit, upon information and belief, the allegations set forth in paragraph "580" of the Complaint.

581.     Admit the allegations set forth in paragraph "581" of the Complaint.

582.     Deny the allegations set forth in paragraph "582" of the Complaint, except admit that R.N. has been classified as a child with a disability, as defined by 20 U.S.C. § 1401(3),

and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

583.     Deny the allegations set forth in paragraph "583" of the Complaint, except admit that special education and related services have been recommended for R.N., and respectfully refer the Court to 20 U.S.C. §§ 1401(9), 1401(26), regarding FAPE and the term "related services."

584.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "584" of the Complaint.

585.     Deny the allegations set forth in paragraph "585" of the Complaint, except admit that R.N. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

586.     Deny the allegations set forth in paragraph "586" of the Complaint, except admit that R.N. is classified as a student with a disability and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement regarding DOE's obligation with respect to a child with a disability.

587.     Deny the allegations set forth in paragraph "587" of the Complaint, except admit that Plaintiff Svetlana Khanimova sent DOE a ten-day notice dated June 17, 2022, and respectfully refer the Court to the notice referenced therein for a complete and accurate statement of its contents.

588.     Deny the allegations set forth in paragraph "588" of the Complaint, except admit that Plaintiff Svetlana Khanimova filed a Due Process Complaint concerning R.N. and the

2022-2023 school year on or about July 6, 2022, and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

589.    Deny the allegations set forth in paragraph "589" of the Complaint and respectfully refer the Court to that Due Process Complaint for a complete and accurate statement of its contents.

590.    Deny the allegations set forth in paragraph "590" of the Complaint.

591.    Deny the allegations set forth in paragraph "591" of the Complaint, except admit that the resulting due process hearing was assigned IH Case No. 228885.

592.    Deny the allegations set forth in paragraph "592" of the Complaint, except admit that Plaintiff submitted a pendency form, and respectfully refer the Court to the pendency form referenced therein for a complete and accurate statement of its contents.

593.    Deny the allegations set forth in paragraph "593" of the Complaint.

594.    Deny the allegations set forth in paragraph "594" of the Complaint.

595.    Deny the allegations set forth in paragraph "595" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

596.    Deny the allegations set forth in paragraph "596" of the Complaint.

597.    Deny the allegations set forth in paragraph "597" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

598.    Deny the allegations set forth in paragraph "598" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

599.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "599" of the Complaint.

600.    Deny the allegations set forth in paragraph "600" of the Complaint.

601.    Deny the allegations set forth in paragraph "601" of the Complaint.

602.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "602" of the Complaint.

603.    Deny the allegations set forth in paragraph "603" of the Complaint.

604.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "604" of the Complaint.

605.    Deny the allegations set forth in paragraph "605" of the Complaint.

606.    Deny the allegations set forth in paragraph "606" of the Complaint.

607.    Deny the allegations set forth in paragraph "607" of the Complaint.

608.    Deny the allegations set forth in paragraph "608" of the Complaint and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

609.    Deny the allegations set forth in paragraph "609" of the Complaint and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

610.    Deny the allegations set forth in paragraph "610" of the Complaint.

611.    Deny the allegations set forth in paragraph "611" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

612.    Deny the allegations set forth in paragraph "612" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

613.    Deny the allegations set forth in paragraph "613" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

614.    Deny the allegations set forth in paragraph "614" of the Complaint and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

615.    Deny the allegations set forth in paragraph "615" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

616.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "616" of the Complaint.

617.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "617" of the Complaint.

618.    Deny the allegations set forth in paragraph "618" of the Complaint.

619.    Deny the allegations set forth in paragraph "619" of the Complaint.

620.    Reiterate, repeat, and reaffirm each allegation set forth above as if fully set forth herein.

621.    Deny the allegations set forth in paragraph "621" of the Complaint and respectfully refer the Court to the statute referenced therein for a complete and accurate statement of its provisions.

622.    Deny the allegations set forth in paragraph "622" of the Complaint.

623.    Deny the allegations set forth in paragraph "623" of the Complaint.

624.    Deny the allegations set forth in paragraph "624" of the Complaint.

625.    Deny the allegations set forth in paragraph "625" of the Complaint.

626.    Deny the allegations set forth in paragraph "626" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

627.    Deny the allegations set forth in paragraph "627" of the Complaint.

628.    Deny the allegations set forth in paragraph "628" of the Complaint.

629.    Reiterate, repeat, and reaffirm each allegation set forth above as if fully set forth herein.

630.    Deny the allegations set forth in paragraph "630" of the Complaint and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

631.    Deny the allegations set forth in paragraph "631" of the Complaint.

632.    Deny the allegations set forth in paragraph "632" of the Complaint.

633.    Deny the allegations set forth in paragraph "633" of the Complaint.

634.    Deny the allegations set forth in paragraph "634" of the Complaint.

635.    Deny the allegations set forth in paragraph "635" of the Complaint.

636.    Deny the allegations set forth in paragraph "636" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

637.    Deny the allegations set forth in paragraph "637" of the Complaint.

638.    Reiterate, repeat, and reaffirm each allegation set forth above as if fully set forth herein.

639.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "639" of the Complaint.

640.    Deny the allegations set forth in paragraph "640" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

641.    Deny the allegations set forth in paragraph "641" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

642.    Deny the allegations set forth in paragraph "642" of the Complaint.

643.    Deny the allegations set forth in paragraph "643" of the Complaint.

644.    Deny the allegations set forth in paragraph "644" of the Complaint.

645.    Deny the allegations set forth in paragraph "645" of the Complaint.

646.    Deny the allegations set forth in paragraph "646" of the Complaint.

647.    Deny the allegations set forth in paragraph "647" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

648.    Deny the allegations set forth in paragraph "648" of the Complaint.

649.    Reiterate, repeat, and reaffirm each allegation set forth above as if fully set forth herein.

650.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "650" of the Complaint.

651.    Deny the allegations set forth in paragraph "651" of the Complaint.

652.    Deny the allegations set forth in paragraph "652" of the Complaint.

653.    Deny the allegations set forth in paragraph "653" of the Complaint.

654.    Deny the allegations set forth in paragraph "654" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

655.    Deny the allegations set forth in paragraph "655" of the Complaint.

656.     Reiterate, repeat, and reaffirm each allegation set forth above as if fully set forth herein.

657.     Deny the allegations set forth in paragraph "657" of the Complaint and respectfully refer the Court to the Fourteenth Amendment cited therein for a complete and accurate statement of its provisions.

658.     Deny the allegations set forth in paragraph "658" of the Complaint and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

659.     Deny the allegations set forth in paragraph "659" of the Complaint.

660.     Deny the allegations set forth in paragraph "660" of the Complaint.

661.     Deny the allegations set forth in paragraph "661" of the Complaint.

662.     Deny the allegations set forth in paragraph "662" of the Complaint.

663.     Deny the allegations set forth in paragraph "663" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

664.     Deny the allegations set forth in paragraph "664" of the Complaint.

665.     Deny the allegations set forth in paragraph "665" of the Complaint.

666.     Deny the allegations set forth in paragraph "666" of the Complaint.

667.     Deny the allegations set forth in paragraph "667" of the Complaint.

668.     Deny the allegations set forth in paragraph "668" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

AS AND FOR A FIRST DEFENSE:

669.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

670.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

## AS AND FOR A THIRD DEFENSE:

671.     Plaintiffs' claims are moot in whole or in part.

## AS AND FOR A FOURTH DEFENSE:

672.     Plaintiffs are not entitled to injunctive and/or declaratory relief.

## AS AND FOR A FIFTH DEFENSE:

673.     At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, properly, lawfully, without malice, and in good faith.

## AS AND FOR A SIXTH DEFENSE:

674.     To the extent that the provision of any services sought by Plaintiffs would be inconsistent with the New York State Education Law or other provisions of State law, the DOE cannot fund and the Court should not order any such services.

## AS AND FOR A SEVENTH DEFENSE:

675.     The hours billed, rates charged, and expenses billed by Plaintiffs' counsel are not reasonable.

## AS AND FOR AN EIGHTH DEFENSE:

676.     Plaintiffs have not provided necessary supporting documentation to the DOE, and for this reason, the DOE cannot fully implement the underlying FOFDs.

AS AND FOR AN NINTH DEFENSE:

677.     Plaintiffs fail to satisfy the requirements for class certification as provided in Rule 23 of the Federal Rules of Civil Procedure.

AS AND FOR AN TENTH DEFENSE:

678.     The relief sought by Plaintiffs is unavailable to the extent it is duplicative of and/or inconsistent with the relief awarded in L.V. v. DOE, SDNY, Case No. 03 Civ. 9917.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            February 17, 2023

> **HON. SYLVIA O. HINDS-RADIX**
> Corporation Counsel
> of the City of New York
> *Attorney for Defendants*
> 100 Church Street
> New York, New York 10007
> (212) 356-0896
>
> By:      s/Jacquelyn Dainow
>          _____
>          Jacquelyn A. Dainow, Esq.
>          Assistant Corporation Counsel

To:      Ashleigh C. Rousseau, Esq.
         Brain Injury Rights Group, Ltd.
         *Counsel for Plaintiffs*
         (via ECF)