

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-1148
Email: jadainow@law.nyc.gov

February 14, 2023

**VIA ECF**
Honorable John P. Cronan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Donohue, et al. v. Banks, et al.*, Docket No. 22-cv-8998 (JPC)

Dear Judge Cronan:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the Defendants, New York City Department of Education (the "Department"), its Chancellor David C. Banks, and Brad Lander, the Comptroller of the City of New York (together, "Defendants") in the above-referenced action brought under the Individuals with Disabilities Education Act. I write to respectfully request that this Court issue an order directing the International Institute for the Brain ("iBrain") to comply with the subpoena served on it by Defendants by February 20, 2023, or else be held in contempt of court.

      This action concerns the pendency placements of eighteen students at iBrain, the private school the students-Plaintiffs attend for the 2022-2023 school year. In particular, the parties to this action have a dispute concerning what, if anything, is owed to Plaintiffs for transportation services, with Defendants arguing that for 14 students, they are required to pay for such costs only for days when transportation services were actually provided – that is, for days when these students-Plaintiffs attended iBrain in person. Thus, records evidencing the in-person attendance of these students-Plaintiffs is entirely relevant to Defendants' defense of this case and the extent of Plaintiffs' damages. Plaintiffs' counsel, however, has consistently represented that it does not possess any records showing such attendance. Accordingly, on January 12, 2023, Defendants served on iBrain a subpoena directing it to produce documents evidencing the in-person attendance of these 14 students-Plaintiffs by January 23, 2023.[1]

---

[1] The subpoena, including its attached exhibit, is annexed hereto as Exhibit "A."

On January 22, 2023, iBrain (through its counsel, Pryor Cashman LLP), served responses and objections to the subpoena[2] and refused to produce any documents.[3] On January 26, 2023, iBrain's counsel and I conducted a "meet and confer" via telephone during which I responded to iBrain's objections. Counsel advised that iBrain's attendance records do not differentiate between in-person or remote attendance. Then, and in subsequent emails (annexed hereto as Exhibit "C"), I requested that counsel advise whether iBrain records students' in-person attendance at all and, if so, on what kinds of documents (*e.g.*, invoices from a bus company). Rather than respond, iBrain continued to object, stating that a search for responsive records would be too burdensome. In an effort to clarify the subpoena and address counsel's concerns, I specifically advised that Defendants do not require production of *all* the kinds of records that demonstrate these students' in-person attendance, but rather *any* type of record that is sufficient to do so. Not only did counsel refuse to search for or produce any such records, counsel refused to even divulge whether any such records exist, information which her client would surely know and which could serve as the basis of a more limited or revised request.

FRCP 45(d)(2)(B)(i) provides that "[a]t any time, on notice to the commanded person, the serving party [of the subpoena] may move the court for the district where compliance is required for an order compelling production or inspection." FRCP 45(e) further provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *See Delta Air Lines, Inc. v. Lightstone Grp.*, LLC, 2021 U.S. Dist. LEXIS 98798, at *1, * 6 (S.D.N.Y. 2021) (rejecting argument that document production pursuant to a Rule 45 subpoena would be unduly burdensome and granting plaintiff's motion to compel); *Id.* at *4 ("Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26 . . . There is a 'relatively low threshold' for a party to show that the material sought is relevant to any claim or defense in the litigation'"). *See also In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007); *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, 2020 U.S. Dist. LEXIS 18298, at *5 (S.D.N.Y. Feb. 3, 2020) ("The information requested in the subpoena must be consistent with Rule 26(b)(1), meaning that the information must be relevant to the claims and defenses and proportional to the needs of the case"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of any non-privileged information 'that is relevant to any party's claim or defense.' Fed. R. Civ. P. 26(b)(1)"). Here, iBrain has refused to provide an adequate excuse for not obeying Defendants' subpoena, which seeks documents that are clearly relevant to the claims and defenses in this case.

On February 1, 2023, Plaintiffs filed their motion for summary judgment concerning their entitlement to transportation funding. Defendants' opposition papers and cross-

---

[2] A copy of the Response and Objections is annexed hereto as Exhibit "B."

[3] Despite Plaintiffs' inappropriate objection to Defendants serving a subpoena on iBrain in their January 18, 2023 letter (ECF No. 40) *after* previously stating that they do not take a position because they do not represent iBrain, this Court correctly declined to entertain that objection in its January 24, 2023 Order (ECF No. 43).

motion for summary judgment is due by March 1, 2023 (*see* ECF No. 51). Given the relevance of the subpoenaed records, iBrain's quick response to the subpoena is imperative.

        Therefore, Defendants respectfully request that the Court order iBrain to comply with Defendants' subpoena by February 20, 2023 or be held in contempt of Court pursuant to FRCP 45(e).

        I thank the Court for its consideration of this request.

        Respectfully,

        /s/ Jacquelyn Dainow
        Jacquelyn A. Dainow
        Assistant Corporation Counsel

cc: All counsel of record
    (via ECF)

    Stephanie Chery, Esq.
    Pryor Cashman LLP
    Attorney for iBrian
    (via email: schery@pryorcashman.com)

---

The request is denied without prejudice. The Court understands that the information Defendants seek will be relevant only if the Court finds that Defendants must reimburse Plaintiffs for transportation costs only for days on which the student-Plaintiffs attended school in person, and not for days on which the student-Plaintiffs attended remotely. However, because the Court might instead find that full reimbursement is due for all transportation costs, in which case the materials sought would be irrelevant, it would be premature and unduly burdensome to require iBrain to comply at this stage. Defendants may renew their request should the relevance of the materials sought be established by the Court's decision on the parties' motions for summary judgment.

SO ORDERED.
Date: February 21, 2023
New York, New York

        _____
        JOHN P. CRONAN
        United States District Judge