UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

PATRICK DONOHUE, as Parent and Natural Guardian of S.J.D., and PATRICK DONOHUE, Individually, et al.,

                          Plaintiffs,

   -against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education; NEW YORK CITY DEPARTMENT OF EDUCATION; and BRAD LANDER, in his official capacity as Comptroller of the City of New York,

                          Defendants.

------------------------------------------------------------------------- X

**PLAINTIFFS' RESPONSES TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT**

22-cv-08998 (JPC)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, Plaintiffs, by their attorney Ashleigh C. Rousseau, hereby respond to Defendants' Local Rule 56.1 Statement of Material Facts:

## Student M.B.

1. M.B.'s 2022/2023 entitlement to transportation by virtue of pendency is based on the prior year's FOFD, dated July 18, 2022, IH Case No. 210883. See Declaration of Jacquelyn Dainow, dated March 22, 2023 (Dainow Decl."), at Exhibit "A."

   **PLAINTIFFS' RESPONSE**: Undisputed.

2. In the July 18, 2022 FOFD, the IHO held: "the District shall pay for the Student's transportation services for the School Year pursuant to the Transportation Contract. The Transportation Company shall provide an itemization of transportation services provided pursuant to the transportation contract." *See Id*.

   **PLAINTIFFS' RESPONSE**: Undisputed.

3. From July 6, 2022 to July 18, 2022 pendency was based on the unappealed 2020/2021 FOFD, dated September 10, 2021, IH Case No. 196218. *See* Dainow Decl., at Exhibit "C."

   **PLAINTIFFS' RESPONSE:** Undisputed.

4. In the September 10, 2021 FOFD, the IHO held in relevant part: "the District shall pay for the Student's transportation services to iBrain for the 2020-21 school year, provided that the transportation company provides an itemization of transportation services actually provided to the Student." *See Id.*

   **PLAINTIFFS' RESPONSE:** Undisputed.

5. The pendency form dated August 11, 2022 inadvertently listed IH Case No. 196218 as the basis for pendency. *See* Dainow Decl., at Exhibit "B."

   **PLAINTIFFS' RESPONSE:** Undisputed.

## Student J.B.

6. For J.B., pendency is based on the prior unappealed FOFD, dated May 29, 2021, IH Case No. 185117. *See* Dainow Decl., at Exhibit "F."

   **PLAINTIFFS' RESPONSE**: Undisputed.

7. The May 29, 2021 FOFD requires DOE to "directly fund the costs of transportation of the student during the 2019-2020 and 2020-2021 school years . . . *to and from* the private program *that were actually provided*" (emphasis added). *See Id*.

   **PLAINTIFFS' RESPONSE**: Undisputed.

8. The mandates of this May 29, 2021, FOFD are codified in a pendency form dated September 27, 2022. *See* Dainow Decl., at Exhibit "E."

   **PLAINTIFFS' RESPONSE**: Undisputed.

## Student M.C.

9. For M.C., there is a pendency order that was issued on September 27, 2022. *See* Dainow Decl., at Exhibit "H."

   **PLAINTIFFS' RESPONSE:** Undisputed.

10. This pendency order was based on a prior unappealed final order dated November 01, 2021, IH Case No. 210829. *See* Dainow Decl., at Exhibit "I."

    **PLAINTIFFS' RESPONSE**: Undisputed.

11. In the November 01, 2021 FOFD, the IHO stated pendency is the full cost of transportation. *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

12. There is a 2022/2023 FOFD dated February 17, 2023, IH Case No. 228618, which superseded this pendency order. *See* Dainow Decl., at Exhibit "G."

**PLAINTIFFS' RESPONSE**: **<u>DISPUTED</u>**. Plaintiffs affirmatively state that pendency is not "superseded" by a subsequent FOFD. Plaintiffs affirmatively state that a subsequent FOFD such as the one in IH Case No. 228618, renders the district liable for M.C.'s private school costs under a theory of reimbursement in addition to a theory of pendency but does not alter M.C.'s pendency placement for the 2022-2023 school year. Plaintiffs affirmatively state that while the decision in IH No. 228618 would be the basis of pendency for M.C.'s 2023-2024 school year, the basis of his pendency for the 2022-2023 school year remains based on the November 01, 2021 FOFD.

13. In the February 17, 2023 FOFD, the IHO ordered, *inter alia*, that the DOE "pay any transportation costs related to transporting the Student *to and from* iBRAIN . . . " (emphasis added)[1]. *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student Z.C.

14. For Z.C., pendency is based on an unappealed FOFD, dated June 29, 2022, IH Case No. 224344. *See* Dainow Decl., at Exhibit "K."

    **PLAINTIFFS' RESPONSE**: Undisputed.

15. In the June 29, 2022 FOFD, the IHO states in pertinent part: "DOE shall pay for special education transportation . . . for the *actual number of days from April 2021 to June 2022 Student was transported* as supported by certified contemporaneous billing records" (emphasis added). *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

16. The June 29, 2022 FOFD is codified in the pendency form dated September 8, 2022. *See* Dainow Decl., at Exhibit "J."

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student A.D.

17. For A.D., pendency is based on the pendency order issued on September 26, 2022, IH Case No. 228632. *See* Dainow Decl., at Exhibit "L."

    **PLAINTIFFS' RESPONSE**: Undisputed.

18. The September 26, 2022 pendency order states in pertinent part: "the DOE shall fund Student's *door-to-door special transportation to and from Student's home and iBRAIN* . . . ." (emphasis added). *See Id*.

---

[1] Accordingly, DOE is only not contesting payment for transportation services up until February 17, 2023, for which payment has been processed.

**PLAINTIFFS' RESPONSE**: Undisputed.

# Student O.F.

19. For O.F., pendency is based on a pendency order dated October 28, 2022. *See* Dainow Decl., at Exhibit "N."

    **PLAINTIFFS' RESPONSE**: Undisputed.

20. The October 28, 2022 pendency order states that: "the DOE shall fund transportation for Student *to and from* The International Institute for the Brain" (emphasis added). *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

21. A final order was issued on February 13, 2023, IH Case No. 232559. *See* Dainow Decl., at Exhibit "M."

    **PLAINTIFFS' RESPONSE: <u>DISPUTED</u>**. Plaintiffs affirmatively state that the Parent filed a Verified Request for Review on March 27, 2023, thereby appealing the February 13, 2023 FOFD to the Office of State Review. Plaintiffs affirmatively state that because this case is currently on appeal, the FOFD (dated February 13, 2023) is not a final order. Pursuant to 20 U.S.C. §1415(i)(2)(B), the Parents have *at least* ninety (90) days to seek a review of the SRO's decision unless otherwise provided by State law. *See, e.g., Cave v. E. Meadow Union Free Sch. Dist*., 514 F.3d 240, 245 (2d Cir. 2008). Thus, Defendants are obligated to continue funding O.F.'s educational placement through the time to appeal.

22. The February 13, 2023 FOFD omitted any directives for DOE to fund transportation costs. *See Id*.

    **PLAINTIFFS' RESPONSE:** Undisputed.

23. In the February 13, 2023 FOFD, the IHO ordered: "IT IS HEREBY ORDERED, that the DOE shall fund an independent Neuropsychological Evaluation, from a qualified provider of Parent's choosing, at a reasonable market rate consistent with the rates that have been paid by the DOE's Implementation Unit for similar services within the six (6) month period prior to the date hereof, such payment to be made within thirty (30) days after submission of an invoice for services rendered, or if elected by Parent, as an alternative payment method, the DOE shall implement this Order by issuing a payment authorization for the Neuropsychological Evaluation within no more than five (5) business days after the DOE's receipt of Parent's submission of the details regarding Parent's provider; and provided further, that Parent shall provide the DOE with copies of the Neuropsychological Evaluation within ten (10) days of the date such report is completed." *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

24. The parent has served a Notice of Intent to Seek Review.

4

**PLAINTIFFS' RESPONSE**: Undisputed.

## Student D.O.

25. For D.O., pendency is based on an unappealed FOFD dated December 23, 2021, IH Case No. 207856. *See* Dainow Decl., at Exhibit "P."

    **PLAINTIFFS' RESPONSE**: Undisputed.

26. In the December 23, 2021 FOFD, the IHO states in pertinent part: "District shall fund the cost of tuition (including related services) for placement of Student at the private program *for the dates of attendance during the 2020/21 school year* (beginning February 2021) and for the 2021/22 school year. Funding shall include specialized transportation costs." (emphasis added). *See Id.*

    **PLAINTIFFS' RESPONSE**: Undisputed.

27. The December 23, 2021 FOFD is codified in a pendency form dated August 23, 2022. *See* Dainow Decl., at Exhibit "O."

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student S.J.D

28. For S.J.D., pendency is based on a pendency form dated October 4, 2021. *See* Dainow Decl., at Exhibit "R."

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that pendency is not based on a pendency form, but rather based on the most recent unappealed final order on S.J.D.'s placement. Plaintiffs affirmatively state that S.J.D's pendency form reflects her pendency placement but is not itself the basis of her pendency.

29. The pendency form codified the unappealed prior FOFD, IH Case No. 185111, dated May 22, 2021 (for the period July 7, 2021 through August 10, 2021) (See Dainow Decl., at Exhibit "S") and the unappealed prior FOFD in IH Case No. 19622, dated August 11, 2021 (for the period following 8/11/21) (*See* Dainow Decl., at Exhibit "T.").

    **PLAINTIFFS' RESPONSE**: **DISPUTED**, insofar as the IH Case No. for August 11, 2021 FOFD is 196228, not 19622.

30. In the May 22, 2021 FOFD, the IHO ordered the DOE to "directly fund the costs of transportation of the student *actually provided* at a rate not to exceed the rate payable under Medicaid for the student's 2019-2020 school year" (emphasis added). *See* Dainow Decl., at Exhibit "S."

    **PLAINTIFFS' RESPONSE:** Undisputed.

31. In the August 11, 2021 FOFD, the IHO ordered the DOE "to directly fund the costs of transportation of the student during the 2020-2021 school year at a fair market rate based on comparable transportation, utilizing a comparable vehicle with comparable accommodations for transportation services *to and from* the private program" (emphasis added). *See* Dainow Decl., at Exhibit "T."

    **PLAINTIFFS' RESPONSE**: Undisputed.

32. Pendency was superseded by a FOFD dated November 7, 2022, IH Case No. 210867. *See* Dainow Decl., at Exhibit "Q."

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that pendency is not "superseded" by a subsequent FOFD. Plaintiffs affirmatively state that a subsequent FOFD, such as the one in IH Case No. 210867, renders the district liable for S.J.D.'s private school costs under a theory of reimbursement in addition to a theory of pendency, but does not alter S.J.D.'s pendency placement for the 2022-2023 school year. Plaintiffs affirmatively state that while the decision in IH No. 210867 would be the basis of pendency for S.J.D.'s 2023-2024 school year, the basis of her pendency for the 2022-2023 school year remains based on the May 2021 and August 2021 FOFD's listed above.

33. In the November 7, 2022 FOFD, the IHO states in pertinent part: "ORDER: . . . (3) order that the district directly fund the costs of transportation of the student during the 2021-2022 and 2022-2023 school years . . . *to and from* the private program *that were actually provided* (if the district has funded the cost of transportation provided by the provider utilized here for any student during the preceding twelve months, utilizing substantially similar equipment and supports, the rate actually paid would constitute one possible basis for defining the fair market rate) (emphasis added)." *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student A.J.C.B.

34. For A.J.C.B., pendency is based on a pendency form dated August 23, 2022. See Dainow Decl., at Exhibit "V."

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that pendency is not based on a pendency form, but rather based on the most recent unappealed final order on A.J.C.B.'s placement. Plaintiffs affirmatively state that A.J.C.B.'s pendency form reflects his pendency placement but is not itself the basis of his pendency.

35. The pendency form codified the prior unappealed FOFD, IH Case No. 210926 dated May 21, 2022. See Dainow Decl., at Exhibit "W."

    **PLAINTIFFS' RESPONSE**: Undisputed.

36. In the May 21, 2022 FOFD, the IHO orders, *inter alia*, "that the district directly fund the costs of transportation of the student during the 2021-2022 school year . . . for transportation services to and from the private program *that were actually provided*" (emphasis added). *See Id.*

    **PLAINTIFFS' RESPONSE**: Undisputed.

37. Pendency was superseded by a FOFD dated October 20, 2022, IH Case No. 228674. See Dainow Decl., at Exhibit "U."

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that pendency is not "superseded" by a subsequent FOFD. Plaintiffs affirmatively state that a subsequent FOFD, such as the one in IH Case No. 228674, renders the district liable for A.J.C.B.'s private school costs under a theory of reimbursement in addition to a theory of pendency but does not alter A.J.C.B.'s pendency placement for the 2022-2023 school year. Plaintiffs affirmatively state that while the decision in IH No. 228674 would be the basis of pendency for A.J.C.B.'s 2023-2024 school year, the basis of his pendency for the 2022-2023 school year remains based on the May 21, 2022 FOFD.

38. In the October 20, 2022 FOFD, the IHO states in pertinent part: "IT IS HEREBY, ORDERED, that the New York City Department of Education shall directly pay Transportation Company for all costs and fees for the student's transportation *to and from* school, at a rate not to exceed $345 per trip" (emphasis added). *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student A.R.

39. For A.R., pendency is based on a pendency form dated August 29, 2022. *See* Dainow Decl., at Exhibit "Y."[2]

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that pendency is not based on a pendency form, but rather based on the most recent unappealed final order on A.R.'s placement. Plaintiffs affirmatively state that A.R.'s pendency form reflects her pendency placement but is not itself the basis of her pendency.

40. The purpose of this pendency form was to codify a prior unappealed FOFD, IH Case No. 203922, dated January 2, 2022.

    **PLAINTIFFS' RESPONSE:** Undisputed.

41. Upon information and belief, the DOE no longer plans to contest pendency in transportation from July 6, 2022 to October 4, 2022.

---

[2] DOE is currently reviewing, and plans to amend the August 29, 2022 pendency form to be consistent with underlying FOFD for Case No. 203922.

**PLAINTIFFS' RESPONSE**: Undisputed.

42. Pendency was superseded by a FOFD dated October 4, 2022, IH Case No. 228809. *See* Dainow Decl., at Exhibit "X."

    **PLAINTIFFS' RESPONSE: <u>DISPUTED</u>**. Plaintiffs affirmatively state that pendency is not "superseded" by a subsequent FOFD. Plaintiffs affirmatively state that a subsequent FOFD, such as the one in IH Case No. 228809, renders the district liable for A.R.'s private school costs under a theory of reimbursement in addition to a theory of pendency, but does not alter A.R.'s pendency placement for the 2022-2023 school year. Plaintiffs affirmatively state that while the decision in IH No. 228809 would be the basis of pendency for A.R.'s 2023-2024 school year, the basis of her pendency for the 2022-2023 school year remains based on the January 2, 2022 FOFD.

43. In the October 4, 2022 FOFD, the IHO states in pertinent part: "IT IS FURTHER ORDERED that the DOE shall fund the Student's round-trip, door-to-door special transportation services *to and from* the Attending School for the 2022-2023 school year…" (emphasis added). *See Id.*

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student R.N.

44. For R.N., pendency is based on a pendency form dated September 21, 2022. *See* Dainow Decl., at Exhibit "Z."

    **PLAINTIFFS' RESPONSE**: **<u>DISPUTED</u>**. Plaintiffs affirmatively state that pendency is not based on a pendency form, but rather based on the most recent unappealed final order on R.N.'s placement. Plaintiffs affirmatively state that R.N.'s pendency form reflects her pendency placement but is not itself the basis of her pendency.

45. The pendency form codified a prior unappealed FOFD in Case No. 223759, dated July 16, 2022. *See* Dainow Decl., at Exhibit "AA."

    **PLAINTIFFS' RESPONSE:** Undisputed.

46. In the July 16, 2022 FOFD, the IHO states in pertinent part: "[I]t is hereby ORDERED that: The New York City Department of Education is directed to fund the cost of the Student's transportation *to and from* iBRAIN during the 2021-2022 school year in accordance with the contract entered into by the Parent" (emphasis added). *See Id*.

    **PLAINTIFFS' RESPONSE:** Undisputed.

## Student N.A.

47. DOE is no longer contesting transportation payments for N.A. *See* Dainow Decl., at ¶ 12.

    **PLAINTIFFS' RESPONSE**: Undisputed.

## Student H.C.

48. DOE is no longer contesting transportation payments for H.C. *See Id*.

    **PLAINTIFFS' RESPONSE:** Undisputed.

## Student Y.N.

49. For Y.N., there was a FOFD issued on October 20, 2022. *See* Dainow Decl., at Exhibit "BB."

    **PLAINTIFFS' RESPONSE**: **DISPUTED**, insofar as this suggests that Y.N.'s pendency placement was altered by the October 20, 2022, FOFD. Plaintiffs affirmatively state that Y.N.'s pendency for the 2022-2023 school year is based on an unappealed FOFD dated 07/20/2022 in IH Case No. 225739. Plaintiffs affirmatively state that the FOFD issued October 20, 2022, does not alter Y.N.'s pendency placement for the 2022-2023 school year, but merely renders the district liable to fund Y.N.'s private school placement under a theory of IDEA funding in addition to a theory of pendency.

50. In the October 20, 2022 FOFD, the IHO (IH Case No. 228880) found that the DOE failed to provide Student a FAPE for the 2022-2023 school year, that the parent's placement of the student at the private school for the 2022-2023 school year was appropriate, and "ORDERED, the DOE directly fund Student's placement at the Private School for the 2022-2023 school year in the amount of $279,596.80; and ORDERED the DOE directly fund Student's special transportation in the amount set forth in the 'School Transportation Service Agreement' from July 6, 2022 through June 23, 2023, which represents the contractual period of time Student will attend the Private School for the 2022-2023 school year." *See Id*.

    **PLAINTIFFS' RESPONSE**: Undisputed.

51. The FOFD does not contain any finding that YN is entitled to nursing services. *See Id*.

    **PLAINTIFFS' RESPONSE**: **DISPUTED**. Plaintiffs affirmatively state that in the 228880 FOFD, the IHO acknowledges that Y.N. "also has a 1:1 nurse to attend to Student's healthcare needs, which includes monitoring for seizure activity," and ordered "DOE directly fund Student's placement at the Private School for the 2022-2023 school year." Plaintiffs affirmatively state that this order to fund Y.N.'s placement should be read to include nursing services.

52. The plain language of Y.N.'s iBrain enrollment contract states that the base tuition fee, which is $175,000, does not include individual nursing services – only a school nurse. *See* Dainow Decl., at Exhibit "DD."

    **PLAINTIFFS' RESPONSE**: Undisputed.

53. This enrollment contract also itemizes the supplemental tuition fees, which total $104,596.80, and does not include individual nursing services. Id.

**PLAINTIFFS' RESPONSE**: Undisputed.

54. Together, the base and supplemental tuition fees total $279,596.80.

    **PLAINTIFFS' RESPONSE**: Undisputed.

55. $279,596.80 is also the amount the IHO ordered DOE to pay for Y.N.'s placement at iBrain. *See* Dainow Decl., at Exhibit "BB."

    **PLAINTIFFS' RESPONSE**: Undisputed.

56. After an appeal by Y.N.'s parent, the SRO issued a decision on January 17, 2023. *See* Dainow Decl., at Exhibit "CC."

    **PLAINTIFFS' RESPONSE:** Undisputed.

57. In the January 17, 2023 SRO decision, the SRO dismissed the parent's appeal as untimely and upheld the IHO's decision. *See Id.*

    **PLAINTIFFS' RESPONSE**: **DISPUTED**, insofar as this suggests that the January 17, 2023 SRO decision is the final order on Y.N.'s 2022-2023 Due Process Proceedings. Plaintiffs affirmatively state that the time for Plaintiffs to appeal this SRO decision to district court has not yet expired, and thus, the SRO Decision (dated January 17, 2023) is not a final order.

Dated:  April 13, 2023
        New York, New York

Respectfully submitted,

    /s/
Ashleigh C. Rousseau, Esq. (5801923)
Brain Injury Rights Group, Ltd.
*Attorneys for the Plaintiff(s)*
300 East 95th Street, # 130
New York, New York 10128
ashleigh@pabilaw.org