BRAIN INJURY RIGHTS GROUP

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

January 3, 2024

**VIA ECF**

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: ***Donohue et al. v. Banks et al.*** **22-cv-08998 (JPC)**

Dear Judge Cronan:

  As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter. Plaintiffs write jointly with Defendants' Counsel per Your Honor's Order following the November 14, 2023, conference, directing the parties to "... submit a joint status letter to the Court by December 14, 2023, regarding the outstanding disputes on any payment owed to Student-Plaintiffs J.B. and R.N." On December 14, 2023, the Court extended the parties' time to file the joint status letter to January 3, 2024. ECF Dkt. No. 95.

  The issues discussed at the November 14 conference were raised in the parties' October 25, 2023, joint letter to the Court. ECF Dkt. No. 90. Before the conference, the Court directed the parties to "... submit a joint status letter explaining whether they believe there are any remaining issues for the Court to resolve in this case, and whether the Court should issue judgment." ECF Dkt. No. 85 Page 24 of 24. The parties' October 25 letter identified reimbursement for R.N.'s nursing and J.B.'s music therapy for the 2022–2023 school year as part of their pendency placements.

**Plaintiffs' Position**

  A. *Student-Plaintiff, R.N.—IHO Case No. 228885.*

  Plaintiffs are not seeking funding for R.N.'s 1:1 nursing service as pendency during the 2022–2023 school year.

  B. *Student-Plaintiff, J.B.—IHO Case No. 228581.*

  Plaintiffs have identified an outstanding balance of **$12,164.00** relative to J.B.'s pendency placement at iBRAIN for the 2022–2023 school year—specifically for music therapy.

  On July 6, 2022, Plaintiffs filed a Due Process Complaint ("DPC") in IHO Case No. 228581 for the 2022–2023 school year, challenging DOE's Individualized Education Program ("IEP") for J.B. for the 2022–2023 school year. The DPC alleged, *inter alia*, that J.B. "requires an intensive regimen of related services, delivered in 60-minute sessions, including occupational therapy (OT), physical therapy (PT), speech and language therapy (SL), assistive technology (AT), vision education services (VES), **and music therapy (MT)** in order to benefit from special education

1

instruction." The DPC also alleged that, for the 2022–2023 school year, "DOE failed to recommend music therapy, provided by a licensed music therapist, as a related service."

The Complaint here was initially filed on October 21, 2022, but was deficient and was refiled on October 24, 2022. See ECF Dkt. No. 1 and 6. At issue is the provision in the IDEA known as the "pendency" or "stay-put" provision, which requires that "during the pendency of any proceedings conducted pursuant to this section... the child shall remain in the then-current educational placement of the child......" *See* 20 U.S.C. § 1415(j); *R.S. by & through C.S. v. New York City Dep't of Educ.*, No. 21-CV-10596 (LJL), 2023 WL 2368987, at *2 (S.D.N.Y. March 6, 2023).

While the Complaint here did not specifically identify music therapy as one of the related services for which J.B. sought reimbursement, the DPC did.[1]

### i. *Pendency Placement for Student-Plaintiff J.B. - 2022–2023 School Year.*

20 U.S.C. § 1415(j) establishes "a student's right to a stable learning environment during what may be a lengthy administrative and judicial review." *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CV 9679 (NSR), 2018 WL 4103494, at *4 (S.D.N.Y. August 28, 2018); *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (citing *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466 (6th Cir. 1996)). § 1415(j) "requires a school district to continue funding whatever educational placement was last agreed-upon for the child until the relevant administrative and judicial proceedings are complete." *Avaras*, 2018 WL 4103494, at *4; *see T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014) (citing *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158 (2d Cir.), *supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004)).[2]

Whether or not the "then-current placement" for the student is the school designated in the IEP, the student has a right to remain in that school—to "stay-put"—and to have her education funded until the conclusion of the due process hearing or another pendency-setting event. *R.S. by and through C.S.*, 2023 WL 2368987, at *2. A claim for tuition reimbursement under the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP. *Araujo v. New York City Dep't of Educ.*, No. 20 CIV. 7032 (LGS), 2021 WL 1225503, at *2 (S.D.N.Y. April 1, 2021); *See DOE*, 790 F.3d at 453.[3]

---

[1] Given the limited aspect of this joint letter, all documents identified herein can be provided to the Court separately upon request.

[2] Pendency operates to ensure that "all handicapped children, *regardless of whether their case is meritorious or not*... remain in their current educational placement." *Avaras*, 2018 WL 4103494, at *4; *see*, *DOE v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015) (quoting *Mackey ex rel. Thomas M.*, 386 F.3d at 160) (internal quotations omitted); *E. Z.-L. ex rel. R.L. v. New York City Dep't of Educ.*, 763 F. Supp. 2d 584, 598–99 (S.D.N.Y. 2011), *aff'd sub nom. R.E. v. New York City Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012).

[3] Pendency placement and appropriate placement are separate and distinct concepts. *Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F. Supp. 2d 449 (S.D.N.Y. 2005); *Mackey ex rel. Thomas M.*, 386 F.3d at 162–62 ("A claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP.").

At the time the DPC for the 2022–2023 school year was filed, the basis for J.B.'s pendency placement/program was the unappealed Findings of Fact and Decision ("FOFD") of IHO John Farago in IHO Case No. 185117, dated May 29, 2021, which found that 1) DOE denied J.B. a FAPE for the 2020–2021 school year; 2) iBRAIN was an appropriate unilateral placement; and 3) equitable considerations supported a total award of direct payment of tuition and related services, including special transportation, for J.B. at iBRAIN during the 2020–2021 school year. The basis for J.B.'s pendency for the 2022–2023 school year was recognized by Defendants' pendency implementation form drafted by the DOE on September 27, 2023. ECF Dkt. No. 65–5.

J.B.'s due process proceedings for the 2021–2022 school year remained unresolved on July 6, 2022. The last agreed-upon placement for the purposes of pendency when the DPC was filed for the 2022–2023 school year was IHO Farago's FOFD in IHO Case No. 185117, dated May 29, 2021, relative to the 2020–2021 school year.

Once a pendency placement has been established, it can only be changed in one of four ways: (1) by an agreement of the parties; (2) by an unappealed administrative decision; (3) **by a decision of a state review officer ("SRO") that agrees with the child's parents that a change in placement is appropriate**; or (4) by determination by a court on appeal from an SRO's decision. *S.S. et al., Plaintiffs, v. NEW YORK CITY DEPARTMENT OF EDUCATION, Defendants.*, No. 20-CV-9394 (VSB), 2021 WL 3188323, at *1 (S.D.N.Y. July 28, 2021); *Student X v. New York City Department of Education.*, No. 07-CV-2316 (NGG) (RER), 2008 WL 4890440, at *20 (E.D.N.Y. October 30, 2008) (emphasis added).[4]

On August 31, 2022, IHO Leah Murphy issued an FOFD relative to the 2021–2022 school year in IHO Case No. 210833, finding that the DOE failed to meet its burden to show that it offered J.B. a FAPE for the 2021–2022 school year; that the parents failed to meet their burden to show that their unilateral placement of J.B. at iBRAIN was appropriate; that equitable considerations did not balance in favor of an award of full tuition reimbursement; and that the parent's request for transportation was denied. Plaintiffs appealed IHO Murphy's August 31 FOFD to the New York State Education Department's Office of State Review.

On January 5, 2023, SRO Sarah Harrington issued SRO Decision No. 22–138, reversing those portions of IHO Murphy's August 31 FOFD, which found that the parents did not meet their burden to prove that iBRAIN was an appropriate unilateral placement for J.B. for the 2021–2022 school year, and that equitable considerations warranted a reduction or denial of an award of tuition funding. SRO Harrington found iBRAIN was an appropriate unilateral placement for J.B. during the 2021–2022 school year and that equitable considerations weighed in favor of awarding the parents the relief they sought. SRO Harrington ordered the DOE to pay the total cost of the student's tuition at iBRAIN directly, including the supplemental tuition and the transportation

---

[4] A district must continue to fund a child's last agreed-upon placement unless and until a new placement is established by, *inter alia*, an unappealed administrative decision upholding the appropriateness of a change of placement, or by a court. *New York City Dep't of Educ. v. S.A. ex rel. N.A.*, No. 12 CIV. 1108 DLC, 2012 WL 6028938, at *1 (S.D.N.Y. Dec. 4, 2012). Any pendency placement may be superseded (1) if there is an agreement between the parties on placement during the course of a proceeding, whether or not it is reduced to a new IEP, *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 137 F.Supp.2d 83 (N.D.N.Y.2001), *aff'd,* 290 F.3d 476, 484 (2d Cir.2002), *cert denied,* 537 U.S. 1227, 123 S.Ct. 1284, 154 L.Ed.2d 1088 (2003); or (2) if an SRO reaches a decision that a child who has been unilaterally placed by her parents in a private school is entitled to tuition reimbursement. *Murphy,* 86 F.Supp.2d at 360. *See also, Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696–97 (S.D.N.Y. 2006).

services for the 2021–2022 school year. Supplemental services for the 2021–2022 school year included related services such as occupational therapy, physical therapy, Speech Therapy, vision services, assistive technology, parent counseling, and music therapy. The cost of music therapy for the 2021–2022 school year was $13,603.20 for the extended school year.[5] Defendants complied with SRO Decision No. 22–138 by making total payments for base tuition and all supplemental/related services—**including music therapy for the 2021–2022 school year.**[6]

SRO Decision No. 22–138 regarding J.B.'s 2020–2021 school year is a **state review officer's decision agreeing with J.B.'s parents that a change in her educational placement was appropriate—**it was a pendency-changing event. *S.S. et al., Plaintiffs*, 2021 WL 3188323, at *1; *Student X*, 2008 WL 4890440, at *20. While the brick-and-mortar location of J.B.'s educational program was still iBRAIN, the program that became J.B.'s pendency program for the 2022-2023 school year included music therapy, which J.B. received and DOE-funded for the 2021–2022 school year.

J.B. continued to receive music therapy during the 2022–2023 school year—individual music therapy twice weekly, and group music therapy once per week. The DOE claims it is not responsible for music therapy as a related service because 1) music therapy is not a related service, and 2) their pendency implementation form, dated September 27, 2022, does not include music therapy as part of J.B.'s pendency program for 2022–2023. DOE argues that J.B.'s pendency placement/program for the entire 2022–2023 school year was based on the May 29, 2021, FOFD issued by IHO Farago in IHO Case No. 185117, dated May 29, 2021, relative to the 2020–2021 school year.

However, the basis for J.B.'s pendency for the 2022–2023 school year became SRO Harrington's Decision No. 22–138, issued on January 5, 2023, relative to the 2021–2022 school year[7]—prospectively and retroactively to the beginning of the 2022–2023 school year.

### ii.   *Retroactive and Prospective Effect of SRO Decision No. 22–138.*

There is no question that, under the stay-put provision, a Plaintiff is entitled to prospective relief. *Avaras*, 2018 WL 4103494, at *6. Moreover, "a court may award various forms of retroactive... equitable relief, including reimbursement of tuition, compensatory education, and other declaratory and injunctive remedies." *Avaras*, 2018 WL 4103494, at *7.

---

[5] The cost of these supplemental/related services is outlined in a tuition affidavit dated August 21, 2021, which was part of the underlying IDEA hearings.

[6] As outlined in SRO Harrington's Decision No. 22-138, "The evidence in the hearing record shows that during the 2021-22 school year, the student attended a 12-month program in a 6:1+1 class and received five 60-minute sessions per week of individual OT, five 60-minute sessions per week of individual PT, five 60-minute sessions per week of individual speech-language therapy, **three 60-minute sessions per week of individual music therapy**, three individual 60-minute sessions per week of vision education services, one 60-minute session per week of individual assistive technology training, and the parents received one 60-minute session per month of parent counseling and training (Parent Exs. H at 44-45; M ¶¶ 12-15, 17)" (emphasis added). Dkt. No. 40-1 Page 12 of 18.

[7] *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354 (S.D.N.Y. 2000), *aff'd,* 297 F.3d 195 (2d Cir. 2002); *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476 (2d Cir. 2002); *Board of Educ. of Poughkeepsie City School Dist.*, 353 F. Supp. 2d 449; *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692 (S.D.N.Y. 2006); *Araujo v. New York City Dep't of Educ.*, No. 20 CIV. 7032 (LGS), 2023 WL 5097982 (S.D.N.Y. Aug. 9, 2023); *R.S. by and through C.S.*, 2023 WL 2368987.

4

Where an unduly delayed SRO decision in a prior proceeding results in a change in pendency, the parents are entitled to pendency tuition reimbursement from and after the date of the SRO's decision and may be equitably entitled to reimbursement from and after the date when the SRO should have entered his decision. *Arlington Cent. School Dist.*, 421 F. Supp. 2d at 701.

Indeed, the Court has recognized that the Second Circuit has reasoned that the equitable authority granted by 20 U.S.C. § 1415(i)(2)(C)(iii) authorized a district court to order a school district to provide funding for pendency starting not on the date when the administrative decision establishing pendency actually was issued, but on the date when it should have been issued under the governing regulations. *S.H.W. v. New York City Dep't of Educ.*, No. 21 CIV. 4808 (JPC), 2023 WL 2753165, at *6 (S.D.N.Y. March 31, 2023); *See Mackey ex rel. Thomas M.*, 386 F.3d 158.

Filing a DPC triggers a 30-day "resolution period," during which the DOE must have a settlement meeting with a parent or legal guardian within 15 days of receiving the DPC. 34 C.F.R. § 300.510(a); *see also* 20 U.S.C. § 1415(f)(1)(B). If DOE does not resolve the DPC to the parent's satisfaction by the close of the 30-day resolution period, or simply fails to hold a settlement meeting, the matter goes to an Impartial Hearing. 20 U.S.C. § 1415 (f)(1)(B)(ii); 34 C.F.R. § 300.510(b)(1). Federal regulations and New York State Education Law require an IHO to issue an FOFD no later than 45 days after the 30-day resolution period ends. 34 C.F.R. § 300.515(a); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5); *see also id.* §§ 200.5(j)(2)(v)(b), 200.5(j)(3)(iii)(b).

An IHO must fully hear and resolve the DPC within 75 days of filing. The aggrieved party must then file their Notice of Request for Review ("RFR") with the SRO and the opposing party no later than 40 days after receipt of the IHO's decision. N.Y. Comp. Codes R. & Regs. tit. 8, § 279.4(a). The appointed SRO must then render an SRO decision within 30 days of receiving the RFR. 34 C.F.R. § 300.515(b)-(c); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(2). In the ordinary course, the SRO has a maximum of 70 days from when the IHO issued the order to issue a decision.

In the ordinary course, the maximum time the DOE has to fully hear and resolve a DPC on both the IHO and SRO levels is 145 days. The DPC for the 2021–2022 school year in IHO Case No. 210833 was filed on July 6, 2021. Under applicable regulations and laws, SRO Decision No. 22–138 should have been issued no later than 145 days from July 6, 2021—the date the DPC for the 2021–2022 school year was filed. SRO Decision No. 22–138 should have been issued no later than November 28, 2021, which would have made it the basis of J.B.'s pendency when the 2022–2023 DPC was filed on July 6, 2022, triggering the IDEA's pendency provision—and would have included music therapy.

In *S.H.W.*, this Court recognized that under *Mackey*, a student's pendency placement, based on a previous year's FOFD, began not on the date the FOFD was issued but on the date the FOFD should have been issued. *S.H.W.*, 2023 WL 2753165, at *8. The same logic applies here. Given SRO Harrington's findings in SRO Decision No. 22–138, J.B.'s 2021–2022 educational

5

placement/program at iBRAIN was the basis of her pendency placement/program at the beginning of the 2022–2023 school year, when the DPC was filed.[8]

The proceedings relative to Plaintiffs' 2022–2023 DPC and due process proceedings do not impact Plaintiffs' argument, as they are still pending, and pendency is still applicable. On December 22, 2022, IHO Leah Murphy issued an FOFD regarding the 2022–2023 school year. IHO Murphy's December 22 FOFD was appealed to the Office of State Review. SRO Justyn P. Bates issued SRO Decision No. 23–017 on April 5, 2023, which, in turn, was appealed by the Plaintiffs to federal court in *Cornett, et al. v. Banks, et al.* 23-cv-06893, and is pending before the Honorable Judge Lorna Schofield.

With no final order for the 2022–2023 due process proceedings, SRO Decision No. 22–138 for the 2021–2022 school year remains the basis of J.B.'s pendency for the 2022–2023 school year and includes music therapy as a related service that the DOE must fund.[9]

There is an outstanding amount of **$12,164.00** relative to J.B.'s 2022–2023 school year for tuition, specifically for music therapy. Plaintiffs ask the Court to direct the DOE to fund all or part of the outstanding balance for J.B.'s music therapy as part of her pendency placement/program for the 2022–2023 school year.

**Defendants' Position**

At the conference on November 14, 2023, the Court cautioned Plaintiffs that their position with respect to J.B. was borderline sanctionable, specifically stating that Plaintiffs failed to plead this issue (*i.e.*, music therapy) and that it is not part of this case. At that same conference, Plaintiffs, seemingly agreed with the Court that the argument should be withdrawn. Remarkably, however, despite the above, Plaintiffs now renew their argument as to J.B. In light of same, Defendants' position is as follows.

With respect to J.B., there is no outstanding tuition owed to J.B. by DOE. The Due Process Complaint ("DPC") in this matter was filed on July 6, 2022. Pendency is based on an agreed-upon pendency form signed by both parties, dated September 27, 2022[10], which is based on an unappealed Findings of Fact Decision ("FOFD"), dated May 29, 2021. Pendency does not include music therapy. Plaintiff's argument that music therapy should be considered a related service is irrelevant to this issue, as the pendency form specifically delineates by name each service that is being agreed to as part of pendency. This includes Occupational Therapy (OT), Physical Therapy (PT), Speech Language Therapy (SLT), Vision services, Parent training, paraprofessional, nurse,

---

[8] Even if the Court does not consider the retroactive effect of SRO Decision No. 22-138 on J.B.'s Pendency for the 2022-2023 school year, the DOE should have funded music therapy from January 5, 2023, forward as part of J.B.'s pendency program/placement for the 2022-2023 school year.

[9] While the Court told Plaintiffs they were on dangerous ground at the November 14 conference, possibly on sanctionable ground, Plaintiffs' argument here is neither frivolous nor meritless—it is based on case law and legal precedents recognized by this Court for the same or similar propositions. Plaintiffs also expressed their willingness to drop the claim for music therapy at the November 14 appearance but were then given the opportunity to discuss the issue herein. The basis of J.B.'s pendency for the 2022-2023 school year changed after the Complaint in this matter was filed—its effect was prospective and retroactive. As such, DOE should have funded all or part of J.B.'s music therapy, as pendency, for the 2022-2023 school year, which is what Plaintiffs reported when asked if there were any outstanding issues following the Court's decision regarding the parties' summary judgment motions.

[10] Defendants can provide a copy of all the administrative orders referenced in this letter upon the Court's request.

6

and Assistive Technology, but does not include music therapy. There is no general term or catch-all "related service(s)" as part of pendency. J.B.'s case proceeded to FOFD, dated December 21, 2022. The FOFD denied all monetary relief for J.B, as did the State Review Officer ("SRO") decision dated April 5, 2023. J.B.'s parent had appealed the FOFD and, thus, tuition was due pursuant to pendency from July 1, 2023 through the date of the SRO decision on April 5, 2023, which is unappealed. As stated above, pendency for J.B. does not include music therapy. Therefore, the tuition for the 2022-2023 school year has been paid in full by DOE in the amount of $267,907.60, and there are no outstanding monies due. Further, and as noted by this Court, music therapy was never plead in Plaintiffs' Complaint. Thus, Plaintiffs' argument as to J.B. is irrelevant should not be considered.

In their position, Plaintiffs seem to make the argument that the pendency agreement, that was signed by *both* parties, should be overridden by an SRO decision for the 2021-2022 school year, issued subsequent to the filing of the instant DPC. This argument, however, fails. The pendency form, representing the agreed-upon pendency placement and program for the student, specifically omits music therapy. A subsequent SRO decision for a prior school year upon which pendency was not based will not supersede the parties' agreement from the time of filing of the DPC, as pendency consists of the "then-current placement", which "has been found to mean 'the last agreed upon placement at the moment when the due process proceeding is commenced.'" *Student X v. New York City Dep't of Educ.*, 2008 WL 4890440 (E.D.N.Y. October 30, 2008), *60, quoting *Arlington Centr. Sch. Dist. V. L.P.*, 421 F. supp. 2d 692, 696 (SDNY 2006).

Further, the cases Plaintiffs cite to purportedly support their argument are inapposite to the facts of this case. Specifically, Plaintiffs mainly rely on *S.S. et al., v. New York City Dep't Of Educ.*, 2021 WL 3188323 (S.D.N.Y. July 28, 2021) and *Student X* in arguing that that a pendency placement can be changed by a decision of a SRO that agrees with the child's parents that a change in placement is appropriate. Yet, in *S.S.*, the court held that "none of the[] four events that would prompt a 'pendency changing event' have happened." 2021 WL 3188323, at *2. Thus, this case has no bearing on the instant matter as the event relied upon by Plaintiffs herein did not even occur in *S.S.* Further, in *Student X,* the court held that the FOFD from two years prior determined the student's pendency placement and was unaffected by a subsequent SRO decision for one year prior, issued after the filing of the DPC at issue. 2008 WL 4890440, at *63, 65. The court in *Student X* also states in dicta that the language of 34 CFR 300.518(d), the regulation relied on by Plaintiffs in the instant case and by the defendant in *Student X*, is not directly applicable to states with two-tier administrative review, such as New York State. *Id* at *63. Since the Court in *Student X* neither considers the situation at issue in the instant case nor discusses the modifications to 34 CFR 300.518(d) for two-tier review states, *Student X* is equally irrelevant to the case at bar.

Notwithstanding, contrary to what Plaintiffs will have this Court believe, Plaintiffs cannot retroactively claim that pendency has changed having not first gone through the appropriate channels to actually effectuate that change. In both cases discussed above that Plaintiffs rely on, it appears that the parties raised their pendency arguments at the administrative level. Here, Plaintiffs could have raised this issue at the administrative level, but failed to do so; thus, any such argument now also fails. Specifically, Plaintiffs never gave DOE the opportunity at the administrative level to respond to a claim that pendency should be changed, and never permitted the IHO to rule on such an issue. This is especially important in light of the fact that even the SRO decision for the 21-22 school year, that Plaintiffs claim changed the Student's pendency placement

mid-impartial hearing, does not specifically award music therapy. Plaintiffs contend for the first time in this letter that the 21-22 SRO decision included an award of music therapy and, therefore, music therapy would be a part of the Student's 22-23 pendency program. However, this is not clear from the face of the SRO decision, and Plaintiffs have failed to raise the issue at the administrative level where this issue could have been heard by the IHO. Accordingly, Plaintiffs cannot now retroactively state that pendency shifted when (a) that issue was never properly raised at the administrative level, and (b) the parties already have a binding agreement in place.

In light of the foregoing, Defendants respectfully request that Your Honor reject Plaintiffs arguments and issue an Order that tuition has been paid in full for J.B. and, thus, no payment is due and owing.

With respect to R.N., as represented by Plaintiffs, nursing services are no longer at issue.

Lastly, as per this Court's Decision and Order on the parties' summary judgment motions, dated September 30, 2023 (ECF No. 85), Plaintiffs were to submit to DOE paperwork reflecting the days of the following students' actual attendance at school so DOE can process the reimbursements: M.B. (for July 6, 2022 through July 18, 2022), J.B., S.J.D., Z.C., and D.O. At the conference on November 14, 2023, the Court directed Plaintiffs to include an update in the instant letter as to the status of providing DOE with this paperwork. To date, Plaintiffs still have not provided DOE with an update or the paperwork.

In following with the above, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.

The parties thank the Court for its consideration and courtesy in this matter.

Respectfully submitted,

*Rory J. Bellantoni*

Rory J. Bellantoni (RB2901)



Cc:   All counsel of record via ECF.