UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PATRICK DONOHUE, as Parent and Natural
Guardian of **S.J.D.** and **PATRICK DONOHUE**,
Individually, *et al.*,

              Plaintiffs,

-against-                                                                22-cv-08998 (JPC)

**DAVID C. BANKS,** in his official capacity as
Chancellor of the New York City Department of                **PROTECTIVE ORDER**
Education; and the **NEW YORK CITY
DEPARTMENT OF EDUCATION**; and **BRAD
LANDER**, in his official capacity as Comptroller
of the City of New York,

              Defendants.
------------------------------------------------------------------X

    **WHEREAS**, on December 16, 2024, the Court directed the parties to this action to submit a joint proposed protective order by 5:00 p.m. on December 17, 2024, to protect the confidentiality of certain nonpublic and confidential material contained in the Students' session notes to be provided to the Court and Defendants' counsel by December 17, 2024, for a hearing currently scheduled for January 7, 2025, at 10:00 a.m.; and

    **WHEREAS**, the Court finds that good cause exists for issuing an appropriately tailored confidentiality order governing the disclosure of the Students' session notes,

    **IT IS HEREBY ORDERED** that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing the session notes, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order the Students' session notes shall not disclose the session notes except as expressly permitted hereunder.

2. The Students' session notes may not be used or disclosed for any purpose other than this litigation. Counsel shall take all responsible steps to ensure that persons receiving or viewing the session notes do not use or disclose such information for any purpose other than this litigation.

3. Each person who has access to the Students' session notes shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4. The parties and their attorneys shall be permitted to use or disclose the session notes to prosecute or defend this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, accountants, witnesses, court personnel, court reporters, and other entities or persons involved in the litigation process.

5. This Protective Order shall survive the termination of the litigation.

6. Within 30 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of the session notes shall promptly return the session notes to the Plaintiffs or destroy any and all copies of the session notes, except that counsel are not required to secure the return or destruction of session notes submitted to the Court.

7. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

The parties shall comply with Individual Civil Rule 4, which governs redactions and sealed findings.

December 17, 2024  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge