

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T%%HE%% C%%ITY%% %%OF%% N%%EW%% Y%%ORK%%<br>**L%%AW%% D%%EPARTMENT%%**<br>100 C%%HURCH%% S%%TREET%%<br>N%%EW%% Y%%ORK%%, NY 10007 | **Maxim Maiello**<br>Assistant Corporation Counsel<br>Phone: (212) 356-2082<br>Email: mamaiell@law.nyc.gov |

March 17, 2025

<u>VIA ECF</u>

Honorable John P. Cronan
United States District Court Judge
United States District Court, Southern District of N.Y.
500 Pearl Street
New York, NY 10007

    Re:   Donohue et al v. Banks et al
           Case No: 22-cv-08998-JPC

Dear Judge Cronan:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendants New York City Department of Education (the "Department"), its former Chancellor, David C. Banks, and Brad Lander, the Comptroller of the City of New York ( collectively "DOE") in the above-referenced action brought under the Individuals with Disabilities Education Act. I write to update the Court as to the status of filing a proposed judgment. <u>See</u> ECF No. 113. Following the January 2025 hearing of iBrain Director Mielnik and receipt of updated parent declarations from Plaintiffs, the Court had directed the DOE to indicate whether an additional evidentiary hearing is necessary in light of the declarations, and if not, whether the parties wish to submit post-hearing briefing.

      The DOE does seek an additional evidentiary hearing, as the updated parent declarations and underlying ambiguous session notes remain insufficient to establish attendance for transportation reimbursement for 2023-2024. The updated parent declarations carry the same risk of perjury and faulty parental memory as did the original declarations, which the Court expressed concern over at the December 2024 conference. <u>See</u> as example, the original and updated parent declarations pertaining to student S.J.D., received from iBrain counsel, excluding its exhibit transportation contract, and attached hereto as **EXHIBIT A**; <u>see also</u> ECF 122, the transcript of the December 2024 hearing, at 13:13-16:10.

      Additionally, the revised declarations are merely a tactic by Plaintiffs to refine their previously insufficient declarations in an attempt to refocus on Mr. Mielnik, whose knowledge of this issue is based solely on the session notes, which the DOE maintains are insufficient. Even after Mr. Mielnik's testimony, the session notes are unclear, contradictory, and riddled with "clerical errors" that go to the substance of those records.

      Despite having been afforded many opportunities to provide sufficient proof of in-person attendance over the past eighteen months, Plaintiffs have been unable to do so, which has continued

with the insufficient updated parent declarations. Following the Court's direction for the DOE to indicate if there needs to be a hearing, the DOE firmly believes that there does need to be hearing testimony by the parent-declarants based on the insufficient updated parent declarations.

      Thank you for your consideration in this matter.

Very truly yours,

*Maxim Maiello*

Maxim Maiello
Assistant Corporation Counsel

cc:    All parties via ECF

> By March 25, 2025, the parties shall confer and propose dates, in a joint letter to the Court, for an evidentiary hearing at which all parents would be able to testify. By that same date, Plaintiffs shall submit the updated parent declarations to the Court. Plaintiffs may rest on those declarations for direct examination.
>
> SO ORDERED
> March 18, 2025
> New York, New York
>
>                                                       JOHN P. CRONAN
>                                       United States District Court